

261 Madison Avenue, 26th Floor<br/>
New York, New York 10016<br/>
(212) 972-7040 (o) • (212) 922-1939 (f)<br/>
www.FSFLLP.com<br/>
<br/>
<br/>
**DANIEL J. SCHNEIDER***<br/>
**DSCHNEIDER@FSFLLP.COM**

November 21, 2022

<u>Via ECF</u>
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East, Courtroom 6C-S
Brooklyn, New York 11201

  Re: Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)
     Case No. 1:22-cv-05686 (KAM)(VMS) — *Justin Lanasa et al. v. Erik Stiene*

Dear Judge Matsumoto:

  This office represents Defendant Erik Stiene in this action. We write to request a pre-motion conference regarding Defendant's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and Rule III(B) of Your Honor's individual practices. Defendant proposes the following briefing schedule: Moving papers by December 5, 2022; Opposition papers by December 19, 2022; and Reply papers by December 26, 2022. In light of this anticipated motion to fully dispose of this action, I respectfully request the Initial Conference scheduled for January 25, 2023 and order directing a Joint Proposed Case Management Plan (CMP) be held in abeyance until after this motion is decided.

  This lawsuit stems from Plaintiff Lanasa's conscious involvement in public controversy (*e.g.*, as a public figure repeatedly running for public office), engagement in myriad forms of inappropriate conduct, and invitation attention from the public and Defendant (*e.g.*, by publicly harassing Defendant and, upon information and belief, mailing feces to Defendant's home). Such conduct by Plaintiff Lanasa also includes distribution of reprehensible racist materials, open affiliation with individuals who publicly disseminate vile pro-Nazi and white supremacist materials, and other forms of conduct that we respectfully submit render Plaintiffs defamation-proof. Naturally, the internet is replete with criticism of Plaintiff Lanasa's conduct, a small portion of which comprises criticism of Plaintiffs by Defendant. Although Defendant has endured extensive and patently-actionable misconduct by Plaintiffs, Defendant would prefer to refrain from burdening the Court with disagreements between the parties, move to dismiss this meritless action with prejudice, and get on with his life.

  Plaintiffs' Complaint largely constitutes directives inviting this Court to watch hours of YouTube videos (mischaracterized and misquoted throughout the Complaint) and opine as to whether Your Honor observes any claim upon which relief could be granted. Although applicable page limitations proscribe recitation of all bases for dismissal with prejudice, a few are summarized below.[1]

---

[1] Arguments not addressed herein include, e.g., notation of dates provided in the Complaint that render various alleged statements time barred, as well as a failure of non-Lanasa Plaintiffs to articulate bases for their participation in this action.

*Admitted in New York, Illinois<br/>California and Massachusetts

**FARBER SCHNEIDER FERRARI LLP**

November 21, 2022
Page 2 of 3

## DEFAMATION

Plaintiffs' defamation claims fall within New York's recently-amended anti-SLAPP law,[2] and because Plaintiff Lanasa is, at minimum, a limited-purpose public figure, Plaintiffs must plausibly allege Defendant acted with actual malice to sustain their claim.[3] A defamation complaint "us[ing] actual-malice buzzwords" that are not "backed by well-pled facts" cannot survive a motion to dismiss.[4] Plaintiffs' defamation *per se* claims, *e.g.*, one passing reference to "criminal history" also do not constitute any of the "four types of statements . . . per se actionable under New York law: those that 'imput[e] unchastity to a woman,' assert that a plaintiff has a 'loathsome disease,' tend to injure him in his profession, or charge a plaintiff with a serious crime."[5] Statements that "fail to portray . . . a serious crime" are not "per se actionable."[6] Because Plaintiffs have failed to plead any *facts* that, even if true, could establish Defendant made any statement about any Plaintiff that was defamatory, known to be false, and/or made while entertaining serious doubts regarding its truth, Plaintiffs defamation claims must be dismissed.[7] "Truth" is also "an absolute defense to an action based on defamation."[8] To the extent Plaintiff Lanasa attempts to characterize a passing reference to "criminal history" as defamatory, Defendant avers, upon information and belief, that Plaintiff Lanasa has been convicted of at least one crime. Finally, Defendant plans to invoke "the libel-proof plaintiff doctrine," which applies when "there is little or no harm to a plaintiff's already low reputation," in which case, "the claim should be dismissed."[9]

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

As an initial matter, most of Plaintiffs' IIED claims are ripe for dismissal by virtue of the fact that they are almost invariably predicated solely upon allegations of defamation that fail for various reasons, including those recited *supra*.[10] Plaintiffs remaining IIED claims, which appear to include

---

[2] N.Y. Civ. Rights L. § 76-a; *Palin v. NY. Times Co.*, 510 F. Supp. 3d 21, 26 (S.D.N.Y. 2020) (a "federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision"). *See also Coleman v. Grand*, 523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021).

[3] "Limited-purpose public figures . . . must show that the statements were made with 'actual malice'—that is, with knowledge that the statements were false or . . . reckless disregard as to their falsity." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015); *see also McDougal v. Fox News Network*, LLC, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020).

[4] *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279-80 (S.D.N.Y. 2013), aff'd, 807 F.3d 541 (2d Cir. 2015), and aff'd, 622 F. App'x 67 (2d Cir. 2015).

[5] *Oakley v. Dolan*, 833 F. App'x 896, 900 (2d Cir. 2020); *see also Tagliaferri v. Szulik*, 2016 U.S. Dist. LEXIS 68732, at 2-4 (S.D.N.Y. May 25, 2016) (describing "Plaintiff as a 'predator' who defrauded his father" and "accused Plaintiff of 'criminally fraudulent behavior'" nonetheless "failed to allege slander per se.").

[6] *Oakley v. Dolan*, 833 F. App'x 896, 900-01 (2d Cir. 2020) (cleaned up).

[7] We are mindful of the fact that federal courts do not recognize the heightened state law procedural requirements established by N.Y. CPLR 3211(g) in deciding motions to dismiss. *See, e.g., La Liberte v. Reid*, 966 F. 3d 79 (2d Cir. 2020); *Carroll v. Trump*, 590 F. Supp. 3d 575 (S.D.N.Y. 2022) (citing *La Liberte* and finding "CPLR 3211(g) . . . inapplicable in federal court"). Thus, we are proceeding under the standards associated with Fed. R. Civ. P. 12(b)(6).

[8] *Heins v. Board of Trustees of Inc. Vil. of Greenport*, 237 A.D.2d 570, 571 (2d Dept. 1997); *Goldberg v. Levine*, 97 A.D.3d 725, 726 (2d Dept. 2012); *see also Biro v. Condé Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012), quoting *Guccione v. Hustler Mag., Inc.*, 800 F.2d 298, 301 (2d Cir. 1986) ("If an allegedly defamatory statement is 'substantially true,'" the claim should be "dismissed.").

[9] *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 352 (S.D.N.Y. 1998) (granting motion to dismiss defamation claims after taking judicial notice of plaintiff's criminal record) (internal quotations omitted).

[10] *See, e.g.,* Compl. ¶ 36 ("As a result of said defamation . . . LANASA continues to suffer from . . . severe and extreme emotional distress"), ¶ 39 (alleging IIED "as a result of the defamatory statements"), ¶ 46 ("defamatory . . . caused" IIED); *see also Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 214 (W.D.N.Y. 2013) ("Defamatory statements are generally not

**FARBER SCHNEIDER FERRARI LLP**

November 21, 2022
Page 3 of 3

only allegations that Defendant: stated "I already know your address; I already know your fucking phone number; I know your wife's phone number" and posted "images of [Plaintiff Lanasa's] wife and minor child,"[11] even if true, fall materially short of the applicable IIED pleading requirements.

Much more severe allegations have been deemed incapable of surviving 12(b)(6) motions in this Circuit.  For example, an extremely inappropriate remark directing a female colleague "to get your knee pads out and," followed by explicit and highly graphic directives, were deemed insufficient to state an IIED.[12]  The use of vile religious and ethnic slurs were similarly deemed inadequate to state an IIED claim, which requires more than "mere insults, indignities, and annoyances."[13]  The factually defective nature of Plaintiffs' claims provide several additional bases for dismissal.  For example, the video Plaintiff Lanasa cites as evidence Defendant "posted . . . images of his wife and minor child" to "threaten" him notably omits mention of the fact that the only image shown was Plaintiff Lanasa's wife's own profile picture, which is displayed by default on her public posts directed to Defendant, as well as Defendant's public response to such posts.  This example typifies the misleading and frivolous nature of Plaintiffs' claims.

## AMOUNT IN CONTROVERSY

"Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . 'at the time the action is commenced'"[14]  Conclusory claims "that damages . . . placed the amount in controversy over the jurisdictional amount failed" when "damages were not ascertainable at the time of filing, and thus, th[e] claim was speculative at the time of filing."[15]  Here, Plaintiffs have specified *$0* in damages and included nothing more than a "boilerplate statement that [their] claims satisfy the amount in controversy" which "sheds no light on the actual amount of damages"[16] and accordingly, constitutes another independent ground for dismissing this action.

We thank the Court for its time and consideration.

Respectfully submitted,

FARBER SCHNEIDER FERRARI LLP

By: _____
Daniel J. Schneider

cc:     Counsel of record; Hon. Vera M. Scanlon, U.S.M.J. (via ECF)

---

sufficiently extreme and outrageous to support an IIED claim").  "Similarly, false accusations of criminal conduct generally do not rise to the level of extreme and outrageous conduct that is necessary to support an IIED claim." *Id.*
[11] Compl. ¶¶ 55-56.
[12] *Nunez v. A-T Fin. Info.*, 957 F. Supp. 438, 442 (S.D.N.Y. 1997).
[13] *Leibowitz v. Bank Leumi Trust Co.*, 152 A.D.2d 169, 171, 548 N.Y.S.2d 513 (2d Dep't 1989); *see also Margolies v. Rudolph*, No. 21-CV-2447-SJB, 2022 U.S. Dist. LEXIS 103369, 30 (E.D.N.Y. June 6, 2022) ("conclusory allegation[s]" of suffering "mental anguish and severe psychological and emotional distress" are "facially insufficient to sustain" an IIED claim).
[14] *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 205 (S.D.N.Y. 1998), quoting *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).
[15] *Maitland v. Lunn*, No. 14-CV-5938(JS)(AKT), 2017 U.S. Dist. LEXIS 40467, at 1 (E.D.N.Y. Mar. 21, 2017).
[16] *Parker v. Riggio*, 2012 U.S. Dist. LEXIS 110653, at *23 (S.D.N.Y. Aug. 3, 2012).