LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313

SOMERS, NY 10589-2305

TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

November 28, 2022

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C-S
Brooklyn, New York 11201

Re: <u>*LaNasa, et al.  v. Stiene*</u>, 22-cv-5686

Your Honor:

  This law firm represents the Plaintiffs in the above-captioned action, and I submit this Letter in Response to the Letter Motion filed by counsel for the Defendant.  ECF No. 14.

<u>Underlying Facts</u>

  On September 24, 2022 the Verified Complaint was filed with this Court.  ECF Nos. 1, 2.  At the same time a Summons was filed, which was endorsed by the Clerk on September 24, 2022.  ECF Nos. 3, 4, 7.  Jurisdiction was based upon diversity grounds (28 U.S.C. § 1332), and Plaintiff is located in North Carolina, and the named Defendant, Erik Stiene, is a resident of Queens, NY.  See Verified Complaint at ¶ 11.

  On September 28, 2022 the Summons and Complaint were duly served upon the Defendant.  See Affidavit of Service, ECF No. 8.  As such, any Answer was due to be filed and served on or before October 19, 2022.  *Ibid*.

  On October 5, 2022 the Court issued the first Scheduling Order, which was duly served upon the Defendant on October 8, 2022.  ECF Nos. 9, 10, 11.

  On or about October 14, 2022 Attorney Schneider contacted counsel for the Plaintiffs and requested an extension of time within which to file his Answer or any Motion applicable at this stage of the proceedings.  After some discussion between counsel[1] the parties entered into a Stipulation, which was filed, along with a Motion for an Extension, with the Court on October 17, 2022.  ECF No. 13.  See <u>Exhibit A</u>.  This was endorsed by the Court in a Docket entry on that same date as follows:

---

[1] It is standard practice for Plaintiffs' counsel to act reasonably and accommodate opposing counsel when a request for an extension is made.  This has been his practice for more than forty-five years of practice, however, this is so as long as the accommodation is one that is not abused (as in the case at Bar).

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page two

| 10/17/2022 | ORDER re 13 Motion. Defendant Erik Stiene's request for Extension of Time Until November 21, 2022, to Respond to the Complaint, 2 Supplemental Complaint is Granted. Ordered by Judge Kiyo A. Matsumoto on 10/17/2022. (SW) (Entered: 10/17/2022) |
|---|---|

   It is important to note that between the filing of Attorney Schneider's Motion and the attached Stipulation on October 14, 2022, and the filing of the Defendant's Letter Motion on November 21st, 2022, there was no contact, whatsoever, by Attorney Schneider with counsel for the Plaintiffs — no request for additional time, no request for any information, no update as to the status of the Answer or any Motion, no indication of any intent on filing a Rule 12 Motion or a planned request for an Initial conference: no telephone calls, emails, texts, written correspondence — complete and total "radio silence".

   The language of this Stipulation is essential to the Court's ruling on Attorney Schneider's Letter Motion of November 21, 2022.   It states as follows:

> IT IS HEREBY STIPULATED that the time for the Defendant ERIK STIENE to answer, amend or supplement the answer as of course, or to make any motion with relation to the summons or to the complaint in this action, be and the same hereby is extended from on or about the 21st day of October 2022, to and including the 21st day of November 2022.

   The language is unequivocal, and sets a definite date upon which the Defendant's counsel must either Answer or "make any motion".

   The accompanying Letter Motion merely re-iterated the terms of the Stipulation, and the only qualifying language contained in the Motion was that if there were any "scheduled dates" that conflicted with the agreed upon return date, counsel for the Defendant would "supplement this letter application"  See ECF No. 13.  No notice of any such conflict was ever received nor was any "supplement[ary] letter application" ever made to Plaintiffs' counsel or the Court.
     .
<u>The Court Should Deny the Request for Additional Time and Treat the Letter as Efiled on November 21, 2022 as Defendant's Rule 12(b) Motion in its Entirety</u>

   At the outset, the Letter Motion of Defendant's counsel violates this Court's own rules.  Part II.E. of the Rules deals with requests for adjournments.  Relevant language is as follows:
> **E. Requests for Adjournment or Extension of Time:  . . .  All requests for adjournments of conferences or extensions of time must be made in writing, at least two business days in advance of the deadline or scheduled appearance and must be filed by ECF**, and must state (1) the original date; (2) the reason for the request; (3) how much additional time is needed; (4) the number of previous requests for adjournment or extension by either party and whether

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page three

>these previous requests were granted or denied; (5) that the requesting party first conferred with all other parties to discuss alternative, mutually agreeable dates; (6) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and if so, (7) mutually agreeable proposed alternative dates. . . .

Emphasis in original.

Attorney Schneider has observed this Rule only in the breach. First of all, his Motion for an extension was not filed "two business days in advance of the deadline". The deadline was November 21, 2022, and that was the date on which his Motion was filed, not on November 17th, as the Rule mandates.[2] Secondly, he provides absolutely no reason whatsoever for his request. His Motion sets forth proposed dates, his interpretation of the "facts", and a legal argument. At no time does he explain "the reason for the request". Thirdly, at no time did Attorney Schneider "confer[] with all other parties to discuss alternative, mutually agreeable dates, . . ." As set forth above, between the time of the filing of the Stipulation and November 21, 2022 there was no communication between the parties. Counsel for the Plaintiff fully anticipated an Answer or Motion on or before November 21, 2022, and had no reason to think otherwise. Fourthly, the dates arbitrarily selected by Attorney Schneider are not convenient for Plaintiffs' counsel, though Plaintiffs' counsel would not have agreed, in any event, to an extension of time. The only "mutually agreeable" dates were those in the Stipulation, which should be binding on all parties (and upon which Plaintiffs' planned his schedule). See discussion below. Further, as noted above Attorney Schneider's Motion contains no statement as to whether Plaintiff's counsel "consent[ed]", as there was never a request made to Plaintiff's counsel as the Rules require.

Thus, based upon this Court's Rules alone, it should deny Defendant's counsel's Letter motion in its entirety in so far as a request is made for an extension.

Even more to the point is that the Court should hold that the mutually agreed upon Stipulation should be fully enforced as to Attorney Schneider and his client.

It is fundamental that "[s]tipulations bind parties like a contract." *Energy Partners, Ltd. v. Ptero-Ventures, Inc.*, 2010 WL 115388413 at *1 (E.D. La. Nov. 3, 2010). This is a principle, analogizing a stipulation to a contractual agreement among the parties, endorsed by many courts. *See, e.g., Farrell v. Comm'r of Internal Revenue*, 136 F.3d 889, 894 (2d Cir. 1998); *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 403 Fed. App'x 164, 165-66 (9th Cir. 2010); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996) ("negotiation of a contract or a stipulation which is treated like a contract"). As one court has observed,

---

[2] The fact that this two-business day notice is in boldface implies that this is a priority of the Court, yet, nevertheless, ignored by Defendant's counsel.

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page four

> "Normally a party is bound by his stipulations as a 'stipulation among the parties to a lawsuit is akin to a contract." *Rathborne Land Co., L.L.C. v. Ascent Energy, Inc.*, 610 F.3d 249, 262 (5th Cir. 2010) (quoting *United States v. McKinney*, 758 F.2d 1036, 1047 (5th Cir. 1985)).  Like a contract, a stipulation "must be interpreted in light of the circumstances under which [it] was made, and it "binds parties only to the terms actually agreed upon." *Rice v. Glad Hands, Inc.*, 750 F.2d 434, 438 (5th Cir. 1985).

*Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.*, 2021 WL 2772808 at *14 (W.D. Tex. Apr. 28, 2021).

More to the point, as the Supreme Court has described it, an attempt to avoid the terms of a stipulation is "unseemly".  *Christian Legal Soc'y, Hastings College of Law v. Martinez*, 561 U.S. 661, 678 (2010).[3]

In accord see *Health Net of Arizona, Inc. v. Burwell*, 2015 WL 535530 at *8 (D. Ariz. Feb. 10, 2015).

And, as the courts of New York have made it unequivocally clear, "[a] stipulation is a contract between the parties and is, therefore, governed by the principles of contract law for interpretation and effect . . ." *Matter of Caruso v. Ward*, 146 A.D.2d 22, 29, 539 N.Y.S.2d 313 (1st Dep't 1989).  See also *In re Talbot*, 104 A.D.3d 775, 777, 960 N.Y.S.2d 485 (2d Dep't 2013) ("a stipulation is an independent contract which is subject to basic principles of contract law"); *Trustco Bank New York v. S/N Precision Enterprises Inc*., 234 A.D.2d 665, 667, 650 N.Y.S.2d 846 (3d Dep't 1996).  And, furthermore, a court may not vary the terms of a contract, *i.e.*, a stipulation may not be judicially amended, to "allow equitable considerations to obviate that which <u>should have been foreseen and guarded against</u>." *Caruso*, supra, 146 A.D.2d at 29-30 (emphasis added), citing to *Breed v. Insurance Co. of North Am.*, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352 (1978).  It further matters not a whit what the subject or purpose of the stipulation is, as "any stipulation in writing or in open court is nonetheless binding on the parties." *546 West 156th Street HDFC v. Smalls*, 2003 WL 23109708 at *3 (Civ. Ct. N.Y. Co. Oct. 17, 2003), *rev'd on other grnds.* 43 A.D.3d 7 (1st Dep't 2007).  In accord see *In re Chemtura Corp.*, 2009 WL 10671580 at *15 (Bankr. Ct. S.D.N.Y. Apr. 29, 2009).

And, as the New York Court of Appeals has made clear, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be

---

[3] Indeed, the Courts have ofttimes coupled "unseemly" behavior along with what has been termed "unprofessional" conduct.  *See, e.g., Garber v. Office of Comm'r of Baseball,* 2017 WL 752183 at *4 (S.D.N.Y. Feb. 27, 2017); *Rydelek v. Legal Aid Bureau of Buffalo, Inc.,* 1998 WL 135833 at *4 (W.D.N.Y. Mar. 10, 1998); *Keller v. Keller*, 176 A.D.3d 1573, 1574, 107 N.Y.S.3d 912 (4th Dep't 2019), *leave den.* 35 N.Y.3d 905 (2020); *People v. Glen*, 283 A.D.2d 987, 723 N.Y.S.2d 923 (4th Dep't), *leave den*. 96 N.Y.2d 918 (2001).

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page five

---

relieved from the consequences of a stipulation made during litigation." *Hallock v. State*, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510 (1984).

See also *Rispler v. Spitz*, 377 Fed. App'x111, 112 (2d Cir. 2010); *Illuminex Diamonds Corp. v. Chou*, 2022 WL 204219 at *4 (S.D.N.Y. Jan. 24, 2022); *Eastern Savings Bank, FSB v. Moore*, 49 F. Supp.3d 276, 281 (E.D.N.Y. 2014); *Consol. Edison Co. of New York, Inc. v. Fyn Paint & Lacquer, Inc.*, 2008 WL 852067 at *5-*6 (E.D.N.Y. Mar. 28, 2008), *aff'd* 334 Fed. App'x 390 (2d Cir. 2009).

In the case at Bar there has been no "fraud, collusion, mistake or accident" that would render the subject Stipulation not binding upon all of the parties nor unenforceable, and Attorney Schneider, in his Letter Motion, significantly, makes no such claim (thus having waived any such claim).

The stipulation, being a contract, was entered into by mutual consent and agreement of the parties (*i.e.,* counsel for the Defendant and for the Plaintiffs). It was Attorney Schneider who first approached counsel for the Plaintiffs and made the request for additional time, and the terms and time constraints were mutually agreed upon. If this Stipulation is not enforced by the Court, then counsel for the Plaintiffs will have no reason to enter into any further stipulations in this matter as it will be clear that the word of Attorney Schneider (either written or oral) cannot be relied upon. Based upon the subject letter motion of Attorney Schneider, it would be professionally remiss of Plaintiffs' counsel to rely upon any such agreement entered into with Attorney Schneider regarding any matters (procedural, substantive, or otherwise) going forward.

Attorney Schneider makes his request based upon an alleged planned Rule 12 Motion to dismiss. This Court should construe the letter motion (ECF No. 14) as that Motion under the Stipulation, with whatever persuasiveness, and shortcomings it may possess. He should not be permitted a "second bite at the apple". See generally *Mohsen v. Morgan Stanley & Co. Inc.*, 2014 WL 4593919 at *9 (S.D.N.Y. Sep. 15, 2014) (denying movant permission to file a late motion for reconsideration).

The letter motion sub mitted by Attorney Schneider sets forth both a legal and factual basis for his Rule 12 request for relief. While it may contain any number of shortcomings, such as supported evidence, affidavits, *etc.*, this is how Attorney Schneider has chosen to address the motion. Furthermore, as it also contains any number of specious arguments and assertions as made by Attorney Schneider, and not represented as relying upon statements of his client, and these should be treated appropriately. For example, Attorney Schneider, <u>himself,</u>[4] makes the following (unsupported) statements of "fact"

---

[4] As was mentioned in Plaintiffs' counsel's request to respond to the Letter Motion, these assertions by Attorney Schneider, having been made in a judicial pleading, are immune from suit for defamation. See *D'Annunzio v. Ayken, Inc.*, 876 F. Supp.2d 211, 220 (E.D.N.Y. 2012). While possibly made to bias the

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page six

> This lawsuit stems from Plaintiff Lanasa's conscious involvement in public controversy (*e.g.*, as a public figure repeatedly running for public office), engagement in myriad forms of inappropriate conduct, and invitation attention from the public and Defendant (*e.g.*, <u>by publicly harassing Defendant</u> and, upon information and belief, mailing feces to Defendant's home). Such conduct by Plaintiff Lanasa also includes <u>distribution of reprehensible racist materials</u>, <u>open affiliation with individuals who publicly disseminate vile pro-Nazi and white supremacist materials</u>, . . .

See Letter Motion at p. 1, ¶ 2. Emphases added.[5]

His decision to so formulate his argument, and not provide any supporting documentation (let alone how this relates to the causes of action in the lawsuit) is not explained, and should be so evaluated by the Court.

Furthermore, Attorney Schneider has already laid out a legal argument as a basis for his proffered Rule 12 relief; citing to both case law and statute. See Letter Motion at pp. 2-3, & Ns. 2-16. He has cited to more than fifty cases (both state and federal). Thus, one can easily interpret his Motion as having been researched and briefed.

Conclusion

As was noted above, Attorney Schneider has had more than five weeks to prepare any motion to dismiss. This is not a complicated case, and clearly Attorney Schneider has done some research and laid out what he perceives to be a basis for relief. He has had plenty of time, and, at any time prior to November 21, 2022, he could have made a request for additional time to his adversary — an action he clearly chose not to do. This tactical decision is one that Attorney Schneider should be bound by with whatever pluses and minuses it entails.

This Court should deny the request as made by Attorney Schneider for an extension and an Initial Conference. It is further respectfully requested that the Court grant Plaintiffs' counsel

---

Court against the Plaintiffs on grounds unrelated to any Rule 12 Motion, the Court should dismiss these as improper and unrelated to the litigation.

[5] In this diatribe the only qualified statement is that made "upon information and belief" is as to the alleged "mailing feces to Defendant's home". None of the other emphasized statements are made upon such qualifying grounds. This failure to qualify any of the other statements makes it clear that these were not made "upon information and belief", but based upon some unsupported grounds (or Attorney Schneider's own personal knowledge, thus making him a potential witness in this litigation which, in and of itself, raises other potential issues). This decision to so qualify his statements was a clear tactical decision of Attorney Schneider and he should not be permitted to correct it.

Hon. Kiyo A. Matsumoto, U.S.D.J., E.D.N.Y.
Re: *LaNasa et al. v. Stiene*, 22-cv-5686
28 November 2022 — page seven

permission to respond to this Motion for Rule 12(b) relief within the time constraints of the Federal Rules, from the date of the Court's ruling on this motion for an extension.

    Plaintiffs would also request that the Court consider sanctions (pursuant to Rule 11) in the form of attorney fees to be paid by Defendant to Plaintiffs regarding Plaintiffs' costs in attorney fees for responding to this Letter Motion, as a violation of the Stipulation and the Court's own Rules (see discussion *supra*).  The Second Circuit has, on more than one occasion, imposed sanctions upon the offending party who has willfully violated a Stipulation.  *See, e.g., Absolute Nevada, LLC v. Baer*, 2022 WL 350255 at *3 (2d Cir. Feb. 7, 2022); *Kirke v. Howe*, 173 F.3d 844 (2d Cir. 1999).  See also *Chambless v. Masters, Mates & Pilots Pension Plan*, 1988 WL 90170 at *3-*4 (S.D.N.Y. Jul. 21, 1988), *aff'd part, rev'd in part* 885 F.2d 1053, 1060 (2d Cir. 1989), *cert. denied* 496 U.S. 905 (1990).  It is requested that the Court consider such action herein.

    Respectfully submitted,

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Attorney for Plaintiffs

cc: All Counsel of record by ECF



261 Madison Avenue, 26th Floor
New York, New York 10016

929 Colorado Avenue
Santa Monica, California 90401

(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**DANIEL J. SCHNEIDER\*, PARTNER**
DSCHNEIDER@FSFLLP.COM

October 17, 2022

<u>*Via ECF*</u>
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East, Courtroom 6C-S
Brooklyn, New York 11201

    Re:    Letter Motion for Extension of Time to Respond to Complaint
            Case No.: 1:22-cv-05686-KAM-VMS—*Lanasa, et al. v. Stiene*
            Client No: 1367-1001

Dear Judge Matsumoto:

      This office represents the defendant Erik Stiene ("Defendant" or "Mr. Stiene") in the referenced case. We respectfully request, pursuant to Rules I(C) and II(E) of Your Honor's individual rules of practice, an extension of time to answer, move or otherwise respond to the complaint of plaintiffs Justin Lanasa, TSR, LLC and Dungeon Hobby Shop Museum, LLC ("Plaintiffs").

      This application is made upon prior conference between the parties and consent of Plaintiffs' counsel, <u>see</u> Stipulation annexed hereto as Exhibit "A", and is made because this office was just retained and has not had ample opportunity to investigate these claims. The original deadline for response is on or about October 21, 2022 and we are seeking an adjournment until November 21, 2022. We are not aware of any scheduled dates which must be adjusted as a result of this request, however, in the event that we discover any upon our review of the file, we will supplement this letter application. This is the first application such relief.

      We appreciate the Court's courtesy and consideration on this matter.

                          Respectfully submitted,

                          FARBER SCHNEIDER FERRARI LLP

                          By: _____
                                 Daniel J. Schneider

cc:    All counsel via ECF

\*Licensed in New York, California,
Illinois and Massachusetts

[EXHIBIT A]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN LANASA, TSR, LLC and DUNGEON HOBBY SHOP MUSEUM, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>ERIK STIENE,<br><br>Defendant. | Case No.: 1:22-cv-05686-KAM-VMS<br><br>**STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT** |

IT IS HEREBY STIPULATED that the time for the Defendant ERIK STIENE to answer, amend or supplement the answer as of course, or to make any motion with relation to the summons or to the complaint in this action, be and the same hereby is extended from on or about the 21st day of October 2022, to and including the 21st day of November 2022.

This is the first application for such relief. Electronic signatures shall be deemed originals for all purposes.

Dated: New York, New York
       October 14, 2022

| | |
|---|---|
| THE LAW OFFICE OF<br>BERNARD V. KLEINMAN | FARBER SCHNEIDER<br>FERRARI LLP |
| | |
| _____<br>Bernard V. Kleinman, Esq.<br>THE LAW OFFICE OF BERNARD<br>V. KLEINMAN<br>Attorneys for Plaintiff<br>108 Village Square, Ste 313<br>Somers, NY 10589<br>914-644-6660<br>attrnylwyr@yahoo.com | _____<br>Daniel J. Schneider, Esq.<br>FARBER SCHNEIDER<br>FERRARI LLP<br>Attorneys for Defendants<br>261 Madison Avenue, 26th Floor<br>New York, New York 10016<br>(212)-972-7040<br>dschneider@fsfllp.com<br>DS7366 |

[EXHIBIT A]