# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305
TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

December 01, 2022

Hon. Kiyo A. Matsumoto
United States District Judge
225 Cadman Plaza East, Courtroom 6C-S
Brooklyn, New York 11201

Re: *LaNasa, et al. v. Stiene*, 22-cv-5686

Your Honor:

I submit this Letter in Response to the Letter Motion filed by counsel for the Defendant. ECF No. 14.

Underlying Facts

On September 24, 2022 the Verified Complaint was filed with this Court. ECF Nos. 1, 2. On September 28, 2022 the Summons and Complaint were duly served upon the Defendant. See Affidavit of Service, ECF No. 8. Any Answer was due to be filed and served on or before October 19, 2022. *Ibid*.

On October 14, 2022 Attorney Schneider contacted counsel for the Plaintiffs and requested an extension of time within which to file his Answer or any Motion applicable at this stage of the proceedings. After some discussion between counsel the parties entered into a Stipulation, which was filed, along with a Motion for an Extension, with the Court on October 17, 2022. ECF No. 13. This was endorsed by the Court in a Docket entry on that same date.

Between the filing of Attorney Schneider's Motion and the attached Stipulation on October 14, 2022, and the filing of the Defendant's Letter Motion on November 21st, 2022, there was no contact, whatsoever, by Attorney Schneider with counsel for the Plaintiffs — no request for additional time, no request for any information, no update as to the status of the Answer or any Motion, no indication of any intent on filing a Rule 12 Motion, or a planned request for an Initial conference.

The Stipulation provided:
> IT IS HEREBY STIPULATED that the time for the Defendant ERIK STIENE to answer, amend or supplement the answer as of course, or to make any motion with relation to the summons or to the complaint in this action, be and the same hereby is extended from on or about the 21st day of October 2022, to and including the 21st day of November 2022.

The language is unequivocal, and sets a definite date upon which the Defendant's counsel must either Answer or "make any motion".

The Court Should Deny the Request for Additional Time and Treat the Letter as Efiled on November 21, 2022 as Defendant's Rule 12(b) Motion in its Entirety

At the outset, the Letter Motion of Defendant's counsel violates this Court's own rules. Part II.E. of the Rules deals with requests for extensions. Relevant language is as follows:

> **E. Requests for Adjournment or Extension of Time: . . . All requests for adjournments of conferences or extensions of time must be made in writing, at least two business days in advance of the deadline or scheduled appearance and must be filed by ECF**, and must state (1) the original date; (2) the reason for the request; (3) how much additional time is needed; (4) the number of previous requests for adjournment or extension by either party and

whether these previous requests were granted or denied; (5) that the requesting party first conferred with all other parties to discuss alternative, mutually agreeable dates; (6) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and if so, (7) mutually agreeable proposed alternative dates. . . .

Attorney Schneider has observed this Rule only in the breach.  First of all, his Motion for an extension was not filed "two business days in advance of the deadline".  The deadline was November 21, 2022, and that was the date on which his Motion was filed, not on November 17th, as the Rule mandates.  Secondly, he provides absolutely no reason whatsoever for his request.  His Motion sets forth proposed dates, his interpretation of the "facts", and a legal argument.  At no time does he explain "the reason for the request".  Thirdly, at no time did Attorney Schneider "confer[] with all other parties to discuss alternative, mutually agreeable dates, . . ."  As set forth above, between the time of the filing of the Stipulation and November 21, 2022 there was no communication between the parties. Counsel for the Plaintiff fully anticipated an Answer or Motion on or before November 21, 2022, and had no reason to think otherwise.  Fourthly, the dates arbitrarily selected by Attorney Schneider are not convenient for Plaintiffs' counsel, though Plaintiffs' counsel would not have agreed, in any event, to an extension of time.  The only "mutually agreeable" dates were those in the Stipulation, which should be binding on all parties (and upon which Plaintiffs' planned his schedule).  See discussion below.  Attorney Schneider's Motion contains no statement as to whether Plaintiff's counsel "consent[ed]", as there was never a request made to Plaintiff's counsel as the Rules require.

Thus, based upon this Court's Rules alone, it should deny Defendant's counsel's Letter motion in its entirety in so far as a request is made for an extension.  The Court should hold that the mutually agreed upon Stipulation should be fully enforced as to Attorney Schneider and his client.

It is fundamental that "[s]tipulations bind parties like a contract." *Energy Partners, Ltd. v. Ptero-Ventures, Inc*., 2010 WL 115388413 at *1 (E.D. La. Nov. 3, 2010).  This is a principle, analogizing a stipulation to a contractual agreement among the parties, endorsed by the courts.  *See, e.g., Farrell v. Comm'r of Internal Revenue*, 136 F.3d 889, 894 (2d Cir. 1998).  As one court has observed,

> "Normally a party is bound by his stipulations as a 'stipulation among the parties to a lawsuit is akin to a contract."  . . .  Like a contract, a stipulation "must be inter-preted in light of the circumstances under which [it] was made, and it "binds parties only to the terms actually agreed upon."  . . .

*Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc*., 2021 WL 2772808 at *14 (W.D. Tex. Apr. 28, 2021).   Citations omitted.

As the courts of New York have made it unequivocally clear, "[a] stipulation is a contract between the parties and is, therefore, governed by the principles of contract law for interpretation and effect . . ." *Matter of Caruso v. Ward*, 146 A.D.2d 22, 29 (1st Dep't 1989).  See also *In re Talbot*, 104 A.D.3d 775, 777 (2d Dep't 2013) ("a stipulation is an independent contract which is subject to basic principles of contract law").  A court may not vary the terms of a contract, *i.e.*, a stipulation may not be judicially amended, to "allow equitable considerations to obviate that which <u>should have been foreseen and guarded against</u>." *Caruso, supra*, 146 A.D.2d at 29-30 (emphasis added), citing to *Breed v. Insurance Co. of North Am.*, 46 N.Y.2d 351, 355 (1978).

And, as the New York Court of Appeals has made clear, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation." *Hallock v. State*, 64 N.Y.2d 224, 230 (1984).  Here there has been no "fraud, collusion, mistake or accident" either alleged or that can be proven.

The stipulation, being a contract, was entered into by mutual consent and agreement of the parties (*i.e.,* counsel for the Defendant and for the Plaintiffs).  It was Attorney Schneider who first approached counsel for the Plaintiffs and made the request for additional time, and the terms and

time constraints were mutually agreed upon. If this Stipulation is not enforced by the Court, then counsel for the Plaintiffs will have no reason to enter into any further stipulations in this matter as it will be clear that the word of Attorney Schneider (either written or oral) cannot be relied upon.

Attorney Schneider makes his request based upon an alleged planned Rule 12 Motion to dismiss. This Court should construe the letter motion (ECF No. 14) as that Motion under the Stipulation, with whatever persuasiveness, and shortcomings it may possess. The letter motion submitted by Attorney Schneider sets forth both a legal and factual basis for his Rule 12 request for relief. While it may contain any number of shortcomings, such as supported evidence, affidavits, *etc.*, as it also contains any number of specious arguments and assertions as made by Attorney Schneider, and not represented as relying upon statements of his client, and these should be treated appropriately. For example, Attorney Schneider, <u>himself</u>,[1] makes the following (unsupported) statements of "fact"

> This lawsuit stems from Plaintiff Lanasa's conscious involvement in public controversy (*e.g.*, as a public figure repeatedly running for public office), engagement in myriad forms of inappropriate conduct, and invitation attention from the public and Defendant (*e.g.*, <u>by publicly harassing Defendant</u> and, upon information and belief, mailing feces to Defendant's home). Such conduct by Plaintiff Lanasa also includes <u>distribution of reprehensible racist materials</u>, <u>open affiliation with individuals who publicly disseminate vile pro-Nazi and white supremacist materials</u>, . . .

See Letter Motion at p. 1, ¶ 2. Emphases added.[2]

Further, Attorney Schneider has already laid out a legal argument as a basis for his proffered Rule 12 relief; citing to both case law and statute. See Letter Motion at pp. 2-3, Ns. 2-16. He has cited to more than fifty cases. Thus, his Motion as having been researched and briefed.

<u>Conclusion</u>

As was noted above, Attorney Schneider has had more than five weeks to prepare any motion to dismiss. This Court should deny the request as made by Attorney Schneider for an extension and an Initial Conference. It is further respectfully requested that the Court grant Plaintiffs' counsel permission to respond to this Motion for Rule 12(b) relief within the time constraints of the Federal Rules, from the date of the Court's ruling on this motion for an extension.

Respectfully submitted,

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Attorney for Plaintiffs

cc: All Counsel of record by ECF

---

[1] As was mentioned in Plaintiffs' counsel's request to respond to the Letter Motion, these assertions by Attorney Schneider, having been made in a judicial pleading, are immune from suit for defamation. See *D'Annunzio v. Ayken, Inc*., 876 F. Supp.2d 211, 220 (E.D.N.Y. 2012). While possibly made to bias the Court against the Plaintiffs on grounds unrelated to any Rule 12 Motion, the Court should dismiss these as improper and unrelated to the litigation.

[2] In this diatribe the only qualified statement is that made "upon information and belief" is as to the alleged "mailing feces to Defendant's home". None of the other emphasized statements are made upon such qualifying grounds. This failure to qualify any of the other statements makes it clear that these were not made "upon information and belief", but based upon some unsupported grounds (or Attorney Schneider's own personal knowledge, thus making him a potential witness in this litigation which, in and of itself, raises other potential issues). This decision to so qualify his statements was a clear tactical decision of Attorney Schneider and he should not be permitted to correct it.