LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:     Bernard V. Kleinman, Esq.
        108 Village Square
        Suite 313
        Somers, NY 10589-2305
        Tel. 914.644.6660
        Fax 914.694.1647
        Email: *attrnylwyr@yahoo.com*
        Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
=============================================== :

| | |
|---|---|
| **JUSTIN LANASA, TSR, LLC, and** | : |
| **DUNGEON HOBBY SHOP MUSEUM, LLC,** | : **Case No. 22-cv-5686-KAM-VMS** |
| | : |
| **Plaintiffs,** | : |
| | : **AMENDED** |
| *— versus —* | : **VERIFIED COMPLAINT** |
| | : |
| **ERIK STIENE, and LOIS STIENE, aka RACHEL** | : |
| **STIENE,** | : |
| **Jointly and Severally,** | : |
| | : |
| **Defendants.** | : |

======================================= :

The Plaintiffs, JUSTIN LANASA, TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC, by and through their attorney of record, Bernard V. Kleinman, Esq., for their Amended Verified Complaint against the named Defendants, do hereby allege the following,

### THE PARTIES

1. Plaintiff JUSTIN LANASA (hereinafter referred to as "LANASA") is a resident of the State of North Carolina, residing in the County of New Hanover, City of Wilmington.

2. Plaintiff TSR, LLC (hereinafter referred to as "TSR") is a limited liability corporation existing under the laws of the State of Wisconsin. TSR maintains and conducts business from an office in Wilmington, North Carolina. The sole Member is Plaintiff LANASA.

3. Plaintiff DUNGEON HOBBY SHOP MUSEUM, LLC (hereinafter referred to as "DUNGEON HOBBY"), is a limited liability corporation existing under the laws of the State of Wisconsin and operates as a business in the State of Wisconsin. The sole Member is Plaintiff LANASA.

4. Plaintiff LANASA is the principal officer and member of Plaintiffs TSR and DUNGEON HOBBY.

5. Defendant ERIK STIENE (hereinafter referred to as "E. STIENE") is a private individual residing at 5209 Haspel Street, # 2, Elmhurst, NY 11373-4344.

6. Defendant LOIS STIENE (hereinafter referred to as "L. STIENE") is a private individual residing at 5209 Haspel Street, # 2, Elmhurst, NY 11373-4344.

7. Upon information and belief, Defendants ERIK STIENE and LOIS STIENE, are married to one another.

8. Plaintiff TSR is a limited liability company and a creator, manufacturer, and distributor of tabletop role playing games, as well as other products and services.

Plaintiff distributes its products throughout the country and on the internet.

### JURISDICTION & VENUE

9. Plaintiffs repeat and re-iterate ¶¶ 1 through 8 inclusive as if set forth herein.

10. Each and all acts of Defendants E. STIENE and L. STIENE were performed individually and collectively, and by their own respective design and intent as set forth *infra*.

11. The incidents which give rise to this cause of action occurred within this jurisdiction, the Eastern District of New York, and within one year of the action itself or within one year of the named Plaintiffs having discovered the publication of the alleged defamatory statements, and other tortious conduct.

12. In addition, thereto, such acts of tortious conduct occurred well before the dates of statutory mandate, and continue through this date, demonstrating the requisite malice and aforethought to establish an intent to harm the named Plaintiffs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2), (c)(2) as amended by Section 311 of the Judicial Improvement Act of 1990, by reason of it being the location where all, or substantially all, of the events or

omissions giving rise to the claims occurred, and where the Defendants reside.

14. Jurisdiction is proper pursuant to federal diversity jurisdiction and the amount of damages is in excess of the jurisdictional amount laid out therein, *viz*., 28 U.S.C. § 1332. Plaintiffs further invoke the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

**ALLEGATIONS**

15. Plaintiffs repeat and re-iterate ¶¶ 1 through 14 as if set forth herein.

16. Defendants, both jointly, and individually, maintain and actively participate in an online presence designated as "Tenkar's Tavern".

17. This online presence, designated as "Tenkar's Tavern", is almost solely and exclusively devoted to an obsession with the named Plaintiffs, and includes weekly, if not daily, diatribes, insults, threats, false statements, and profane language directed at the named Plaintiffs, and other postings and re-postings designed to harass, annoy and aggra-vate the named Plaintiffs, causing them both personal and professional financial and other harm.

18. Upon information and belief, the Defendant E. STIENE maintains this sight as a commercial site, selling subscriptions and products through Amazon® (see *https://www.amazon.com/stores/page/9D7E0086-7547-4726-B258-E086D36914C3/r/ref=as_li_ss_tl?ie=UTF8&linkCode=sl2&tag=ten kstav-20&linkId=e9bf1f6a2d0efff40078ff9d99f64282& language=en_US)* among other Internet sites.

19. Such tortious conduct has occurred on innumerable occasions, without letup in an obsessive and compulsive manner, and can be demonstrated by multiple Youtube® videos. On an all but daily basis the Defendant E. STIENE, in an obsessive, compulsive and fixated manner posted scurrilous and false statements about the named Plaintiffs. These postings, numbering in the scores, demonstrate, merely based upon their frequency, a malice and intent designed to harm the Plaintiffs.

20. The Defendant were, however, not satisfied with merely posting on Youtube®, but the named Defendants have utilized multiple other locations on the Internet to distribute and publish their defamatory and libelous statements; all demonstrating the malice and intent to harm the named Plaintiffs. These locations include, but are not limited to,

https://www.tenkarstavern.com/

https://www.facebook.com/tenkarstaverncommunity/

https://www.patreon.com/tenkarstavern

https://discord.me/tenkars-tavern

https://twitter.com/tenkarstavern?lang=en

https://podcasts.apple.com/us/podcast/tavern-chat/id1386740882

https://anchor.fm/tavernchat

21. Through this online presence Defendants, knowingly and willfully, with the intent to harm and cause financial damage to the Plaintiffs, as set forth below, have made fraudulent and defamatory statements specifically accusing the named Plaintiffs of various scurrilous and damaging behavior, as set forth in detail below, all actionable under the New York tort law.

22. Among, but not limited to, the knowingly, malicious, and intentional and false and defamatory statements, and other tortious conduct, published online by the Defendants were the following:

**January 08, 2022:**
In accusing Plaintiff LANASA of dishonesty, E. STIENE (and L. STIENE @ 07:58) stated that Plaintiff LANASA was "inadvertently honest, I don't think that was your intention" 04:57  Emphasis added.

Accusing Plaintiff LANASA of not paying his employees and hires:
"the new artist got paid for it, but Greg Bell did not" 07:05  Emphasis added.

*https://www.youtube.com/watch?v=wDl3Wo6WTuU*

**January 09, 2022:**
E. STIENE knowingly mis-represented the Plaintiff DUNGEON HOBBY, having the purpose of accepting gamers donations:
"wasn't a not for profit, was for profit" 03:16
https://www.youtube.com/watch?v=AbpJ-djtNk0

**February 08, 2022:**
E. STIENE, in an attempt to alienate prospective customers, and financially damage the Plaintiffs, made repeated postings on the internet that stated that the Plaintiff LANASA:
"does not like homos and their type; will not work with folks that support them" 12:29

*https://www.youtube.com/watch?v=ZJDAtBlR6vc*

**February 08, 2022:**
E. STIENE, in an attempt to alienate prospective customers, and cause financial harm to Plaintiffs TSR and DUNGEON HOBBY, including trade libel, made repeated postings on the internet that stated the following false statements as to Plaintiff LANASA:
"he thinks he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen" 12:29

*https://www.youtube.com/watch?v=ZJDAtBlR6vc*

**February 18, 2022:**
E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case" 01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

---

**March 17, 2022:**
E. STEINE asserting Plaintiff LANASA of engaging in violent sexual conduct demonstrating actionable malice on Defendant E. STIENE's part:
"Mario77 [a name that the Defendant ascribed to Plaintiff LANASA], aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin"  0:28

Accusing Plaintiff LANASA of doxing, searching for and publish private or identifying information about a particular individual on the internet, with malicious intent to harm the Plaintiff, as *prima facie* tort:
"You doxed me, you little shit."  03:09

The "title" of this Internet Youtube® posting being:
"Justin is Trying to dox My Wife Rachel - Go F' Yourself LaNasa!"

E. STIENE alleging Plaintiff LANASA of being a convicted criminal, with no support:
"your criminal history; that's certainly public knowledge" 06:10

E. STIENE and L. STIENE making violent sexual misconduct statements as to the Plaintiff LANASA, as *prima facie* tort:
"my wife just told you that she would grow a cock so you could eat that cock" 09:31

*https://www.youtube.com/watch?v=pSbVzLby37w*

**May 10, 2022:**
E. STIENE intentionally describing Plaintiff TSR's customers in a defamatory and scurrilous manner as to cause financial harm to the named Plaintiff:
"TSR . . . they are scraping the bottom of the privy, okay, you can't get more shit than this shit. So that's your customer base and you're appealing to it." 04:10 – 04:22

*https://www.youtube.com/watch?v=YtFIIqhJQRA*

**May 28, 2022:**

---

*Law Office of Bernard V. Kleinman, PLLC*                    Page  8
*108 Village Sq., Ste. 313*
*Somers, NY 10589-2305*

E. STIENE making knowingly false statements about the Plaintiff LANASA's military service: "he himself was kicked out of the military for lack of leadership potential" 15:09

*https://www.youtube.com/watch?v=qkpDy7DJhKw*

**June 15, 2022:**
E. STIENE knowingly falsely describing Plaintiff LANASA's business practices with an intent to cause financial harm to Plaintiffs, both as to customers and potential investors: "you fucked over your prior business partners to get the TSR trademark" 05:23

E. STIENE knowing the statement to be a false trade libel, alleged association of the Plaintiff with "a Nazi": "you included a Nazi in the company" 09:19

*https://www.youtube.com/watch?v=djYL3joFZqQ*

**Dec. 17, 2022:**
*https://www.youtube.com/watch?v=-J8Du-fjbpo*
@ 0:57.00, Defendant L. STIENE referring to Plaintiff as an on-line entity which he is not

**Nov. 27, 2022:**
*https://www.youtube.com/watch?v=7SsZPY7qqMk*
L. STIENE and E. STIENE making clear that Plaintiff has used anonymous emails.  0:30:10 thru 0:47.10

L. STIENE and E. STIENE accusing the Plaintiff of Substance abuse:
Describing the Plaintiff, in clear terms as sending anonymous emails on the weekend, because that is the "time to get into a bottle of Jack"  0:59:15 – 1:02:00

23. Further, in an attempt to intimidate, harass, and threaten, causing fear and emotional distress, the Defendant E. STIENE engaging in *prima facie* tort, posted a video in

which he stated: "I already know your address; I already know your fucking phone number; I know your wife's phone number." **March 17, 2022:** *https://www.youtube.com/watch?v=pSbVzLby37w* @ 05:26

24. After Defendant posted this on Youtube® (*https://youtu.be/-sDfkispM9w*), Geek Nation® canceled a tour with the Plaintiffs, causing financial damages in payments to the Plaintiffs TSR and DUNGEON HOBBY, and attacking any one that supports said Plaintiffs.

25. The Defendant also posted, online, in a continuing attempt to intimidate, harass, and threaten the Plaintiff LANASA, engaging in *prima facie* tort, images of LANASA's wife and minor child, without prior authorization or permission, in violation of N.Y. Civil Rights L. §§ 50, 51. While the posting spoke about the Plaintiff LANASA's spouse, the Defendant E. STIENE, chose to post images of the Plaintiff LANASA'a minor child.

26. This was further exacerbated by the fact that Defendant E. STIENE made no attempt to blur or otherwise distort the image of the minor child. See[1]

---

[1] It should be noted that the image actually posted by the Defendant is a clear and identifiable image of Plaintiff LANASA'a minor child. It has been redacted out here, to avoid any further posting of said image.



This posting lasted the entire length of the Youtube® video, for more than thirteen minutes, and included such statements as:

   "Erika is the new face of TSR", 5:17

**June 18, 2022:** *https://www.youtube.com/watch?v=hjOSwJd6ZXM*

   27.   This  purposeful  and  intentional  posting  of  the Plaintiff's minor child is a direct and knowing violation of the Terms of Service of Google and Youtube®.  According to said Terms of Service:

   Anyone  posting  content  with  minors  must  do  the following:

- **Respect privacy.** Secure consent from the minor's parent or legal guardian before featuring them in your video. Make sure their participation in your video is voluntary.

See

*https://support.google.com/youtube/answer/9229229?hl=en*

It, furthermore, is a direct violation of Google's Community Guidelines. *Ibid*.

28. At all times relevant hereto, the Defendants, both individually, and collectively, knew, or should have known, that the above stated actions were frivolous, outrageous and hurtful, including, but not limited to, accusations of criminal conduct, affiliation with Nazis, posting photographs of the Plaintiff's minor child, threatening the Plaintiff with physical harm, and could easily cause emotional and psychological trauma to the named targets, *i.e.*, the Plaintiffs.

29. The scandalous and salacious details in the published statements of the Defendants are complete fabrications and any reasonable investigation by Defendants would have and should have led to that conclusion. Accordingly, the false statements contained in the posted on-line statements are not protected or recognized by any judicial or litigation privilege.

30. The use of the Internet is particularly devastating due to its instantaneous ability to spread false and malicious statements such as those made by the Defendants. Indeed, as one Court has succinctly put it, "Online commentary is just as capable as print or broadcast media of inflicting the kinds of harm the defamation laws are designed to protect against. Indeed, online communications can spread more quickly, and to all corners of the world, than can print or broadcast media statements." *Eros Int'l PLC v. Mangrove Partners*, 2019 N.Y. Slip Op. 30604(U) at p. 17 (S. Ct. N.Y. Co. Mar. 8, 2019), *aff'd* 191 A.D.3d 465 (1st Dep't 2021).

31. Private social media platform companies such as Facebook®, Twitter®, Youtube®, and Instagram® were founded and gained rapid popularity in the early 2000s. While each platform has a slightly different target audience and strategic objectives, the basic user experience is the same: users can either publicly post (a message, photo, or video) to their followers or privately send a direct message to other users of that social media platform. Thus, the era of private companies operating mass communication social networks began. Many eyes shifted from the front pages of curated, edited, and source-checked newspapers to these unregulated social media platforms. These social media platforms provide certain

well-known communication benefits to individuals, businesses, and society as a whole. But these social media platforms also allow wrongdoers like the STIENEs to make false, defamatory, and/or harassing statements to single-handedly designed to destroy a person's reputation and the reputation and commercial viability of carefully built businesses.

32. The emotional trauma caused by the actions of the Defendants was further demonstrated by what can only be described as a concerted campaign of repeatedly posting false, damaging and threatening statements on the Internet directed at the Plaintiffs.  See ¶¶ 17 thru 20, *supra*.

33. In an attempt to resolve this behavior without the necessity of judicial intervention, the Plaintiffs had counsel send a Cease and Desist Letter to the Defendant E. STIENE on July 29, 2022.  See Exhibit A.

34. In a further example of the Defendant's rank and tortious behavior, and clear malicious intent to continue to harm the Plaintiffs, the response of the Defendant was to post the letter online, and ridicule it; with no actions taken to comply with the letter.  This posted response alleged that the Cease and Desist Letter was an attempt to "Intimidate Witnesses", in ongoing litigation unrelated to this action:

"Was My C&D Letter From LaNasa TSR an Attempt to ID & Intimidate Witnesses in the WotC Legal Action?"

See *https://www.youtube.com/watch?v=A6B-LmnEedwXX*, Aug. 30, 2022.

35. In further attempts to harass, intimidate, and threaten the named Plaintiffs, the Defendant E. STIENE has made repeated, unsubstantiated, and uncorroborated statements alleging some former position in law enforcement specifically alleging the following:

"It was my job when I was an investigator in internal affairs"
*See, e.g.,* **September 6, 2021:**

*https://www.youtube.com/watch?v=JKWf-tBI1Hg* @ 11:56.

36. As a direct and indirect result of the Defendants' actions, the Plaintiffs both individually and collectively have suffered damages in the form of litigation and trial expenses, and loss of income, and damages as set forth herein.

<u>**CAUSE OF ACTION FIRST**</u>

<u>**AS AGAINST DEFENDANTS — DEFAMATION & LIBEL**</u>

37. Plaintiffs repeat, re-iterate, and incorporate herein ¶¶ 1 through 36 as if set forth herein.

38. The above-stated defamatory and libelous statements as set forth in ¶ 22 described above have had a devastating

---

and irreparable effect on the Plaintiffs personal and professional reputations.

39. Furthermore, upon information and belief, said defamatory statements have been repeated and re-posted by third parties causing further and lasting harm to the named Plaintiffs. See ¶ 44.

40. The Defendant either published, or cause to be published, numerous false and defamatory statements about the Plaintiffs. These include claims of association and sympathies with Nazis and white supremacists, a criminal conviction, anti-homosexual conduct, failure to pay debts, and other statements as laid out above.

41. Each of these aforesaid defamatory statements were untrue and defamatory in that they falsely reported and mischaracterized the Plaintiffs' character and actions, and the Defendants knew, or should have known, that such statements were false.

42. The Defendants published these false and defamatory statements with malice.

43. The Defendant published these false and defamatory statements with knowledge of their falsity and/or with a reckless disregard for the truth or falsity of these state-ments.

44. Without regard to the falsity and defamatory nature of these statements, among others, the Defendants (in an attempt to make the named Plaintiffs into some kind of public persona) allowed and encouraged other parties to re-publish these statements, causing further harm to the Plaintiffs. *See, e.g.,*

*https://youtu.be/KRDUFHbV8N4* (July 20, 2022)

*https://youtu.be/AKPn7fM1YwA* (July 20, 2022)

*https://youtu.be/wtlHA2O3GYs* (July 20, 2022)

*https://youtu.be/ibqG4AlcyNk* (July 25, 2022)

*https://youtu.be/rkPURc5cqTU* (July 21, 2022)

*https://youtu.be/OUjK132rx-Y* (July 27, 2022)

*https://youtu.be/KRDUFHbV8N4* (July 20, 2022)

*https://www.tiktok.com/@nightshade_386/video/712263332 1754037550?is_from_webapp=v1&item_id=71226333217540375 50*

45. The Defendants, among other things, as set forth above, accused the Plaintiff LANASA of "he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen"; "you included a Nazi in the company"; "you fucked over your prior business partners to get the TSR trademark"; having a substance abuse problem. See ¶ 22 above. All of which the Defendant knew to be false.

46. The effect of these accusations has been to seriously and irrevocably harm not only Plaintiff LANASA, but also Plaintiffs TSR, and DUNGEON HOBBY. See ¶ 75.

47. These aforesaid statements constitute defamation and/or libel because they falsely impugn the Plain-tiffs' honesty, trustworthiness, dependability, and professional fitness and abilities, and falsely charged him with engaging in criminal conduct, fraud, dishonesty and/or other conduct that would tend to injure the Plaintiffs in their trade or business, and any trade, business, or profession which Plaintiffs may seek to pursue.

48. These aforesaid false and defamatory statements have caused the Plaintiff LANASA (as well as his family members) severe embarrassment, humiliation and emotional injury.

49. Upon information and belief, the Defendants have made, and continue to make or cause to be made, these and similarly false and defamatory statements about the Plain-tiffs to third parties.

50. As a result of said defamation, the Plaintiff LANASA continues to suffer from severe humiliation, loss of standing in the community, loss of self-esteem, public disgrace, loss of standing and respect within his own family, and severe and extreme emotional distress.

51. The defamatory acts committed against the Plaintiffs by Defendants were intentional, willful, wanton, malicious and oppressive and were motivated, solely by a desire to permanently harm the name, reputation, and financial and business interests of the Plaintiffs without regard for the truth or the Plaintiffs' well-being and were based on a lack of concern and ill-will toward the Plaintiffs and/or a malicious, deliberate, and/or reckless disregard for their rights, for which the Plaintiffs are entitled to an award of punitive damages.

52. At all material times, Defendants defamed Plaintiff LANASA by — as stated above — making false statements which tended to expose Plaintiff to public contempt, ridicule, aversion or disgrace, and induced an evil opinion of him in the minds of right-thinking persons, and deprived him (and continues to deprive him) of their friendly intercourse in society.

53. The Plaintiff LANASA has suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish, and the statements were defamatory and libelous, and *per se* libelous.

54. As a direct and proximate result of the aforesaid actions of the Defendant, inclusive of all the claims herein, the Plaintiff LANASA and his family have been forced to seek therapy and other professional health care assistance.

55. As a result of Defendant's conduct, the Plaintiffs are entitled to compensatory (due to lost income, litigation expenses, and other costs directly associated with and attributable to Defendants' actions) and punitive damages, as well as injunctive and Declaratory relief.

56. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000.

## CAUSE OF ACTION SECOND

### AS AGAINST DEFENDANTS — SLANDER

57. Plaintiffs repeat, re-iterate, and incorporate herein ¶¶ 1 through 56 as if set forth herein.

58. As set forth above, Defendant, on numerous occasions, with full knowledge that said statements were false and made with malice, did publish to third parties that Plaintiff LANASA, among other things, that Plaintiff LANASA was a "warrior for the old ways; you know racism, gay bashing,

women in the kitchen"; and "you included a Nazi in the company". See above, ¶ 22.

59. These aforesaid statements constitute defamation slander, and/or libel *per se* because they falsely impugn the Plain-tiffs' honesty, trustworthiness, dependability, and professional fitness and abilities, and falsely charged him with engaging in criminal conduct, fraud, dishonesty and/or other conduct that would tend to injure the Plaintiffs in their trade or business, and any trade, business, or profession which Plaintiffs may seek to pursue.

60. These aforesaid false and slanderous statements have caused the Plaintiff LANASA (as well as his family members) severe embarrassment, humiliation and emotional injury.

61. Upon information and belief, the Defendants have made, and continue to make or cause to be made, these and similarly false and defamatory statements about the Plaintiffs to third parties.

62. As a result of said slander, the Plaintiff continues to suffer from severe humiliation, loss of standing in the community, loss of self-esteem, public disgrace, loss of standing and respect within his own family, and severe and extreme emotional distress.

63. The slanderous acts committed against the Plaintiffs by Defendant were intentional, willful, wanton, malicious and oppressive and were motivated, solely by a desire to permanently harm the name, reputation, and financial and business interests of the Plaintiffs without regard for the truth or the Plaintiffs' well-being and were based on a lack of concern and ill-will toward the Plaintiffs and/or a malicious, deliberate, and/or reckless disregard for their rights, for which the Plaintiffs are entitled to an award of punitive damages.

64. At all material times, Defendants slandered Plaintiff LANASA by — as stated above — making false statements which tended to expose Plaintiffs to public contempt, ridicule, aversion or disgrace, and induced an evil opinion of him in the minds of right-thinking persons, and deprived him (and continues to deprive him) of their friendly intercourse in society.

65. The Plaintiff LANASA has suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish, financial losses, and the statements were slanderous, defamatory and libelous *per se*. *See, e.g.*, ¶¶ 24, 75.

66. As a result of Defendant's conduct, the Plaintiffs are entitled to compensatory and punitive damages, as well as injunctive and Declaratory relief.

67. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have juris-diction over this matter, in an amount of no less than $1,000,000

## CAUSE OF ACTION THIRD

## AS AGAINST DEFENDANTS —

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff LANASA repeats, re-iterates, and incorporates herein ¶¶ 1 through 67 as if set forth herein.

69. The Defendants' conduct (as set forth herein) toward Plaintiff LANASA was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that Defendants' conduct caused severe emotional distress to Plaintiff LANASA and, third, that Defendants clearly acted with the desire to cause such distress to Plaintiff LANASA; under circumstances known to any reasonable person which made it substantially certain that the result would follow; and, furthermore, as laid out herein (*see, e.g.,* ¶ 70), acted recklessly and with utter disregard of the

consequences that might follow, causing severe emotional distress to the named Plaintiff LANASA.

70. The Defendant also posted, online, in a continuing attempt to intimidate, harass, and threaten the Plaintiff, images of Plaintiff's wife and minor child. This posting lasted the entire length of the Youtube® video, for more than thirteen minutes. See ¶¶ 25 thru 27, *supra*.

**June 18, 2022:** *https://www.youtube.com/watch?v=hjOSwJd6ZXM*

71. The actions, as set forth above, were conducted by the Defendants for the sole and exclusive purpose of causing severe emotional distress; such actions of the Defendants, towards the Plaintiff were, and are, so shocking and outrageous that it exceeds all reasonable bounds of decency.

72. The Defendants' conduct toward Plaintiff, in posting not only the images of Plaintiff's spouse and minor female child, combined with threats of violence, and stating the Defendants knew where the Plaintiff resides (see ¶ 23), was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, secondly, the Defendants' conduct caused severe emotional distress to Plaintiff and his family, and, thirdly, that Defendant acted, solely and exclusively, with the desire to cause such distress to

Plaintiff, intentionally and recklessly and with utter disregard of the consequences that might follow.

73. For example:

**February 18, 2022:**
E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"
01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

**March 17, 2022:**
*https://www.youtube.com/watch?v=pSbVzLby37w* @ 05:26.
Posted a video in which he stated: "I already know your address; I already know your fucking phone number; I know your wife's phone number."

**February 18, 2022:**
E. STIENE, as a *prima facie* tort [PJI 3:7, Vol. 2A (3d ed.)], threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"
01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

74. As a direct result of this outrageous conduct on Defendant's part, Plaintiff has suffered serious and continuous psychological trauma. Plaintiff is in fear that if he ever confronts the Defendant E. STIENE, the Defendant will, without cause or provocation, seek to harm him, his wife, and his minor daughter. By publicly posting images of the Plaintiff's wife and minor daughter, and making no attempt

to conceal, obscure or otherwise blur his said minor child, the Plaintiff fears that that the Defendant, or one of the many followers of his Youtube®, and other postings will take it upon themselves to harm his minor child.

75. Plaintiff has had creators, publishers, artists, and customers turn away from Plaintiff LANASA, and Plaintiffs TSR and DUNGEON HOBBY, stating that they are scared and angry, vowing not to work with Plaintiff due to the false, fabricated statements made by Defendant E. STIENE, and his followers.

76. According to the posted Youtube® video, which remains available to this date, 473 individuals have viewed it, with multiple comments, some of which reference the minor child.

77. These actions caused severe and possibly irremediable emotional and psychological strain within Plaintiff LANASA'a family by these attacks. A result of which, has been that the Plaintiff, and his family, have been compelled to seek outside counseling.

78. Plaintiff, and his family members, have had trouble sleeping, suffer from anxiety, and nervous-ness, and other trauma due to Defendant's outrageous, and intentional conduct.

79. Such outrageous conduct is further demonstrated by the fact that Defendant E. STIENE has encouraged others to distribute the subject content, including the images of the Plaintiff's minor child, *viz.*,

> "You are free to:
> "Share — copy and redistribute the material in any medium or format
> "Adapt — remix, transform, and build upon the material for any purpose, even commercially."

June 18, 2022: *https://www.youtube.com/watch?v=hjOSwJd6ZXM*

80. The complete disregard for the harm to the Plaintiff and the outrageous posting of the Plaintiff's minor child is further demonstrated by the fact that the notice of this was made to the Defendant at the time of the filing of the original Complaint in September 2022. See Complaint at ¶ 56. Yet, now, more than four months later, the Defendant has still not removed it, nor made any attempt to obscure or otherwise distort the image of Plaintiff's minor daughter.

81. As a result of Defendant's conduct, the Plaintiff is entitled to compensatory and punitive damages, as well as injunctive and Declaratory relief.

82. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000.

## CAUSE OF ACTION FOURTH

## AS AGAINST DEFENDANTS —

## PRIMA FACIE TORTIOUS CONDUCT

83. Plaintiff LANASA repeats, re-iterates, and incorporates herein ¶¶ 1 through 82 as if set forth herein.

83. The Defendants committed *prima facie* tort, as against the Plaintiffs LASNASA, TSR and DUNGEON HOBBY with their (i) intentional infliction of harm; (ii) causing special damages; (iii) without excuse or justification; (iv) by an act or series of acts that would otherwise be lawful.

84. The Defendants, acting in an outrageous, malicious and intentional manner, not only spread defamatory statements harmful to both the Plaintiff LANASA, individually, but also to the named Plaintiffs TSR and DUNGEON HOBBY, as harming their trade. See ¶¶ 24, 75.

85. The Plaintiff LANASA suffered emotional and psychological trauma, as a result of these actions. See ¶¶ 77, 78.

86. The Plaintiffs TSR and DUNGEON HOBBY suffered serious trade and special damages and adverse actions due to the subject postings of the Defendants (see ¶¶ 24, 75), along with irremediable damage within the gaming community.

87. In addition, thereto, the postings have resulted in Plaintiff LANASA expending assets for medical and other support services such as counseling due to the posting the picture of the Plaintiff's minor daughter.

88. These damages were "special damages', in the sense that they resulted in a direct pecuniary loss of income and business. See ¶¶ 24, 75.

88. The postings of the named Defendants were unjustified and inexcusable, as they were solely prompted by a malevolent desire to harm the Plaintiffs. This is demonstrated by the posting of a video containing the image of the Plaintiff LANASA'a minor child, without authorization, and resultant, to be expected, damage to the Plaintiff LANASA and his family. See ¶¶ 23 thru 27, *supra*.

89. Such actions on Defendants' part constituted a direct and knowing violation of New York Civil Rights L. §§ 50, 51, and the Youtube® Terms of Service. See ¶ 27.

90. The subject posting of the Plaintiff's minor child caused further damage and harm to the Plaintiff as it is recognized that child pornography sites often, through morphing and deep fake technology, sexualize innocent photographs of minor children — a fact that is well-known to the general public.

See "How innocent photos of children have been exploited on Twitter," Nat'l Center on Sexual Exploitation (Feb. 2017). *https://endsexualexploitation.org/articles/article-innocent-photos-children-exploited-twitter/*

91. Such postings would otherwise be lawful and justified, in the absence of such outrageous conduct, and if done with the requisite permission, that was never granted.

92. Such postings include, but are not limited ot:

E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case" 01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

**March 17, 2022:**
E. STEINE asserting Plaintiff LANASA of engaging in violent sexual conduct demonstrating actionable malice on Defendant E. STIENE's part:
"Mario77 [a name that the Defendant ascribed to Plaintiff LANASA], aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin" 0:28

Accusing Plaintiff LANASA of doxing, searching for and publish private or identifying information about a particular individual on the internet, with malicious intent to harm the Plaintiff, as *prima facie* tort:
"You doxed me, you little shit." 03:09

E. STIENE making violent sexual misconduct state-ments as to the Plaintiff LANASA, as *prima facie* tort:
"my wife just told you that she would grow a cock so you could eat that cock" 09:31

*https://www.youtube.com/watch?v=pSbVzLby37w*

Defendant E. STIENE, joined by Defendant L. STIENE, engaging in *prima facie* tort, posted a video in which he stated: "Here's the thing Justin. I already know your address; I already know your fucking phone number; I know your wife's phone number." *https://www.youtube.com/watch?v=pSbVzLby37w* @ 05:26.

93. As a result of Defendant's conduct, the Plaintiff is entitled to compensatory and punitive damages, as well as injunctive and Declaratory relief.

94. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000.

WHEREFORE, Plaintiffs demand judgment against the Defendant, as follows:

a. On the First Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

b. On the Second Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

c. On the Third Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

d. On the Fourth Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

e. An Order from this Court permanently enjoining the Defendant from posting anything on any social media platform, private or public, making any statement or reference to the named Plaintiffs herein;

f. The issuance of a public retraction of all defamatory, libelous and false claims;

g. Interest, costs, and disbursements of this action;

h. Punitive damages, in an amount to be determined at trial;

i. Both Pre-judgement and Post-Judgment Interest at the statutory rate;

j. For all legal fees and costs and disbursements of this Action; and

k. For such other further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues.

F.R.Civ.P. Rule 38.


Dated: January 17, 2023
       Somers, NY

                         _____

                         Bernard V. Kleinman, Esq.
                         LAW OFFICE OF
                             BERNARD V. KLEINMAN, PLLC
                         108 Village Square
                         Suite 313
                         Somers, NY 10589
                         Tel. (914) 644-6660
                         Fax: (914) 694-1647
                         Email:*attrnylwyr@yahoo.com*

To:   Daniel J. Schneider, Esq.
      Farber Schneider Ferrari LLP
      261 Madison Avenue
      26th Floor
      New York, NY 10016
      Attorneys for Defendant ERIK STIENE


      LOIS STIENE
      5209 Haspel Street
      # 2
      Elmhurst, NY 11373-4344

**VERIFICATION**

STATE OF North Carolina

COUNTY OF New Hanover }        s.s.:

I am JUSTIN LANASA, the named Plaintiff herein, and a principal in the named Plaintiffs TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC:

I have read the foregoing Verified Complaint and know the contents thereof.   I know the same is true to my own knowledge, except as to matters based upon information and belief, and to those matters I believe them to be true.

_____
JUSTIN LANASA

_____
TSR, LLC
By: Justin Lanasa

_____
DUNGEON HOBBY SHOP MUSEUM, LLC
By: Justin Lanasa


Sworn to Before Me
this 1⁴ day of January 2023

_____
Notary Public
State of North Carolina

Doxiene C. Smith
NOTARY PUBLIC
New Hanover County
North Carolina
My Commission Expires   October 10, 2027