# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305

TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

July 20, 2023

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C-S
Brooklyn, New York 11201

Re: *LaNasa, et al. v. Stiene*, 22-cv-5686

Your Honor:

This law firm represents the Plaintiffs in the above-captioned action.

As per the Court's Order of April 4, 2023, this letter shall set out any outstanding discovery issues that merit judicial intervention.

On May 1st, 2023, Plaintiff served on counsel for the Defendants, its Interrogatories and Document Demands, pursuant to F.R.Civ.P. Rules 33, 34, and the Scheduling Order of April 4, 2023. On June 2d, 2023, the Defendants responded.

As a result of the Defendants' failure to respond is any meaningful way (from Plaintiffs' perpective), on June 18, 2023, Counsel herein sent an email (attached hereto) to Defendants' counsel laying out the defects in Defendants' Responses. See F.R.Civ.P. Rule 37(a)(5)(i). See Attachment A. As of this date no response has been received from Defendants.

Furthermore, Plaintiffs' counsel has inquired as to what date the Defendants wished to depose Plaintiff LaNasa. No definitive response has been received.

The current scheduling order sets all "fact discovery" to be completed by August 23, 2023.

As that date does not appear to be achievable based upon the current level of Discovery, it is anticipated that a new date for the completion of such discovery needs to be set.

As to Defendants' Discovery Demands, notwithstanding the Order of April 4, 2023, that "The parties will serve initial document requests and interrogatories by 5/1/2023.", the Defendants did not serve their Demands until May 4, 2023. These were responded to on June 16, 2023 by the Plaintiffs. No Objection has been received by the Plaintiffs to their Responses to said Demands.

Hon. Vera M. Scanlon, U.S.M.J.
Re: LaNasa et al v. Stiene, 22-cv-5686
20 July 2023 — page two

      As there is a scheduled Status Conference set for July 27, 2023 at 4:30 p.m., before Your Honor, it is anticipated that some (all?) of these issues can (hopefully) be resolved.

      Respectfully submitted,

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Attorney for Plaintiffs

cc: All counsel of record via ECF

## LaNasa v Stiene: Rule 37(a)(5)(i) Good Faith attempt to Obtain Disclosure

From:   Bernie Kleinman (attrnylwyr@yahoo.com)

To:     rlower@fsfllp.com; dschneider@fsfllp.com

Date:   Sunday, June 18, 2023 at 01:34 PM EDT

    Pursuant to the above-referenced Rule, Plaintiffs make this Good Faith attempt to resolve Discovery Demands prior to the filing of any Motion to Compel.

    Defendants object to the Demands for multiple reasons, none of which are a valid basis under the Rules.

    First of all, any claim that an answer is not merited due to assertion that that the Plaintiffs' Demand is based upon an "inactionable opinion" is not merited.  The Court has not ruled n Defendants' Rule 12 Motion.  It is Plaintiffs' position that all of the asserted defamatory statements are actionable under New York law.  Until, and unless, then Court Rules otherwise, these interrogatories must be answered.  See Answer Nos. 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21.

    Secondly, the Defendants have included repetitious arguments in their Response that are not related to Discovery but merely a repetition of their attempt to seek dismissal. This is an Interrogatory, not a Motion or Memorandum of Law.  This is improper and does not comply with the Rules.  See Answer No. 9.

    Thirdly, As the Defendants have failed to file an Answer as yet, and it is unknown to what extent any Affirmative Defenses will be raised, and whether any Counter-Claims will be filed, and the expansive and liberal nature of Discovery, none of the Interrogatories, or Demands are outside the scope of reasonable and acceptable Discovery.

    Fourthly, the position that a demand is a "fishing expedition" as a defense to not responding, as Counsel hopefully should know is an unacceptable and irresponsible response.  This is an all-too-common plaint of the individual who seeks to avoid their lawful duty to comply with a discovery request. As the Supreme Court has stated "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  See also *Walsh v. Top Notch Home Designs Corp.*, 2022 WL 3300190 at *1 (E.D.N.Y. Aug. 11, 2022); *Bridgewater v. Taylor*, 745 F. Supp.2d 355 (S.D.N.Y. 2010) ("The 'fishing expedition' objection to discovery under the Federal Rules of Civil Procedure was expressly rejected by the Supreme Court more than 60 years ago."  *Id*. at 358 n. 1, citing to *Hickman*, *supra*.).  You further object on the basis that an

[ATTACHMENT A]

interrogatory "constitutes a <u>premature</u> fishing expedition" See Answer No. 24. Emphasis added. Plaintiffs' counsel needs to know what would constitute a valid or "mature" "fishing expedition"? Thus, this "excuse" is rejected out of hand. See Answers Nos. 1, 2, 3, 4, 5, 23, 24, 25.

    Fifthly, not a single one of the Interrogatories or Demands was answered. This demonstrates a total lack of good faith in the Discovery process, a desire to extend this proceeding for as long as possible, and to avoid a merits determination of the Plaintiffs' claims. Counsel for the Defendants surely are aware that the Plaintiffs will succeed in their claims of defamation and other tortious conduct, and are seeking only to delay the process for whatever reasons. This does not help the process along. Plaintiffs', in their Responses, while objecting to some of the Demands, did provide some Responses, and documents. Nothing was provided by the Defendants save an apparent text image with no context or other information, and was provided only "as a courtesy". Plaintiffs do not expect to receive :courtesy", merely compliance with the Rules. See Answer No. 19.

    Sixthly, objections that a Demand is "not proportional to the needs of this case" is further rejected as being completely indecipherable. As there has been no ruling on the Rule 12 Motion, and Defendants have yet to even file an answer, it is hard to understand how Defendants have decided, on their own, with no support in the record, that a Demand is "not proportional to the needs of this case". See Response Nos. 1 thru 8, 11 thru 23, 25.

    Seventh, a response such as "Defendants simply have not engaged in any publications", in the absence of an answer is unclear. See Response No. 20. Are the Defendants denying that they published any of the cited examples of defamation in the Amended Complaint? If so, this is not the proper place to do so, but in the Defendants' Answer.

    Eighth, the Interrogatories are clear and relate to the case at Bar. For example, Interrogatory/Demand 25 demands "documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, . . .", and enumerates fourteen persons, some of whom have already been listed as potential witnesses. It only seeks such documents related to this litigation. And, it seeks this information for the purpose of demonstrating the Defendants' repeated publication of the defamatory statements. It is reasonable and justifiable under the liberal interpretation of the Rules.

    Ninth, the Responses contain meaningless comments and statements that have nothing to do with Discovery. For example, Interrogatory No. 24 seeks:

    If you claim that Plaintiff LANASA made any admissions as to the
    subject matter of this lawsuit, state: the date made; the time

[ATTACHMENT A]

```
          and address for each person to whom any such admission was made;
          where made; the name and address for each person present at the
          time any such admission was made; the contents of the admission;
          and if in writing, attach a copy.
```

This is a common Interrogatory in Discovery (used in both State and federal cases); and it is surprising that Defendants' counsel is not aware of this.  See F.R.E. Rule 804(b)(3).  Your failure to Respond to even this basic Interrogatory demonstrates a desire to not engage in any discovery at all.

     Tenth, the Defendants' response to Interrogatory No. 24 is "Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived)."  What this Response has to do with this Interrogatory, save some feeble attempt at intimidation (which is certainly beneath the dignity of Defendants' counsel), is unknown to Plaintiffs' Counsel.  Again, no Answer or Counter-Claims have been filed as yet; with nothing preventing them from doing so.

     Plaintiffs seek only to secure Discovery clearly merited under the Rules and to move this case to a merits' resolution.  I would hope and expect that Defendants would similarly like to achieve the same goal rather than merely incurring fees and expenses to be paid by their client.  As such, Plaintiffs will grant Defendants until July 10th, 2023 before a Motion to Compel is filed.

Yours, etc.,

B. Kleinman


**Bernard V. Kleinman**, Esq.
**Attorney-at-Law**
**Law Office of Bernard V. Kleinman, PLLC**
**108 Village Square**
**Suite 313**
**Somers, NY 10589-2305**
**Tel. 914-644-6660**
**Fax: 914-694-1647**
**Mobile: 203-981-0781**
LinkedIn: https://www.linkedin.com/in/bvkattorney

*This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at (914) 644-6660, or by reply e-mail, and destroy all copies of the original message. Thank you.*
*Et cognoscetis veritatem, et veritas liberabit vos*

[ATTACHMENT A]