UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

Justin Lanasa,

    *Plaintiff,*       **ORDER**

TSR LLC,           22-cv-5686(KAM)(VMS)

    *Plaintiff,*

Dungeon Hobby Shop Museum LLC,

    *Plaintiff,*

  -against-

Erik Stiene,

    *Defendant,*

Lois Stiene,

    *Defendant.*

--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

  Plaintiff TSR LLC filed a notice of automatic stay of proceedings, pursuant to 11 U.S.C. § 362, based on its June 8, 2023 filing for bankruptcy relief in the United States Bankruptcy Court for the Eastern District of North Carolina. (ECF No. 37, Notice of Filing Bankruptcy.) Defendants Erik Stiene and Lois Stiene ("Defendants") oppose Plaintiff TSR LLC's notice of a stay. (ECF No. 38, Letter.) Defendants argue that the automatic stay provision of § 362 applies only to actions brought *against* a debtor-party, whereas every claim in the instant action was *brought* by Debtor-Plaintiff TSR LLC.

The § 362 stay created by the filing of a bankruptcy petition is automatic and immediate. *See In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987). The stay applies to "a judicial, administrative, or other action or proceeding" that is "against the debtor," if the action or proceeding arose before the commencement of the bankruptcy filing. 11 U.S.C. § 362(a)(1).

Here, the instant action had commenced – and had proceeded to a fully briefed motion to dismiss - before Plaintiff TSR LLC's bankruptcy filing on June 8, 2023. Therefore, the Court must consider whether this action is "against the debtor" such that the automatic stay applies.

At least four circuit courts have held that § 362's automatic stay provision does not apply to actions initiated by a debtor-plaintiff. *See, e.g. In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) ("The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor."); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("[T]he automatic stay is inapplicable to suits *by* the . . . [debtor] . . . [t]here is . . . no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."); *Checkers Drive-In Restaurants, Inc. v. Comm'r of Pats. & Trademarks*, 51 F.3d 1078, 1084-85 (D.C. Cir. 1995) ("[I]t is well settled in this

2

circuit and others that the section 362(a) automatic stay does not require persons involved in litigation with a debtor to capitulate to the debtor's every demand."); *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448-49 (3d Cir. 1982) ("Section 362 by its terms only stays proceedings *against* the debtor . . . whether a case is subject to the automatic stay must be determined at its inception.").

The Second Circuit has not specifically held that § 362's automatic stay provision does not apply to actions brought by plaintiff-debtors, i.e., that the provision is limited to actions brought against a debtor. The Second Circuit, however, has held that whether an action is considered to be "against" a debtor "must be determined in accordance with [the debtor's] status [in the case] at the time of the original proceeding." *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The Second Circuit also noted in dicta in *In re Berry Ests., Inc.* that several state court actions were not subject to an automatic stay because the debtor was the plaintiff at the commencement of those state court actions. 812 F.2d 67, 71 (2d Cir. 1987); *see also Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 475 (E.D.N.Y 1998) ("However, the stay only applies when the action is 'against the debtor'. An action is 'against the debtor' if it was initiated against the debtor." (citation omitted)).

3

Here, Plaintiff TSR LLC asserted claims for relief against Defendants. (ECF No. 20, "Compl.".)  In response, Defendants moved to dismiss. (ECF No. 32, Motion to Dismiss.)  As the claims raised by Plaintiff TSR LLC are claims asserted by, and not against, the debtor, they are not subject to the automatic stay and can be adjudicated.

Accordingly, this action may continue without a stay as to Plaintiff TSR LLC.  If a trustee is assigned to Plaintiff TSR LLC's bankruptcy filing, and wishes to inform the Court as to how and whether Plaintiff TSR LLC will continue to prosecute this case, the trustee must do so by September 4, 2023.  Plaintiff's counsel is directed to serve a copy of this Order on any such trustee, and note service on the docket or submit a letter indicating why service could not be completed, by August 4, 2023.

**SO ORDERED**

Dated:     July 21, 2023
           Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4