UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=========================================  :
JUSTIN LANASA, TSR, LLC, and             :
DUNGEON HOBBY SHOP MUSEUM, LLC,          :   Case No. 22-cv-5686-KAM-VMS
          Plaintiffs,                         :
                                         :
     — versus —                          :
                                         :
ERIK STIENE, and LOIS STIENE, aka RACHEL :
STIENE,                                  :
        Jointly and Severally,                :
             Defendants.                  :
=========================================  :

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

    Plaintiffs **JUSTIN LANASA, TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC** ("Plaintiffs") and Defendants **ERIK STIENE, and LOIS STIENE, aka RACHEL STIENE** ("Defendants"), (together, the "Parties"), by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

    1. This Protective Order shall apply to documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

    2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The Parties seek to restrict public access or dissemination of certain types of confidential information. To the extent that such information cannot be filed in a redacted format, the Parties may elect at the time of production to designate as "CONFIDENTIAL" documents, materials and/or information they produce containing the following non-exclusive types of non-public information: (1) Social Security numbers, driver's license information, financial account numbers, income tax information, residential addresses, personal email addresses, personal phone numbers, salary and compensation information; (2) sensitive non-public medical information regarding the Parties or any third-Parties; (3) trade secrets, confidential, and/or proprietary information of the Parties not publicly available; and, if agreed upon by counsel for all Parties or ordered by the Court (4) other documents, materials, and/or information of a personal nature that implicates a privilege or legitimate privacy and/or confidentiality interest. As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party, who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4. CONFIDENTIAL information shall not be disclosed, published or disseminated, in any manner, electronic or otherwise, or used for any purpose whatsoever except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties and designated representatives for Plaintiffs and/or Defendant, solely as is necessary for the preparation of trial;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) any other persons by written agreement of the parties.

Prior to disclosing any CONFIDENTIAL information to persons listed in (c), (d), (g), or (h) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written assurance in the form attached as **Exhibit A**.  All such assurances shall be retained by respective counsel and shall be produced to counsel for the other party upon request.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner, in at least 12-point type, the following or other appropriate notice: "CONFIDENTIAL."

7. The Parties have entered into a Non-Waiver Clawback Agreement related to the inadvertent or unintentional disclosure by the producing party of confidential and/or privileged information. A copy of the Non-Waiver Clawback Agreement is attached as **Exhibit B**.

8. All depositions shall be treated as CONFIDENTIAL until the expiration of forty-five (45) days after the delivery of the deposition transcript has been made by the designated reporter to the respective counsel. Whenever a deposition involves the disclosure of CONFIDENTIAL information, or portions thereof, shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after receipt of transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five (45) days after notice by the court reporter of the completion of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to schedule a mutually convenient time for a telephone conference with the Court as referenced in the Court's Practice Standards in order to request that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such contact with the Court is timely

made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the issue. If the designating Party fails to contact the Court within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a request made to the Court under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. As with all Court filings, the Parties shall comply with all relevant Local Rules as to any request to restrict access based on this Protective Order.

11. At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party designating them as CONFIDENTIAL, and shall retain no copies, in electronic or other format.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard. DONE AND ORDERED this ___ day of _____, 2023.

_____
Vera M. Scanlon
United States Magistrate Judge

- 6 -

STIPULATED TO AND APPROVED AS TO FORM this _____ day of August, 2023.

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

_____
Bernard V. Kleinman, Esq.
108 Village Square
Suite 313
Somers, New York 10589-2305
Tel. (914) 644-6660
Fax. (914) 694-1647
attrnylwyr@yahoo.com
*ATTORNEYS FOR PLAINTIFFS*

FARBER, SCHNEIDER, FERRARI, LLP

_____
Daniel Schneider, Esq.

_____
Robert B. Lower, Esq.
261 Madison Avenue
26th Floor
New York, NY 10016
Tel. (212) 972-7040
*rlower@fsfllp.com* and *dschneider@fsfllp.com*
*ATTORNEYS FOR DEFENDANTS*

**EXHIBIT A**
**WRITTEN ASSURANCE**
_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *LaNasa et al. v. Stiene, et al.,* 22-cv-5686-KAM-VMS, pending in the United States District Court for the Eastern District of New York. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information, documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such information, documents, or copies of documents except for the purposes of the action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of the above-referenced action, I shall return to the attorney from whom I received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Signature: _____
Executed on: _____

- 9 -

## EXHIBIT B
## NON-WAIVER CLAWBACK AGREEMENT

THIS NON-WAIVER CLAWBACK AGREEMENT (this "Agreement") is made and entered into by and among Plaintiffs **JUSTIN LANASA, TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC** ("Plaintiffs") and Defendants **ERIK STIENE, and LOIS STIENE, aka RACHEL STIENE** ("Defendants").

Either Plaintiffs or Defendants may be referred to herein as "Party" or collectively as "Parties."

WHEREAS, the Parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable source of law;

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" and not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Privileged Material");

WHEREAS, some of the ESI and other documents produced in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Work-Product Material");

WHEREAS, the Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work

Product Material and Privileged Material (collectively "Protected Material") may be inadvertently disclosed to the other Party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the Parties, thereby exacerbating the risk of inadvertent disclosure of Protected Material;

WHEREAS, the Parties wish to avail themselves of the full protection available under Federal Rules of Procedure and Evidence, including Federal Rule of Civil Procedure 26(b)(5)(B), and Rule 502, Federal Rules of Evidence; and

WHEREAS, the undersigned Parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material, and keep the disclosed Protected Material confidential to the maximum extent possible.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Agreement shall govern the disclosure of Protected Material in this action.

## NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any ESI or paper record which is subject to a legitimate claim that the ESI or paper record should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that ESI or paper record or for the subject matter of the inadvertently disclosed information, if the Producing Party, upon becoming aware of the disclosure, promptly provides notice and requests its return. The inadvertent disclosure shall also not estop that Party or the privilege holder from designating the information or document as

attorney-client privileged or subject to the work product doctrine or any level of confidentiality at a later date.

2. In order to be entitled to this protection, there shall be no requirement for the Producing Party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

3. Except in the event that the Requesting Party disputes the claim, any ESI or paper record that the Producing Party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the Producing Party or destroyed at the Producing Party's option. This includes all copies, electronic or otherwise, of any such information. In the event that the Producing Party requests destruction, the Requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

4. In the event that the Requesting Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the Requesting Party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). The Requesting Party may promptly present the information to the Court under seal for a determination of the claim. If the Requesting Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

5. If the Requesting Party receives a paper record or ESI file that it knows or believes is privileged or subject to evidentiary protection, then the Requesting Party shall:

(a) refrain from reading the document or ESI any more closely than is necessary to ascertain that it is privileged; (b) promptly notify the Producing Party in writing that it has discovered documents believed to be Protected Material; (c) identify the documents or ESI by Bates type control number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents and ESI, along with any notes, abstracts or compilations of the content thereof, within ten (10) days of receiving confirmation from the Producing Party that such documents and/or ESI are privileged or subject to evidentiary protection.  Where such documents or ESI cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Requesting Party. Notwithstanding, the Requesting Party is under no obligation to search or review Producing Party's documents or ESI to identify potentially privileged or work product protected documents or ESI.

6. Any such Protected Material inadvertently disclosed by the Producing Party to the Requesting Party pursuant to this Agreement shall be and remain the property of the Producing Party.

7. The Parties wish to avail themselves of the full protection provided under Rule 502, Federal Rules of Evidence, and this Agreement and hereby stipulate to the entry of a Court Order under Rule 502(d) and (e).

8. Any Protected Material disclosed in this litigation is to be considered confidential and proprietary to the Producing Party and the Requesting Party shall hold the same in confidence and shall not use or disclose the Protected Material except as specified under this Agreement or specific orders of the Court pertaining to the Protected Material. The Parties shall limit the disclosure of all Protected Material only to those persons with a

need to know the information for purposes of supporting their position under this Agreement. Moreover, the Protected Material will not be disclosed, published or otherwise revealed to any other Party in this litigation except with the specific prior written authorization of the Producing Party.

9. If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement, the Party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material, and promptly inform the Producing Party of the disclosure.

GENERAL PROVISIONS

10. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

11. Upon signature by the Parties' attorneys below, this Agreement shall be binding on the Parties, regardless of whether or when the Court enters an Order approving and directing compliance therewith.

12. Nothing herein shall prevent any Party from applying to the Court for a modification of this Agreement should the moving Party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the Parties to any modification of this Agreement, subject to the approval of the Court.

13. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

- 14 -

STIPULATED TO AND APPROVED AS TO FORM this _____ day of August, 2023.

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

_____
Bernard V. Kleinman, Esq.
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. (914) 644-6660
Fax. (914) 694-1647
*attrnylwyr@yahoo.com*
ATTORNEYS FOR PLAINTIFFS

FARBER, SCHNEIDER, FERRARI, LLP

_____
Daniel Schneider, Esq.

_____
Robert B. Lower, Esq.
261 Madison Avenue
26th Floor
New York, NY10016
Tel. (212) 972-7040
*rlower@fsfllp.com* and *dschneider@fsfllp.com*
ATTORNEYS FOR DEFENDANTS