# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

## ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305

TEL: (914) 644-6660     E-MAIL: ATTRNYLWYR@YAHOO.COM     FAX: (914) 694-1647

September 26, 2023

Daniel J. Schneider, Esq.
Robt. Lower, Esq.
Farber Schneider Ferrari LLP
261 Madison Avenue
26th Floor
New York, NY 10016

Re: *LaNasa, et al. v. Stiene, et al.*, 22-cv-5686

Dear Counsel:

On May 1, 2023 I served upon you the attached (as "A") Interrogatories and Document Demands. On June 2d, 2023 (though late under the Rules) you served your Responses and Objections (attached as "B"). On June 18th, 2023, after conferring with my client, I emailed my responses to your objections, pursuant to Rule 37(a)(5)(i). These objections to your Response and Objections are as set forth below:

Pursuant to the above-referenced Rule, Plaintiffs make this Good Faith attempt to resolve Discovery Demands prior to the filing of any Motion to Compel.

Defendants object to the Demands for multiple reasons, none of which are a valid basis under the Rules.

First of all, any claim that an answer is not merited due to assertion that that the Plaintiffs' Demand is based upon an "inactionable opinion" is not merited. The Court has not ruled n Defendants' Rule 12 Motion. It is Plaintiffs' position that all of the asserted defamatory statements are actionable under New York law. Until, and unless, then Court Rules otherwise, these interrogatories must be answered. See Answer Nos. 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21.

Secondly, the Defendants have included repetitious arguments in their Response that are not related to Discovery but merely a repetition of their attempt to seek dismissal. This is an Interrogatory, not a Motion or Memorandum of Law. This is improper and does not comply with the Rules. See Answer No. 9.

Thirdly, As the Defendants have failed to file an Answer as yet, and it is unknown to what extent any Affirmative Defenses will be raised, and whether any Counter-Claims will be filed, and the expansive and liberal nature of Discovery, none of the Interrogatories, or Demands are outside the scope of reasonable and acceptable Discovery.

Daniel Schneider, Esq., Robt. Lower, Esq.
Re: *Lanasa et al v. Stiene et al*., 22cv5686
26 September 2023 — page two

Fourthly, the position that a demand is a "fishing expedition" as a defense to not responding, as Counsel hopefully should know is an unacceptable and irresponsible response.  This is an all-too-common plaint of the individual who seeks to avoid their lawful duty to comply with a discovery request. As the Supreme Court has stated "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See also *Walsh v. Top Notch Home Designs Corp.*, 2022 WL 3300190 at *1 (E.D.N.Y. Aug. 11, 2022); *Bridgewater v. Taylor*, 745 F. Supp.2d 355 (S.D.N.Y. 2010) ("The 'fishing expedition' objection to discovery under the Federal Rules of Civil Procedure was expressly rejected by the Supreme Court more than 60 years ago." *Id.* at 358 n. 1, citing to *Hickman*, *supra*.).  You further object on the basis that an interrogatory "constitutes a <u>premature</u> fishing expedition"  See Answer No. 24.  Emphasis added. Plaintiffs' counsel needs to know what would constitute a valid or "mature" "fishing expedition"?  Thus, this "excuse" is rejected out of hand.  See Answers Nos. 1, 2, 3, 4, 5, 23, 24, 25.

Fifthly, not a single one of the Interrogatories or Demands was answered. This demonstrates a total lack of good faith in the Discovery process, a desire to extend this proceeding for as long as possible, and to avoid a merits determination of the Plaintiffs' claims.  Counsel for the Defendants surely are aware that the Plaintiffs will succeed in their claims of defamation and other tortious conduct, and are seeking only to delay the process for whatever reasons. This does not help the process along.  Plaintiffs', in their Responses, while objecting to some of the Demands, did provide some Responses, and documents. Nothing was provided by the Defendants save an apparent text image with no context or other information, and was provided only "as a courtesy".  Plaintiffs do not expect to receive "courtesy", merely compliance with the Rules.  See Answer No. 19.

Sixthly, objections that a Demand is "not proportional to the needs of this case" is further rejected as being completely indecipherable.  As there has been no ruling on the Rule 12 Motion, and Defendants have yet to even file an answer, it is hard to understand how Defendants have decided, on their own, with no support in the record, that a Demand is "not proportional to the needs of this case".  See Response Nos. 1 thru 8, 11 thru 23, 25.

Seventh, a response such as "Defendants simply have not engaged in any publications", in the absence of an answer is unclear.  See Response No. 20.  Are the Defendants denying that they published any of the cited examples of defamation in the Amended Complaint? If so, this is not the proper place to do so, but in the Defendants' Answer.

Eighth, the Interrogatories are clear and relate to the case at Bar.  For example, Interrogatory/Demand 25 demands "documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, . . .", and enumerates

Daniel Schneider, Esq., Robt. Lower, Esq.
Re: *Lanasa et al v. Stiene et al.*, 22cv5686
26 September 2023 — page three

fourteen persons, some of whom have already been listed as potential witnesses. It only seeks such documents related to this litigation.  And, it seeks this information for the purpose of demonstrating the Defendants' repeated publication of the defamatory statements.  It is reasonable and justifiable under the liberal interpretation of the Rules.

Ninth, the Responses contain meaningless comments and statements that have nothing to do with Discovery.  For example, Interrogatory No. 24 seeks:

If you claim that Plaintiff LANASA made any admissions as to the subject matter of this lawsuit, state: the date made; the time and address for each person to whom any such admission was made; where made; the name and address for each person present at the time any such admission was made; the contents of the admission; and if in writing, attach a copy.

This is a common Interrogatory in Discovery (used in both State and federal cases); and it is surprising that Defendants' counsel is not aware of this.  See F.R.E. Rule 804(b)(3).  Your failure to Respond to even this basic Interrogatory demonstrates a desire to not engage in any discovery at all.

Tenth, the Defendants' response to Interrogatory No. 24 is "Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived)."  What this Response has to do with this Interrogatory, save some feeble attempt at intimidation (which is certainly beneath the dignity of Defendants' counsel), is unknown to Plaintiffs' Counsel.  Again, no Answer or Counter-Claims have been filed as yet; with nothing preventing them from doing so.

Plaintiffs seek only to secure Discovery clearly merited under the Rules and to move this case to a merits' resolution.  I would hope and expect that Defendants would similarly like to achieve the same goal rather than merely incurring fees and expenses to be paid by their client.  As such, Plaintiffs will grant Defendants until July 10th, 2023 before a Motion to Compel is filed.

To date no response has been received, nor any attempt to comply with the Interrogatories as served upon you as counsel for the Defendants, nor any follow-up to avoid motion practice.

Further, on August 11, 2023, I emailed you regarding settling this matter, and requested that, while such discussions might bear fruit, I made the following (more than reasonable) statement:

I am concerned that any such discussions may well end up on your clients' youtube site (or otherwise), based upon his apparent penchant for publishing comments regarding this litigation.

Daniel Schneider, Esq., Robt. Lower, Esq.
Re: *Lanasa et al v. Stiene et al.*, 22cv5686
26 September 2023 — page four

If you do wish to have a concrete, fruitful discussion regarding settlement I am open to this, however, I will require a written acknowledgment from Defendants' counsel that none of the settlement discussions will be published or otherwise broadcast beyond the parties and their counsel. (If you request it, I will certainly provide a similar representation regarding the Plaintiffs.)

To this more than reasonable request, I never received any response whatsoever.

By this letter I am requesting that (a) Defendants' respond, substantively, to the more than reasonable Interrogatories and Document Demands, as your objections bear no reasonable basis (legal or otherwise) for refusal, and (b) you provide a written response to my August 11, 2023 email. If I do not receive a satisfactory response to Plaintiffs' Interrogatories and Document Demands by October 2, 2023, I will assume that none is forthcoming, and will seek judicial intervention.

There has been considerable delay in this case; for example, I submitted to you, after drafting same, a Proposed Protective Order on August 8, 2023. After some back and forth, and in order to move this along, I agreed to almost all of your proposed changes, notwithstanding the fact that my draft Protective Order was fully compliant with the Rules. (The only objection which you included was my rejection of your baseless demand that the caption of the case, which both appears in the Docket Sheet, and has been used by you as Defendants' counsel, be amended without any Court authorization.) The "Proposed" Protective Order was efiled on September 11th, 2023, and we are waiting for the Court to indicate its approval.

In addition, thereto, while the Defendants' Rule 12 Motion to Dismiss has been fully submitted as of May 8, 2023, the Court has not ruled on same, and whether it will do so anytime soon (especially with the pending Government shutdown which will negatively impact the courts) is problematic. To hold up discovery (all of which is to be completed by November 10, 2023) based upon Defendants' unfounded and fanciful belief that it will achieve total success in its Motion, does a disservice to all parties, including the Court.

Yours, *etc*.,

_____
Bernard V. Kleinman, Esq.
Attorney for Defendants

By Email & USPS & ECF
cc: J. Lanasa

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:    Bernard V. Kleinman, Esq.
       108 Village Square
       Suite 313
       Somers, NY 10589-2305
       Tel. 914.644.6660
       Fax 914.694.1647
       Email: *attrnylwyr@yahoo.com*
       Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

===========================================

| | |
|---|---|
| **JUSTIN LANASA, TSR, LLC, and**<br>**DUNGEON HOBBY SHOP MUSEUM, LLC,**<br>                    **Plaintiffs,**<br><br>              *— versus —*<br><br>**ERIK STIENE, and LOIS STIENE, aka RACHEL**<br>**STIENE,**<br>              **Jointly and Severally,**<br>                    **Defendants.** | **Case No. 22-cv-5686-KAM-VMS**<br><br>**PLAINTIFFS' INITIAL**<br>**INTERROGATORIES &**<br>**DEMAND FOR PRODUCTION**<br>F.R.Civ.P. Rules 33, 34 |

===========================================

TO:
       Daniel Schneider, Esq.
       Robt. Lower, Esq.
       Attorneys for Defendants
       Farber, Schneider, Ferrari, LLP
       261 Madison Avenue
       26th Floor
       New York, NY10016

Pursuant to Scheduling Order as entered on or about April 5, 2023, please be advised of the following Initial Interrogatories and Demand for Documents,

PLEASE TAKE NOTICE that Plaintiffs, JUSTIN LANASA, TSR LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC, (hereinafter referred to as "LANASA"), by and through their attorney, Bernard V. Kleinman, Esq., do hereby demand Answers to the following Initial Interrogatories, under oath, and in the manner and within the time prescribed by law.

["A"]

If you do not have exact information, provide approximate information and state that same is approximate.

DEFINITIONS

As used in this discovery request, the fully CAPITALIZED terms have the following meanings:

ADDRESS means a mailing address and a street address that includes a room, suite, or apartment number, city, state, and zip code;

COMMUNICATION and/or COMMUNICATE refers to any instance in which information is conveyed by or between one or more PERSONS by any means, both oral and written, including telephone calls, facsimiles, transmission of DOCUMENTS, oral conversations, letters, telegrams, and memoranda;

COMPLAINT means the AMENDED VERIFIED COMPLAINT filed in this action, designated at ECF No. 20;

CONTRACT, AGREEMENT, and/or CONTRACTUAL AGREEMENT refers to any business arrangement for the supply of goods and/or services;

DESCRIBE or DESCRIBE IN DETAIL, STATE, or SET FORTH IN DETAIL means to relate as completely as possible each and every act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject of the description, including all pertinent dates and, without limitation to the foregoing, to identify all documents, communications, persons, or locations directly or indirectly related thereto;

DOCUMENT refers to any medium used for recording and retrieving information, including all writings of any kind, including the original and all non-identical copies, whether different from the originals by reason of any notation made on such copies, or otherwise (including, without

["A"]

limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical, or electrical records or representations of any kind (including, without limitation, tapes, cassettes, disks, or recordings), any written, typed, printed, or graphic matter, however preserved, produced, or reproduced, of any type or description; regardless of origin or location;

DURING THE RELEVANT TIME PERIOD refers to any time during which the alleged occurrences, as set forth in the Amended Complaint, took place and up to the present time, unless otherwise specified in the request;

IDENTIFY means to describe a WRITING with such particularity as YOU would require a motion to produce, or to provide the name, address, and telephone number of a PERSON;

LOCATE or LOCATION means to provide a detailed physical description of exactly where a PERSON, object, or event can be found or occurred, including, but not limited to, an ADDRESS;

OCCURRENCE(S) and INCIDENT refers to the event or events as set forth and alleged in the Complaint and/or Counter Claim the subject matter of this action;

PERSON means any natural person as well as all types of business, including associations, subsidiaries, companies, partnerships, joint ventures, corporations, trusts, estates, governmental agency, governmental body, administrative entity, and public entities;

PLAINTIFFS, means all of the named Plaintiffs, *i.e.*, JUSTIN LANASA, TSR LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC, unless otherwise specified;

PROFESSIONAL AND/OR BUSINESS ASSOCIATION refers to any relationship, alliance, affiliation, correlations, or any other connection whatsoever;

POLICY means a rule, procedure, or directive, formal or informal, written or unwritten, and includes each common practice, custom, and understanding of course of conduct recognized and accepted as such by YOU or by PERSONS subject to it;

PUBLISH, means to disseminate a statement to anyone other than the party alleged to be defamed, through any medium, electronic, or otherwise;

RESPONDING PARTY means any PERSON or PERSONS providing any response or responses to any aspect of any discovery demand;

SUBJECT PREMISES means the premises identified in the Complaint as the geographic location of the incident;

WRITING means any and all handwritten material, type written material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing together with any form of communication or other representation which would constitute a WRITING within the meaning of the Federal Rules of Evidence;

YOU or YOUR means the above-named Defendants jointly, and includes your agents, employees, attorneys, advisors, and any other PERSON acting on your behalf.

GENERAL PROVISIONS AND INSTRUCTIONS FOR DISCOVERY

A. Whenever a request for documents or an answer is framed in the conjunctive, it also shall be taken in the disjunctive and *vice versa*.

B. Whenever a request for documents or an answer is framed in the singular, it also shall be taken in the plural and *vice versa*.

C. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

D. All documents or an answer produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of these interrogatories, documents produced shall be segregated further and identified as indicated in said paragraph. For any documents that are stored or maintained in files in the normal course of business, all such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

E. For each document that is responsive to these interrogatories that is sought to be withheld under a claim of privilege, the following information shall be provided:

    (i) the place, date, and manner of recording or otherwise preparing the document;

    (ii) the name and title of the sender and the name and title of recipient of the document;

    (iii) a summary of the contents of the document;

    (iv) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    (v) the identity of each person to whom the contents of the document heretofore have been communicated by copy, exhibition, sketch, reading or substantial summarization, the date(s) of said communication, and the employer and the title of said person at the time of said communication;

    (vi) a statement of the basis on which privilege is claimed; and

(vii) the identity of the person or persons supplying your attorney with the information requested in subsections (E.i) and (E.vi) above,

F. All documents produced in response to these interrogatories shall include originals and shall be produced in total, notwithstanding the fact that portions thereof may contain information not requested, shall include interim as well as final editions of a document, and shall include all editions or copies of a document that are not identical to (whether due to handwritten notations or revisions or otherwise) the original or other produced copy of a document.

G. These interrogatories shall be deemed to be continuing and any information secured subsequent to the filing of answers thereto, which would have been includable in the answers to these interrogatories had it been known or available, shall be supplied by Supplemental Answers as provided by the Rules of this Court.

H. In answering these interrogatories, Defendants shall furnish not only such information as is available to the particular individual(s) answering the interrogatories, but also such information as is known to each employee, representative, or agent, including their attorneys, investigators, and experts.

I. In the event that any information is sought to be withheld under a claim of privilege, provide the information requested in Paragraph E above for all documents related to or reflecting the information for which a claim of privilege is asserted.

J. Whenever in an answer to these interrogatories reference is made to a conversation or oral statement, give the date and place thereof; the identity of the persons involved in the conversation or oral statement, the identity of any persons present and the substance of the conversation or oral statement. If a verbatim version is available, please provide that.

K. If the information called for by an interrogatory is in whole or in part contained in documents, the information may be supplied by attaching copies of the relevant documents to your answers to the interrogatories to the extent that the documents contain the information requested, as long as same is noted in narrative form in the answer to interrogatory.

L. If there is insufficient space to answer an interrogatory, the remainder of the answer should be put on a supplemental sheet

M. Whenever an interrogatory requests an answer for which there is more than one answer, each answer to the interrogatory is to be set forth in detail.

INITIAL INTERROGATORIES & DOCUMENT DEMANDS

1. Identify all persons with knowledge of the facts enumerated in the AMENDED COMPLAINT, their current address, and the knowledge held by each and every person, and identify and attach hereto a copy of any writing relating, regarding, referring to, or reflecting these facts.

ANSWER:


2. Identify any and all lawsuits, administrative adjudications, or any other legal or regulatory proceeding in which any of the named Defendants, ERIK STIENE, LOIS STIENE and RACHEL STIENE, were named as a Defendant, Respondent, Plaintiff, Petitioner, or in any other capacity, including that as a Witness, whether work related or not including: the parties or entities that brought said lawsuit; the nature of the claims; the attorneys (including said attorney's name, address, and telephone number) representing each of the parties to said lawsuit; the dates and dispositions of each lawsuit; the court in which such lawsuit was brought; and docket numbers for each action.

ANSWER:

3. State the names, addresses, and telephone numbers of any eyewitnesses to any event or occurrence complained of and state the relationship to you of any such eyewitness. Included herein are the names of the parties present at the time of any of the events set forth in the Amended Complaint, and their addresses, telephone numbers, and email addresses.

ANSWER:

4. With regard to Tenkars Tavern:

a. Provide the income and sources thereof for Tenkars Tavern for the years 2017 through 2023.

ANSWER:

b. Provide the names of any parties or entities with which Tenkars Tavern has a contractual relationship.

ANSWER:

c. State the names, and addresses, of any parties or entities with a pecuniary or financial or possessory interest in Tenkars Tavern.

ANSWER:

5. Identify the names of any parties, other than ERIK STIENE, who appear in, or whose voice is recorded and broadcast, in any of the following Youtube® videos. Provide the date stamp location of said individual's appearance, either by video appearance, or voice:

**January 08, 2022:**
*https://www.youtube.com/watch?v=wDl3Wo6WTuU*

**January 09, 2022:**
https://www.youtube.com/watch?v=AbpJ-djtNk0

ANSWER:

> **February 08, 2022:**
> *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

> **February 18, 2022:**
> *https://www.youtube.com/watch?v=hxsDOlDPkDc*

ANSWER:

> **March 17, 2022:**
> *https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

> **May 10, 2022:**
> *https://www.youtube.com/watch?v=YtFIIqhJQRA*

ANSWER:

> **May 28, 2022:**
> *https://www.youtube.com/watch?v=qkpDy7DJhKw*

ANSWER:

> **June 15, 2022:**
> *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

6. Provide the basis upon which you published and stated the following:

> accusing Plaintiff LANASA of dishonesty
> "inadvertently honest, I don't think that was your intention"
> *https://www.youtube.com/watch?v=wDl3Wo6WTuU*

ANSWER:

7. Provide the basis upon which you published and stated the following:

> Accusing Plaintiff LANASA of not paying his employees and hires:
> "the new artist got paid for it, but Greg Bell did not"
> *https://www.youtube.com/watch?v=wDl3Wo6WTuU*

ANSWER:

  8. Provide the basis upon which you published and stated the following:

    Publishing that the Plaintiff DUNGEON HOBBY, having the purpose of accepting gamers donations:
    "wasn't a not for profit, was for profit"
    https://www.youtube.com/watch?v=AbpJ-djtNk0

ANSWER:

  9. Provide the basis upon which you published and stated the following:

    postings on the internet that stated that the Plaintiff LANASA:
    "does not like homos and their type; will not work with folks that support them"
    *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

  10. Provide the basis upon which you published and stated the following:

    With regard to Plaintiffs TSR and DUNGEON HOBBY, made postings on the internet that stated, as to Plaintiff LANASA:
    "he thinks he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen"
    *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

  11. Provide the basis upon which you published and stated the following:

    Defendant ERIK STIENE, stated the following:
    "jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"
    *https://www.youtube.com/watch?v=hxsDOlDPkDc*

ANSWER:

    a. To whom were speaking of when you referred to a party as a "jackass"?

ANSWER:

    b. What did you mean by the phrase "I hope they like lead"?

ANSWER:

12. Provide the basis upon which the following statement was published on Youtube®:

ERIK STEINE stating:
"Mario77, aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

a. Who is "Mario77" referenced above?

ANSWER:

b. What was meant by the following statement:

"aka Justin I fuck ignorant cocks"

ANSWER:

13. Provide the basis upon which you published and stated the following:

"You doxed me, you little shit."
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

14. Provide the basis upon which you published and stated the following:

"Justin is Trying to dox My Wife Rachel"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

15. Provide the basis upon which you published and stated the following:

"your criminal history; that's certainly public knowledge"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

a. Provide any proof or documentation that Plaintiff JUSTIN LANASA has been convicted of

a misdemeanor or felony.

ANSWER:

b. Provide the basis for the statement that the "criminal history" is "public knowledge".

ANSWER:

    16. Provide the basis upon which you published and stated the following:

        "TSR . . . they are scraping the bottom of the privy, okay, you can't get more shit
        than this shit.  So that's your customer base and you're appealing to it."
        *https://www.youtube.com/watch?v=YtFIIqhJQRA*

ANSWER:

    17. Provide the basis upon which you published and stated the following:

        "he himself was kicked out of the military for lack of leadership potential"
        *https://www.youtube.com/watch?v=qkpDy7DJhKw*

ANSWER:

    18. Provide the basis upon which you published and stated the following:

        "you fucked over your prior business partners to get the TSR trademark"
        *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

    a. Provide the names and contact information for the "business partners" referenced above.

ANSWER:

    b. State how the Plaintiff "fucked over your prior business partners".

ANSWER:

    c. To what "trademark" are you referring:

ANSWER:

    19. Provide the basis upon which you published and stated the following:

        "you included a Nazi in the company"
        *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

    a. To whom and why do you refer to the un-named party as a "Nazi", and the basis upon which

you make this claim?

ANSWER:

20. Provide the basis and reason which you published the following statement:

"I already know your address; I already know your fucking phone number; I know your wife's phone number."
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

21. Explain the purpose upon which the following was published on Tenkars Tavern, in which the identity of the Plaintiff LANASA's spouse and minor child and their photographic images were disclosed:



ANSWER:

22. Do any of the named Defendants own or possess a firearm? If so, provide the name, type, and manufacturer thereof. Provide a copy of all licenses upon which possession of said firearm is held or possessed.

["A"]

ANSWER:

23. Provide any information related to any claim that the named Defendant, ERIK STIENE, was or is an employee, member or worker of the New York City Police Department, including dates of service, any records related to any investigations of same for misbehavior or any administrative actions taken by the N.Y.P.D. as against Defendant ERIK STIENE, any judicial or administrative or agency proceedings in which Defendant ERIK STIENE was a party, respondent, or witness.

ANSWER:

24. If you claim that Plaintiff LANASA made any admissions as to the subject matter of this lawsuit, state: the date made; the time and address for each person to whom any such admission was made; where made; the name and address for each person present at the time any such admission was made; the contents of the admission; and if in writing, attach a copy.

ANSWER:

25. For the below named individuals, provide all documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, and/or in the matter of *TSR, LLC v. Wizards of the Coast*, 21-cv-1705 (W.D. Wash.):

a.  Michael Hovermale

b.  Thomas Verreault, Jr.

c.  Donald O. Semora

d.  Jayson Eliot

e.  Ernie Gygax

f.  Jeff Leason

g.  Lucion "Luke" Gygax

h.  David Flo

i.  Peter Adkinson

j.  Victor Dorso

k.  Tim Kask

l.  Charlie Hall

Please be advised that with respect to any production of documents, said production and discovery is to take place at the Law Office of Bernard V. Kleinman, PLLC, 108 Village Square, Suite 313, Somers, NY 10589-2305, on or before June 1, 2023 (F.R.Civ.P. 33(b)(2)).

Dated: 01 May 2023
       Somers, NY

Respectfully submitted,

Bernard V. Kleinman
Attorney for Plaintiffs

["A"]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JUSTIN LANASA, TSR, LLC and | : |
| DUNGEON HOBBY SHOP MUSEUM, LLC, | : |
| | : |
| Plaintiffs, | : |
| | : |
| -versus- | : Case No. 1:22-cv-05686(KAM)(VMS) |
| | : |
| ERIK STIENE and LOIS STIENE, | : |
| | : |
| Defendants. | : |

---

### DEFENDANTS' RESPONSES, OBJECTIONS, AND INITIAL PRODUCTION IN RESPONSE TO PLAINTIFFS' INITIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. and Local Rules governing discovery in this District, Defendants, by and through their attorneys, Farber Schneider Ferrari LLP, provide the following responses and objections to Plaintiffs' improper and comingled May 1, 2023 Initial Interrogatories and Requests for Production. Defendants reserve the right to supplement these responses if and when they become aware of additional information or materials subject to disclosure. Defendants object to the production of any documents prepared by or for counsel, or other documents protected by attorney-client privilege, the work-product doctrine, or any other legal privilege are not included.

Defendants, by and through their attorneys, provide the following responses, objections, and materials in response to Plaintiffs' requests, which are set forth upon information and belief.

["B"]

## GENERAL OBJECTIONS AND RESERVATIONS

The following general objections apply to, and are incorporated by reference into each and every response to each specific request for discovery:

A.       Defendants object to these requests, which appear to constitute nothing more than another fishing expedition designed to unduly burden, harass, and unfairly prejudice Defendants while Plaintiffs serve demands for discovery lacking any cognizable nexus to the claims and defenses at issue in this action.

B.       Defendants object to these Requests insofar as they seeks disclosure of facts or documents: (a) prepared for or an in anticipation of litigation; (b) that constitute privileged attorney-client materials; (c) that constitute attorney's work product; or (d) that are otherwise protected from disclosure on the basis of privilege. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to such document or any other document produced by Defendant.

C.       Defendants object to Plaintiffs' requests insofar as they demand discovery that is inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure.

D.       Defendants object to Plaintiffs' requests to the extent they seek documents outside Defendant's possession, custody, or control,  would require the Defendant to make available to Plaintiff documents and information that have been obtained from other parties and businesses in the course of litigation, on the grounds that Defendant's collection of such documents constitutes work product and, on the grounds that such documents can be obtained directly from those parties and businesses as easily from Defendant's attorneys.

["B"]

E.      Neither Defendant's indication that he will produce responsive documents nor his failure to object to a request, constitutes an acknowledgment that any responsive documents exist within Defendant's regular business records.

F.      Defendant submits this response to Plaintiffs' requests without conceding the relevance or materiality of the subject matter of any request or demand and without prejudice to Defendant's right to object to further discovery.  Defendant hereby reserves the right to supplement any response herein, to assert further objections to Plaintiffs' requests, and to supplement the production of documents at any time.

G.      Defendants object to Plaintiffs' requests to the extent they call for production of documents without reference to a time frame and/or references a timeframe which is irrelevant, overly broad, and/or unduly burdensome.

H.      Defendants reserve the right to amend, supplement or modify his responses and objections. To the extent that Defendant identifies or delineates facts contained within any documents or otherwise, he does without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of subsequent review of documents or as the result of any additional investigation or discovery. Defendant reserves the right to object to the admission in evidence of any and all answers to these demands and further reserves the right to interpose additional objections, to move for an appropriate protective order and stay of discovery.

I.      Unless otherwise indicated, Defendant's responses are limited to those matters about which they have personal knowledge, and do not purport to address information which may be within the knowledge, possession, custody, and/or control of other parties or non-parties.

J.      Defendant reserves all proper objections to the relevance and/or admissibility of the documents produced or objected to and their subject matter.  The provision of any response herein

and/or the production of any documents pursuant thereto shall not be deemed a waiver of such objections.

K.      Defendant further objects to these demands pursuant to Fed. R. Civ. P. 26(b)(1) in that these demands are not proportional to the needs of this case, are not relevant to any party's claim or defense, and/or impose burdens and expenses that outweigh the likely benefit of these demands.

L.      Defendants further object to Plaintiffs' issuance of these demands to the extent they are clearly aimed at imposing needless cost and expense Defendants, and not to seek relevant materials, in violation of, *inter alia*, Fed. R. Civ. P. 26(g)(1)(B)(ii).

M.      The following general objections apply to, and are incorporated by reference into each and every response to each specific request for discovery and inspection:

N.      Defendants object to Plaintiffs Interrogatories insofar as they seek disclosure of facts or documents: (a) prepared for or an in anticipation of litigation; (b) that constitute privileged attorney-client materials; (c) that constitute attorney's work product; or (d) that are otherwise protected from disclosure on the basis of any privilege.  The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to such document or any other document produced by Defendant.  Defendants also object insofar as they demand discovery that is inconsistent with, or imposes obligations beyond those required by the rules and laws governing discovery, including the Federal Rules of Civil Procedure, Local Civil Rules for this District.

O.      Neither Defendants' indication they will produce responsive documents nor their failure to object to any request constitutes an acknowledgment that any documents responsive to any given request exist.

P.      Defendant submits these responses without conceding or purporting to concede the relevance or materiality of the subject matter of any request or demand and without prejudice to Defendant's right to object to further discovery.  Defendant hereby reserves the right to supplement any response herein, to assert further objections, and to supplement any production of documents at any time.

Q.      Defendants object to these requests to the extent they call for production of documents without reference to a time frame and/or references a timeframe which is irrelevant or overly broad or unduly burdensome.

R.      Defendants object to the portion of these requests that constitute written interrogatories, including all discrete subparts, which exceed the limitations set forth in the Local Rules for this District and Fed. R. Civ. P. 33. And further object to Plaintiffs' Interrogatories as premature to the extent that fact discovery is ongoing, Plaintiffs have not yet produced any documents or information in response to Defendant's formal discovery requests that may contain information sought by Plaintiffs requests.

S.      Defendant reserves the right to amend, supplement or modify these responses.  To the extent that Defendants identify or delineate facts contained within any documents or otherwise, they does without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of subsequent review of documents or as the result of any additional investigation or discovery.

T.      Defendants reserve the right to object to the admission in evidence of any and all answers to these interrogatories and further reserves the right to interpose additional objections, to move for an appropriate protective order, and stay of discovery.

["B"]

U.      Unless otherwise indicated, Defendants' responses are limited to those matters about which they have personal knowledge, and do not purport to address information which may be within the knowledge of other parties or non-parties.

V.      Defendants reserves all proper objections to the relevance and/or admissibility of the documents produced and their subject matter.  The provision of any response herein and/or the production of any documents pursuant thereto shall not be deemed a waiver of such objections.

## DEFENDANTS' RESPONSES, OBJECTIONS, AND INITIAL PRODUCTION

1.      Defendants object to this and every request to the extent Plaintiffs have not indicated whether it is an Interrogatory, Request for Production, or apparent impermissible combination of the foregoing types of requests, which appears to be the case in this instance (e.g., demanding both the "identif[ication]" of persons, as well as "cop[ies]" of "any writing relating, regarding, referring to, or reflecting" the subject matter of this request).  Defendants also object to this request to the extent the Amended Complaint is replete with opinions, objectively false statements, and misrepresentations of fact and law that are apparently being characterized as facts by this request. Accordingly, this response reflects Defendants' reasonable attempt, provided as a courtesy, to address individuals whom, upon information and belief, possess knowledge regarding one or more topics addressed in the Amended Complaint, which include Erik Stiene and all individuals identified in Defendants' Initial Disclosures.  Defendants further object to the overly broad nature of this request, which seeks "knowledge held by" non-parties, which is naturally outside of Defendants' possession, custody, and control.  Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Accordingly, in view of the aforementioned objections and enormous burden that this improper compound request (with no limitation upon temporal scope or subject matter), would impose upon Defendants,

["B"]

Defendants will limit the scope of any production to non-privileged materials identified by a reasonable search regarding the Amended Complaint's operative claims.

2.      Defendants object to this request as not being within the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1), which is limited to materials that are "relevant to any party's claim or defense and proportional to the needs of the case."  Since this request is directed to at least one non-party and seeks information that is wholly irrelevant to any claim or defense of any party, discovery of such irrelevant information, to the extent any exists, is of no value in resolving any of the parties' disputes and is not proportional to the needs of the case.  Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden not only Defendants, but anyone they are related to or affiliated with, and to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine.  Defendant further objects to this request on the basis that Rule (26)(g)(1)(b) requires that requests are neither "unreasonable nor unduly burdensome" nor "interposed for an improper purpose," and because this and several other of Plaintiffs' requests are both, they fail to comply with Fed. R. Civ. P. 26(g)(1)(B).

3.      Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' possession, custody, and/or control (such as private information, e.g., for anonymous YouTube users) and knowledge or memories of non-party individuals.  Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield.  Defendant also objects to this request to the extent it constitutes a fishing expedition

designed to unfairly prejudice and unduly burden Defendants. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures.

4.      Defendants repeat their general objections, which are incorporated into this and each of their responses by reference. To the extent Plaintiffs believe discovery of income and sources thereof generated by any party or entity from 2017 to present would be proportional or bear relevance to any claim or defense in this action, as opposed to yet another fishing expedition designed to unduly and asymmetrically burden Defendants with broad searches for irrelevant materials that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, we are happy to meet and confer to discuss any purported ground Plaintiffs may be able to articulate for discovery of such information.

5.      Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' knowledge, possession, custody, and/or control. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of reviewing reams of YouTube videos and investigating and/or speculating as to the identities of any individual whose likeness appears therein, with no nexus to any claim, defense, or allegedly actionable assertion represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures.

["B"]

6.      Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action.   Notwithstanding the foregoing, Defendants respond inactionable opinion.

7.      Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action.   Notwithstanding the foregoing, Defendants respond inactionable opinion.

8.      Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case.  Defendants also object to this and myriad of Plaintiffs' other requests to the extent they are patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations.

9.      Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.   Courts have consistently deemed contentions of homophobia inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here.  *See, e.g., McCaskill v. Gallaudet Univ.*, 36 F. Supp. 3d 145, 160 (D.D.C. 2014) ("to the Court's knowledge no decision has found statements claiming that a person is anti-gay or homophobic to be actionable"); *Doe v. Syracuse Univ.*, 468 F. Supp. 3d 489, 512 (N.D.N.Y. 2020) ("[a] reasonable reader could not conclude that [defendant's]

statements that the videos were racist, anti-Semitic, homophobic, sexist, and ableist conveyed facts about Plaintiffs, rather than his opinion about what the videos depicted"); *Schumacher v. Argosy Educ. Grp., Inc.*, No. 05-531 (DWF/AJB), 2006 U.S. Dist. LEXIS 88608, at 45 (D. Minn. Dec. 6, 2006) ("referring to [plaintiff] as 'homophobic' does not constitute defamation as a matter of law"); *Lester v. Powers*, 596 A.2d 65, 71 (Me. 1991) (letter to editor asserting that professor was homophobic was protected opinion); *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St. 3d 279, 1995 Ohio 187, 649 N.E.2d 182, 186 (Ohio 1995) (article stating that candidate had "engag[ed] in an 'antihomosexual diatribe' and foster[ed] 'homophobia'" was protected opinion); *Waterson v. Cleveland State Univ.*, 93 Ohio App. 3d 792, 639 N.E.2d 1236, 1237-40 (Ohio Ct. App. 1994) (letter to editor alleging police officer was homophobic not defamatory as matter of law).

10.     Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Courts have consistently deemed contentions of this nature inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss.

11.     Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as unduly burdensome, not proportional to the needs of this case, failing to identify any statement of fact, failing to relate to any party in this case, and being generally unhinged from any potentially actionable allegation in the case.  Defendants also again note this request is patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations.  Specifically, during the

January 6, 2023 conference, the Court *sua sponte* informed Plaintiffs' counsel that assertions like and including the January 8, January 9, February 18, and March 17, 2022 statements referenced in the original complaint did not appear to be defamatory (to the extent they are capable of being understood or connected to any Plaintiff), and specifically advised Plaintiffs to narrow their claims, also *sua sponte* informing Plaintiffs' counsel that the use of terms such as "jackass" are not defamatory.  Notwithstanding the foregoing, Defendants respond inactionable opinion.  *See also* Defs' May 8, 2023 Reply Br. in further support of their pending 12(b) motion to dismiss at 14 n.45 (reminding Plaintiffs that "Lanasa's failure to claim he is the 'jackass' to whom Mr. Stiene refers, FAC ¶ 22, or known generally as a 'jackass,' also render this claim inactionable.").

12.    A) Twitter handle; B) Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, failing to establish a nexus to any party(ies) in this case, and failing to constitute a potentially actionable assertion or heed the Court's clear directives to narrow the scope of their inactionable allegations. Notwithstanding all of the foregoing objections, all incorporated herein, Defendants state inactionable opinion.

13.    Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion.

14.    Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not

["B"]

proportional to the needs of this case and failing to identify any potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion.

15.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss.

16.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion.

17.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail (i.e., providing an overwhelming basis for deeming this cold read of another individual's post online inactionable as a matter of law).

18.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is

referenced within the statement proffered in this request.  Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion.

19.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request.  Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion.   Notwithstanding the foregoing, Defendants state inactionable opinion, Plaintiffs' extensive business relationship and/or work with Dave Johnson, and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail.  Defendants further direct Plaintiffs to Lanasa's own communications as a courtesy:

["B"]



["B"]

20.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request.  Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and/or the fact that Defendants simply have not engaged in any publications, e.g., of an address or phone number, that could be actionable or constitute doxing.

21.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request.  Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail.

22.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case.

23.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case.

["B"]

Defendants also object to this request to the extent it constitutes yet another fishing expedition designed to harass, unfairly prejudice, and unduly burden Defendants.

24.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, along with Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived).  Defendants also object to this request to the extent it constitutes a premature fishing expedition for bases establishing the objectively false and impeachable nature of Plaintiffs' assertions. Notwithstanding the foregoing, Defendants direct Plaintiffs to the communications produced supra.

25.     Defendants object to this and each of the foregoing requests to the extent Plaintiffs have not indicated whether they constitute Interrogatories, Requests for Production, or impermissible combinations of the foregoing (which again appears to be the case in this instance).  Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants.  Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of searching for "all documents, emails, records, and Communications" with no less than one dozen individuals without any temporal or subject matter limitations. Accordingly, in view of the aforementioned objections and enormous burden these improper compound requests would impose (to the extent they could even be complied with), Defendants reiterate their objection to searching for materials with no cognizable connection to the Amended Complaint's operative claims.

Dated: New York, NY
June 1, 2023

By: _____/Robert B. Lower/_____
Robert B. Lower
Daniel Schneider
Farber Schneider Ferrari LLP
*Counsel for Defendants*
261 Madison Ave, 26th Floor
New York, New York 10016
(212) 972-7040
rlower@fsfllp.com

["B"]

CERTIFICATE OF SERVICE

      I am Bernard V. Kleinman, Esq., attorney of record for the Plaintiffs, herein.  I do affirm that on the 1st of May 2023 I did serve the within Interrogatories & Demand for Production upon the below named party, attorney of record for the Defendants, at the address set forth below, by depositing in a post-paid envelope in an official depository of the U.S. Postal Service,

Daniel Schneider, Esq.
Robt. Lower, Esq.
Attorneys for Defendants
Farber, Schneider, Ferrari, LLP
261 Madison Avenue
26th Floor
New York, NY10016

And, by email to *rlower@fsfllp.com* and *dschneider@fsfllp.com*.

Dated: May 1, 2023
      Somers, NY

Bernard V. Kleinman, Esq.

["A"]