# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305

TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

October 4, 2023

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>LaNasa, et al. v. Stiene</u>, 22-cv-5686

Your Honor:

      This law firm represents the Plaintiffs in the above-captioned action, and is submitted to the Court pursuant to L.Civ.R. 37.3(c), and Court's Individual Practice Rule III(c).

      Pursuant to such Rule the Plaintiffs seek the Court's intervention in compelling the Defendants to respond, as required under Rule 37, F.R.Civ., to the properly served Interrogatories and Demands for Production, and for such other and further relief (including sanctions) as the Court may deem appropriate.

      On May 1, 2023 Plaintiffs' counsel served upon Defendants' counsel the attached (as "A") Interrogatories and Document Demands. On June 2d, 2023 (though late under the Rules) Defendants' Counsel served their Responses and Objections (attached as "B"). On June 18th, 2023, after conferring with my client, Plaintiffs' responses to the Defendants' objections were emailed to the Defendants, pursuant to Rule 37(a)(5)(i). See below.

      This attempt to resolve the failure of the Defendants to respond, in any reasonable manner to the properly drafted and served Interrogatories and Document Demands was re-iterated by letter both sent via U.S.P.S. and by email, to Defendants' counsel on September 26, 2023. This letter was efiled with the Court on that date. ECF No. 44.

      That letter set a date of October 2, 2023, for any response to be made by the Defendants to the Plaintiffs' objections to the failure of the Defendants to respond to the subject discovery demands (in compliance with the Rules' directive to resolve any discovery dispute without seeking judicial intervention). Notwithstanding that the October 2d date is past, no response, whatsoever, has been received by the Plaintiffs' counsel.

      Plaintiffs' Counsel laid out, in detail, both the reasonableness and justification for the subject Interrogatories and Document Demands. To re-iterate (and as set forth in Plaintiffs' Counsel's email of June 18, 2023, and correspondence of September 26, 2023), these are as follows:

Hon. Vera Scanlon, U.S.M.J., E.D.N.Y.
Re: Lanasa, et al. v. Stiene, et al., 22-cv-5686
04 October 2023 — page two

Defendants object to the Demands for multiple reasons, none of which are a valid basis under the Rules.

First of all, any claim that an answer is not merited due to assertion that that the Plaintiffs' Demand is based upon an "inactionable opinion" is not merited. The Court has not ruled on Defendants' Rule 12 Motion. It is Plaintiffs' position that all of the asserted defamatory statements are actionable under New York law. Until, and unless, then Court Rules otherwise, these interrogatories must be answered. See Answer Nos. 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21.

Secondly, the Defendants have included repetitious arguments in their Response that are not related to Discovery but merely a repetition of their attempt to seek dismissal. This is an Interrogatory, not a Motion or Memorandum of Law. This is improper and does not comply with the Rules. See Answer No. 9.

Thirdly, As the Defendants have failed to file an Answer as yet, and it is unknown to what extent any Affirmative Defenses will be raised, and whether any Counter-Claims will be filed, and the expansive and liberal nature of Discovery, none of the Interrogatories, or Demands are outside the scope of reasonable and acceptable Discovery.

Fourthly, the position that a demand is a "fishing expedition" as a defense to not responding, as Counsel hopefully should know is an unacceptable and irresponsible response. This is an all-too-common plaint of the individual who seeks to avoid their lawful duty to comply with a discovery request. As the Supreme Court has stated "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See also *Walsh v. Top Notch Home Designs Corp.*, 2022 WL 3300190 at *1 (E.D.N.Y. Aug. 11, 2022); *Bridgewater v. Taylor*, 745 F. Supp.2d 355 (S.D.N.Y. 2010) ("The 'fishing expedition' objection to discovery under the Federal Rules of Civil Procedure was expressly rejected by the Supreme Court more than 60 years ago." *Id*. at 358 n. 1, citing to *Hickman*, *supra*.). You further object on the basis that an interrogatory "constitutes a <u>premature</u> fishing expedition" See Answer No. 24. Emphasis added. Plaintiffs' counsel needs to know what would constitute a valid or "mature" "fishing expedition"? Thus, this "excuse" is rejected out of hand. See Answers Nos. 1, 2, 3, 4, 5, 23, 24, 25.

Fifthly, not a single one of the Interrogatories or Demands was answered. This demonstrates a total lack of good faith in the Discovery process, a desire to extend this proceeding for as long as possible, and to avoid a merits determination of the Plaintiffs' claims. Counsel for the Defendants surely are aware that the Plaintiffs will succeed in their claims of defamation and other tortious conduct, and are seeking only to delay the process for whatever reasons. This does not help the process along. Plaintiffs', in their Responses, while objecting to some of the Demands, did provide some Responses, and documents. Nothing was provided by the Defendants save an apparent text image with no context or other information, and was provided only "as a courtesy". Plaintiffs do not expect to receive "courtesy", merely compliance with the Rules. See Answer No. 19.

Sixthly, objections that a Demand is "not proportional to the needs of this case" is further rejected as being completely indecipherable. As there has been no ruling on the Rule 12 Motion, and Defendants have yet to even file an answer, it is hard to understand how Defendants have decided, on their own, with no support in the record, that a Demand

Hon. Vera Scanlon, U.S.M.J., E.D.N.Y.
Re: Lanasa, et al. v. Stiene, et al., 22-cv-5686
04 October 2023 — page three

is "not proportional to the needs of this case".  See Response Nos. 1 thru 8, 11 thru 23, 25.

Seventh, a response such as "Defendants simply have not engaged in any publications", in the absence of an answer is unclear.  See Response No. 20.  Are the Defendants denying that they published any of the cited examples of defamation in the Amended Complaint?  If so, this is not the proper place to do so, but in the Defendants' Answer.

Eighth, the Interrogatories are clear and relate to the case at Bar.  For example, Interrogatory/Demand 25 demands "documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, . . .", and enumerates fourteen persons, some of whom have already been listed as potential witnesses. It only seeks such documents related to this litigation.  And, it seeks this information for the purpose of demonstrating the Defendants' repeated publication of the defamatory statements.  It is reasonable and justifiable under the liberal interpretation of the Rules.

Ninth, the Responses contain meaningless comments and statements that have nothing to do with Discovery.  For example, Interrogatory No. 24 seeks:

> If you claim that Plaintiff LANASA made any admissions as to the subject matter of this lawsuit, state: the date made; the time and address for each person to whom any such admission was made; where made; the name and address for each person present at the time any such admission was made; the contents of the admission; and if in writing, attach a copy.

This is a common Interrogatory in Discovery (used in both State and federal cases); and it is surprising that Defendants' counsel is not aware of this.  See F.R.E. Rule 804(b)(3).  Your failure to Respond to even this basic Interrogatory demonstrates a desire to not engage in any discovery at all.

Tenth, the Defendants' response to Interrogatory No. 24 is "Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived)."  What this Response has to do with this Interrogatory, save some feeble attempt at intimidation (which is certainly beneath the dignity of Defendants' counsel), is unknown to Plaintiffs' Counsel.  Again, no Answer or Counter-Claims have been filed as yet; with nothing preventing them from doing so.

Plaintiffs seek only to secure Discovery clearly merited under the Rules and to move this case to a merits' resolution.  I would hope and expect that Defendants would similarly like to achieve the same goal rather than merely incurring fees and expenses to be paid by their client.  As such, Plaintiffs will grant Defendants until July 10th, 2023 before a Motion to Compel is filed.

                                                 Respectfully submitted,

                                                 /s/ *Bernard V. Kleinman*
                                                 Bernard V. Kleinman, Esq.
                                                 Attorney for Plaintiffs

cc: All counsel of Record w/ Attachments by ECF