LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:    Bernard V. Kleinman, Esq.
       108 Village Square
       Suite 313
       Somers, NY 10589-2305
       Tel. 914.644.6660
       Fax 914.694.1647
       Email: *attrnylwyr@yahoo.com*
       Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

==========================================  :

**JUSTIN LANASA, TSR, LLC, and**                    :
**DUNGEON HOBBY SHOP MUSEUM, LLC,**          :      **Case No. 22-cv-5686-KAM-VMS**
                   **Plaintiffs,**                            :
                                                     :
              *— versus —*                           :      **PLAINTIFFS' INITIAL**
                                                     :      **INTERROGATORIES &**
**ERIK STIENE, and LOIS STIENE, aka RACHEL**  :      **DEMAND FOR PRODUCTION**
**STIENE,**                                         :      F.R.Civ.P. Rules 33, 34
                   **Jointly and Severally,**                 :
                   **Defendants.**                           :
==========================================  :

TO:
       Daniel Schneider, Esq.
       Robt. Lower, Esq.
       Attorneys for Defendants
       Farber, Schneider, Ferrari, LLP
       261 Madison Avenue
       26th Floor
       New York, NY10016

Pursuant to Scheduling Order as entered on or about April 5, 2023, please be advised of the

following Initial Interrogatories and Demand for Documents,

PLEASE TAKE NOTICE that Plaintiffs, JUSTIN LANASA, TSR LLC, and DUNGEON

HOBBY SHOP MUSEUM, LLC, (hereinafter referred to as "LANASA"), by and through their

attorney, Bernard V. Kleinman, Esq., do hereby demand Answers to the following Initial

Interrogatories, under oath, and in the manner and within the time prescribed by law.

["A"]

If you do not have exact information, provide approximate information and state that same is approximate.

DEFINITIONS

As used in this discovery request, the fully CAPITALIZED terms have the following meanings:

ADDRESS means a mailing address and a street address that includes a room, suite, or apartment number, city, state, and zip code;

COMMUNICATION and/or COMMUNICATE refers to any instance in which information is conveyed by or between one or more PERSONS by any means, both oral and written, including telephone calls, facsimiles, transmission of DOCUMENTS, oral conversations, letters, telegrams, and memoranda;

COMPLAINT means the AMENDED VERIFIED COMPLAINT filed in this action, designated at ECF No. 20;

CONTRACT, AGREEMENT, and/or CONTRACTUAL AGREEMENT refers to any business arrangement for the supply of goods and/or services;

DESCRIBE or DESCRIBE IN DETAIL, STATE, or SET FORTH IN DETAIL means to relate as completely as possible each and every act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject of the description, including all pertinent dates and, without limitation to the foregoing, to identify all documents, communications, persons, or locations directly or indirectly related thereto;

DOCUMENT refers to any medium used for recording and retrieving information, including all writings of any kind, including the original and all non-identical copies, whether different from the originals by reason of any notation made on such copies, or otherwise (including, without

limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical, or electrical records or representations of any kind (including, without limitation, tapes, cassettes, disks, or recordings), any written, typed, printed, or graphic matter, however preserved, produced, or reproduced, of any type or description; regardless of origin or location;

DURING THE RELEVANT TIME PERIOD refers to any time during which the alleged occurrences, as set forth in the Amended Complaint, took place and up to the present time, unless otherwise specified in the request;

IDENTIFY means to describe a WRITING with such particularity as YOU would require a motion to produce, or to provide the name, address, and telephone number of a PERSON;

LOCATE or LOCATION means to provide a detailed physical description of exactly where a PERSON, object, or event can be found or occurred, including, but not limited to, an ADDRESS;

OCCURRENCE(S) and INCIDENT refers to the event or events as set forth and alleged in the Complaint and/or Counter Claim the subject matter of this action;

PERSON means any natural person as well as all types of business, including associations, subsidiaries, companies, partnerships, joint ventures, corporations, trusts, estates, governmental agency, governmental body, administrative entity, and public entities;

PLAINTIFFS, means all of the named Plaintiffs, *i.e.*, JUSTIN LANASA, TSR LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC, unless otherwise specified;

PROFESSIONAL AND/OR BUSINESS ASSOCIATION refers to any relationship, alliance, affiliation, correlations, or any other connection whatsoever;

POLICY means a rule, procedure, or directive, formal or informal, written or unwritten, and includes each common practice, custom, and understanding of course of conduct recognized and accepted as such by YOU or by PERSONS subject to it;

PUBLISH, means to disseminate a statement to anyone other than the party alleged to be defamed, through any medium, electronic, or otherwise;

RESPONDING PARTY means any PERSON or PERSONS providing any response or responses to any aspect of any discovery demand;

SUBJECT PREMISES means the premises identified in the Complaint as the geographic location of the incident;

WRITING means any and all handwritten material, type written material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing together with any form of communication or other representation which would constitute a WRITING within the meaning of the Federal Rules of Evidence;

YOU or YOUR means the above-named Defendants jointly, and includes your agents, employees, attorneys, advisors, and any other PERSON acting on your behalf.

GENERAL PROVISIONS AND INSTRUCTIONS FOR DISCOVERY

A. Whenever a request for documents or an answer is framed in the conjunctive, it also shall be taken in the disjunctive and *vice versa*.

B. Whenever a request for documents or an answer is framed in the singular, it also shall be taken in the plural and *vice versa*.

C. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

D. All documents or an answer produced shall be segregated and identified by the paragraphs to which they are primarily responsive.   Where required by a particular paragraph of these interrogatories, documents produced shall be segregated further and identified as indicated in said paragraph.   For any documents that are stored or maintained in files in the normal course of business, all such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

E. For each document that is responsive to these interrogatories that is sought to be withheld under a claim of privilege, the following information shall be provided:

  (i) the place, date, and manner of recording or otherwise preparing the document;

  (ii) the name and title of the sender and the name and title of recipient of the document;

  (iii) a summary of the contents of the document;

  (iv) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

  (v) the identity of each person to whom the contents of the document heretofore have been communicated by copy, exhibition, sketch, reading or substantial summarization, the date(s) of said communication, and the employer and the title of said person at the time of said communication;

  (vi) a statement of the basis on which privilege is claimed; and

(vii) the identity of the person or persons supplying your attorney with the information requested in subsections (E.i) and (E.vi) above,

F. All documents produced in response to these interrogatories shall include originals and shall be produced in total, notwithstanding the fact that portions thereof may contain information not requested, shall include interim as well as final editions of a document, and shall include all editions or copies of a document that are not identical to (whether due to handwritten notations or revisions or otherwise) the original or other produced copy of a document.

G. These interrogatories shall be deemed to be continuing and any information secured subsequent to the filing of answers thereto, which would have been includable in the answers to these interrogatories had it been known or available, shall be supplied by Supplemental Answers as provided by the Rules of this Court.

H. In answering these interrogatories, Defendants shall furnish not only such information as is available to the particular individual(s) answering the interrogatories, but also such information as is known to each employee, representative, or agent, including their attorneys, investigators, and experts.

I. In the event that any information is sought to be withheld under a claim of privilege, provide the information requested in Paragraph E above for all documents related to or reflecting the information for which a claim of privilege is asserted.

J. Whenever in an answer to these interrogatories reference is made to a conversation or oral statement, give the date and place thereof; the identity of the persons involved in the conversation or oral statement, the identity of any persons present and the substance of the conversation or oral statement. If a verbatim version is available, please provide that.

K. If the information called for by an interrogatory is in whole or in part contained in documents, the information may be supplied by attaching copies of the relevant documents to your answers to the interrogatories to the extent that the documents contain the information requested, as long as same is noted in narrative form in the answer to interrogatory.

L. If there is insufficient space to answer an interrogatory, the remainder of the answer should be put on a supplemental sheet

M. Whenever an interrogatory requests an answer for which there is more than one answer, each answer to the interrogatory is to be set forth in detail.

INITIAL INTERROGATORIES & DOCUMENT DEMANDS

1. Identify all persons with knowledge of the facts enumerated in the AMENDED COMPLAINT, their current address, and the knowledge held by each and every person, and identify and attach hereto a copy of any writing relating, regarding, referring to, or reflecting these facts.

ANSWER:


2. Identify any and all lawsuits, administrative adjudications, or any other legal or regulatory proceeding in which any of the named Defendants, ERIK STIENE, LOIS STIENE and RACHEL STIENE, were named as a Defendant, Respondent, Plaintiff, Petitioner, or in any other capacity, including that as a Witness, whether work related or not including: the parties or entities that brought said lawsuit; the nature of the claims; the attorneys (including said attorney's name, address, and telephone number) representing each of the parties to said lawsuit; the dates and dispositions of each lawsuit; the court in which such lawsuit was brought; and docket numbers for each action.

ANSWER:

3. State the names, addresses, and telephone numbers of any eyewitnesses to any event or occurrence complained of and state the relationship to you of any such eyewitness. Included herein are the names of the parties present at the time of any of the events set forth in the Amended Complaint, and their addresses, telephone numbers, and email addresses.

ANSWER:

4. With regard to Tenkars Tavern:

a. Provide the income and sources thereof for Tenkars Tavern for the years 2017 through 2023.

ANSWER:

b. Provide the names of any parties or entities with which Tenkars Tavern has a contractual relationship.

ANSWER:

c. State the names, and addresses, of any parties or entities with a pecuniary or financial or possessory interest in Tenkars Tavern.

ANSWER:

5. Identify the names of any parties, other than ERIK STIENE, who appear in, or whose voice is recorded and broadcast, in any of the following Youtube® videos. Provide the date stamp location of said individual's appearance, either by video appearance, or voice:

**January 08, 2022:**
*https://www.youtube.com/watch?v=wDl3Wo6WTuU*

**January 09, 2022:**
https://www.youtube.com/watch?v=AbpJ-djtNk0

ANSWER:

> **February 08, 2022:**
> *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

> **February 18, 2022:**
> *https://www.youtube.com/watch?v=hxsDOlDPkDc*

ANSWER:

> **March 17, 2022:**
> *https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

> **May 10, 2022:**
> *https://www.youtube.com/watch?v=YtFIIqhJQRA*

ANSWER:

> **May 28, 2022:**
> *https://www.youtube.com/watch?v=qkpDy7DJhKw*

ANSWER:

> **June 15, 2022:**
> *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

6. Provide the basis upon which you published and stated the following:

> accusing Plaintiff LANASA of dishonesty
> "inadvertently honest, I don't think that was your intention"
> *https://www.youtube.com/watch?v=wDl3Wo6WTuU*

ANSWER:

7. Provide the basis upon which you published and stated the following:

> Accusing Plaintiff LANASA of not paying his employees and hires:
> "the new artist got paid for it, but Greg Bell did not"
> *https://www.youtube.com/watch?v=wDl3Wo6WTuU*

ANSWER:

    8. Provide the basis upon which you published and stated the following:

        Publishing that the Plaintiff DUNGEON HOBBY, having the purpose of accepting gamers donations:
        "wasn't a not for profit, was for profit"
        https://www.youtube.com/watch?v=AbpJ-djtNk0

ANSWER:

    9. Provide the basis upon which you published and stated the following:

        postings on the internet that stated that the Plaintiff LANASA:
        "does not like homos and their type; will not work with folks that support them"
        *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

    10. Provide the basis upon which you published and stated the following:

        With regard to Plaintiffs TSR and DUNGEON HOBBY, made postings on the internet that stated, as to Plaintiff LANASA:
        "he thinks he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen"
        *https://www.youtube.com/watch?v=ZJDAtBlR6vc*

ANSWER:

    11. Provide the basis upon which you published and stated the following:

        Defendant ERIK STIENE, stated the following:
        "jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"
        *https://www.youtube.com/watch?v=hxsDOlDPkDc*

ANSWER:

    a. To whom were speaking of when you referred to a party as a "jackass"?

ANSWER:

    b. What did you mean by the phrase "I hope they like lead"?

ANSWER:

12. Provide the basis upon which the following statement was published on Youtube®:

ERIK STEINE stating:
"Mario77, aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

a. Who is "Mario77" referenced above?

ANSWER:

b. What was meant by the following statement:

"aka Justin I fuck ignorant cocks"

ANSWER:

13. Provide the basis upon which you published and stated the following:

"You doxed me, you little shit."
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

14. Provide the basis upon which you published and stated the following:

"Justin is Trying to dox My Wife Rachel"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

15. Provide the basis upon which you published and stated the following:

"your criminal history; that's certainly public knowledge"
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

a. Provide any proof or documentation that Plaintiff JUSTIN LANASA has been convicted of

a misdemeanor or felony.

ANSWER:

b. Provide the basis for the statement that the "criminal history" is "public knowledge".

ANSWER:

   16. Provide the basis upon which you published and stated the following:

   "TSR . . . they are scraping the bottom of the privy, okay, you can't get more shit
   than this shit.  So that's your customer base and you're appealing to it."
   *https://www.youtube.com/watch?v=YtFIIqhJQRA*

ANSWER:

   17. Provide the basis upon which you published and stated the following:

   "he himself was kicked out of the military for lack of leadership potential"
   *https://www.youtube.com/watch?v=qkpDy7DJhKw*

ANSWER:

   18. Provide the basis upon which you published and stated the following:

   "you fucked over your prior business partners to get the TSR trademark"
   *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

   a. Provide the names and contact information for the "business partners" referenced above.

ANSWER:

   b. State how the Plaintiff "fucked over your prior business partners".

ANSWER:

   c. To what "trademark" are you referring:

ANSWER:

   19. Provide the basis upon which you published and stated the following:

   "you included a Nazi in the company"
   *https://www.youtube.com/watch?v=djYL3joFZqQ*

ANSWER:

   a. To whom and why do you refer to the un-named party as a "Nazi", and the basis upon which

you make this claim?

["A"]

ANSWER:

20. Provide the basis and reason which you published the following statement:

"I already know your address; I already know your fucking phone number; I know your wife's phone number."
*https://www.youtube.com/watch?v=pSbVzLby37w*

ANSWER:

21. Explain the purpose upon which the following was published on Tenkars Tavern, in which the identity of the Plaintiff LANASA's spouse and minor child and their photographic images were disclosed:



ANSWER:

22. Do any of the named Defendants own or possess a firearm? If so, provide the name, type, and manufacturer thereof. Provide a copy of all licenses upon which possession of said firearm is held or possessed.

ANSWER:

23. Provide any information related to any claim that the named Defendant, ERIK STIENE, was or is an employee, member or worker of the New York City Police Department, including dates of service, any records related to any investigations of same for misbehavior or any administrative actions taken by the N.Y.P.D. as against Defendant ERIK STIENE, any judicial or administrative or agency proceedings in which Defendant ERIK STIENE was a party, respondent, or witness.

ANSWER:

24. If you claim that Plaintiff LANASA made any admissions as to the subject matter of this lawsuit, state: the date made; the time and address for each person to whom any such admission was made; where made; the name and address for each person present at the time any such admission was made; the contents of the admission; and if in writing, attach a copy.

ANSWER:

25. For the below named individuals, provide all documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, and/or in the matter of *TSR, LLC v. Wizards of the Coast*, 21-cv-1705 (W.D. Wash.):

a.  Michael Hovermale

b.  Thomas Verreault, Jr.

c.  Donald O. Semora

d.  Jayson Eliot

e.  Ernie Gygax

f.  Jeff Leason

    g.  Lucion "Luke" Gygax

    h.  David Flo

    i.  Peter Adkinson

    j.  Victor Dorso

    k.  Tim Kask

    l.  Charlie Hall

Please be advised that with respect to any production of documents, said production and discovery is to take place at the Law Office of Bernard V. Kleinman, PLLC, 108 Village Square, Suite 313, Somers, NY 10589-2305, on or before June 1, 2023 (F.R.Civ.P. 33(b)(2)).

Dated: 01 May 2023
        Somers, NY

                    Respectfully submitted,

                    Bernard V. Kleinman
                    Attorney for Plaintiffs

["A"]