UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUSTIN LANASA, TSR, LLC and : 
DUNGEON HOBBY SHOP MUSEUM, LLC, : 
 : 
Plaintiffs, : 
 : 
-versus- : Case No. 1:22-cv-05686(KAM)(VMS)
 : 
ERIK STIENE and LOIS STIENE, : 
 : 
Defendants. : 

---

**DEFENDANTS' RESPONSES, OBJECTIONS, AND INITIAL PRODUCTION IN RESPONSE TO PLAINTIFFS' INITIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. and Local Rules governing discovery in this District, Defendants, by and through their attorneys, Farber Schneider Ferrari LLP, provide the following responses and objections to Plaintiffs' improper and comingled May 1, 2023 Initial Interrogatories and Requests for Production. Defendants reserve the right to supplement these responses if and when they become aware of additional information or materials subject to disclosure. Defendants object to the production of any documents prepared by or for counsel, or other documents protected by attorney-client privilege, the work-product doctrine, or any other legal privilege are not included.

Defendants, by and through their attorneys, provide the following responses, objections, and materials in response to Plaintiffs' requests, which are set forth upon information and belief.

## **GENERAL OBJECTIONS AND RESERVATIONS**

The following general objections apply to, and are incorporated by reference into each and every response to each specific request for discovery:

A. Defendants object to these requests, which appear to constitute nothing more than another fishing expedition designed to unduly burden, harass, and unfairly prejudice Defendants while Plaintiffs serve demands for discovery lacking any cognizable nexus to the claims and defenses at issue in this action.

B. Defendants object to these Requests insofar as they seeks disclosure of facts or documents: (a) prepared for or an in anticipation of litigation; (b) that constitute privileged attorney-client materials; (c) that constitute attorney's work product; or (d) that are otherwise protected from disclosure on the basis of privilege. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to such document or any other document produced by Defendant.

C. Defendants object to Plaintiffs' requests insofar as they demand discovery that is inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure.

D. Defendants object to Plaintiffs' requests to the extent they seek documents outside Defendant's possession, custody, or control,  would require the Defendant to make available to Plaintiff documents and information that have been obtained from other parties and businesses in the course of litigation, on the grounds that Defendant's collection of such documents constitutes work product and, on the grounds that such documents can be obtained directly from those parties and businesses as easily from Defendant's attorneys.

  E. Neither Defendant's indication that he will produce responsive documents nor his failure to object to a request, constitutes an acknowledgment that any responsive documents exist within Defendant's regular business records.

  F. Defendant submits this response to Plaintiffs' requests without conceding the relevance or materiality of the subject matter of any request or demand and without prejudice to Defendant's right to object to further discovery. Defendant hereby reserves the right to supplement any response herein, to assert further objections to Plaintiffs' requests, and to supplement the production of documents at any time.

  G. Defendants object to Plaintiffs' requests to the extent they call for production of documents without reference to a time frame and/or references a timeframe which is irrelevant, overly broad, and/or unduly burdensome.

  H. Defendants reserve the right to amend, supplement or modify his responses and objections. To the extent that Defendant identifies or delineates facts contained within any documents or otherwise, he does without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of subsequent review of documents or as the result of any additional investigation or discovery. Defendant reserves the right to object to the admission in evidence of any and all answers to these demands and further reserves the right to interpose additional objections, to move for an appropriate protective order and stay of discovery.

  I. Unless otherwise indicated, Defendant's responses are limited to those matters about which they have personal knowledge, and do not purport to address information which may be within the knowledge, possession, custody, and/or control of other parties or non-parties.

  J. Defendant reserves all proper objections to the relevance and/or admissibility of the documents produced or objected to and their subject matter. The provision of any response herein

and/or the production of any documents pursuant thereto shall not be deemed a waiver of such objections.

K.     Defendant further objects to these demands pursuant to Fed. R. Civ. P. 26(b)(1) in that these demands are not proportional to the needs of this case, are not relevant to any party's claim or defense, and/or impose burdens and expenses that outweigh the likely benefit of these demands.

L.     Defendants further object to Plaintiffs' issuance of these demands to the extent they are clearly aimed at imposing needless cost and expense Defendants, and not to seek relevant materials, in violation of, *inter alia*, Fed. R. Civ. P. 26(g)(1)(B)(ii).

M.     The following general objections apply to, and are incorporated by reference into each and every response to each specific request for discovery and inspection:

N.     Defendants object to Plaintiffs Interrogatories insofar as they seek disclosure of facts or documents: (a) prepared for or an in anticipation of litigation; (b) that constitute privileged attorney-client materials; (c) that constitute attorney's work product; or (d) that are otherwise protected from disclosure on the basis of any privilege.  The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to such document or any other document produced by Defendant.  Defendants also object insofar as they demand discovery that is inconsistent with, or imposes obligations beyond those required by the rules and laws governing discovery, including the Federal Rules of Civil Procedure, Local Civil Rules for this District.

O.     Neither Defendants' indication they will produce responsive documents nor their failure to object to any request constitutes an acknowledgment that any documents responsive to any given request exist.

P.    Defendant submits these responses without conceding or purporting to concede the relevance or materiality of the subject matter of any request or demand and without prejudice to Defendant's right to object to further discovery. Defendant hereby reserves the right to supplement any response herein, to assert further objections, and to supplement any production of documents at any time.

Q.    Defendants object to these requests to the extent they call for production of documents without reference to a time frame and/or references a timeframe which is irrelevant or overly broad or unduly burdensome.

R.    Defendants object to the portion of these requests that constitute written interrogatories, including all discrete subparts, which exceed the limitations set forth in the Local Rules for this District and Fed. R. Civ. P. 33. And further object to Plaintiffs' Interrogatories as premature to the extent that fact discovery is ongoing, Plaintiffs have not yet produced any documents or information in response to Defendant's formal discovery requests that may contain information sought by Plaintiffs requests.

S.    Defendant reserves the right to amend, supplement or modify these responses. To the extent that Defendants identify or delineate facts contained within any documents or otherwise, they does without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of subsequent review of documents or as the result of any additional investigation or discovery.

T.    Defendants reserve the right to object to the admission in evidence of any and all answers to these interrogatories and further reserves the right to interpose additional objections, to move for an appropriate protective order, and stay of discovery.

U. Unless otherwise indicated, Defendants' responses are limited to those matters about which they have personal knowledge, and do not purport to address information which may be within the knowledge of other parties or non-parties.

V. Defendants reserves all proper objections to the relevance and/or admissibility of the documents produced and their subject matter. The provision of any response herein and/or the production of any documents pursuant thereto shall not be deemed a waiver of such objections.

["B"]

**DEFENDANTS' RESPONSES, OBJECTIONS, AND INITIAL PRODUCTION**

1.      Defendants object to this and every request to the extent Plaintiffs have not indicated whether it is an Interrogatory, Request for Production, or apparent impermissible combination of the foregoing types of requests, which appears to be the case in this instance (e.g., demanding both the "identif[ication]" of persons, as well as "cop[ies]" of "any writing relating, regarding, referring to, or reflecting" the subject matter of this request). Defendants also object to this request to the extent the Amended Complaint is replete with opinions, objectively false statements, and misrepresentations of fact and law that are apparently being characterized as facts by this request. Accordingly, this response reflects Defendants' reasonable attempt, provided as a courtesy, to address individuals whom, upon information and belief, possess knowledge regarding one or more topics addressed in the Amended Complaint, which include Erik Stiene and all individuals identified in Defendants' Initial Disclosures. Defendants further object to the overly broad nature of this request, which seeks "knowledge held by" non-parties, which is naturally outside of Defendants' possession, custody, and control. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Accordingly, in view of the aforementioned objections and enormous burden that this improper compound request (with no limitation upon temporal scope or subject matter), would impose upon Defendants,

Defendants will limit the scope of any production to non-privileged materials identified by a reasonable search regarding the Amended Complaint's operative claims.

2. Defendants object to this request as not being within the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1), which is limited to materials that are "relevant to any party's claim or defense and proportional to the needs of the case." Since this request is directed to at least one non-party and seeks information that is wholly irrelevant to any claim or defense of any party, discovery of such irrelevant information, to the extent any exists, is of no value in resolving any of the parties' disputes and is not proportional to the needs of the case. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden not only Defendants, but anyone they are related to or affiliated with, and to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendant further objects to this request on the basis that Rule (26)(g)(1)(b) requires that requests are neither "unreasonable nor unduly burdensome" nor "interposed for an improper purpose," and because this and several other of Plaintiffs' requests are both, they fail to comply with Fed. R. Civ. P. 26(g)(1)(B).

3. Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' possession, custody, and/or control (such as private information, e.g., for anonymous YouTube users) and knowledge or memories of non-party individuals. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition

designed to unfairly prejudice and unduly burden Defendants. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures.

4. Defendants repeat their general objections, which are incorporated into this and each of their responses by reference. To the extent Plaintiffs believe discovery of income and sources thereof generated by any party or entity from 2017 to present would be proportional or bear relevance to any claim or defense in this action, as opposed to yet another fishing expedition designed to unduly and asymmetrically burden Defendants with broad searches for irrelevant materials that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, we are happy to meet and confer to discuss any purported ground Plaintiffs may be able to articulate for discovery of such information.

5. Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' knowledge, possession, custody, and/or control. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of reviewing reams of YouTube videos and investigating and/or speculating as to the identities of any individual whose likeness appears therein, with no nexus to any claim, defense, or allegedly actionable assertion represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures.

6.  Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action. Notwithstanding the foregoing, Defendants respond inactionable opinion.

7.  Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action. Notwithstanding the foregoing, Defendants respond inactionable opinion.

8.  Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case. Defendants also object to this and myriad of Plaintiffs' other requests to the extent they are patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations.

9.  Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Courts have consistently deemed contentions of homophobia inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here. *See, e.g., McCaskill v. Gallaudet Univ.*, 36 F. Supp. 3d 145, 160 (D.D.C. 2014) ("to the Court's knowledge no decision has found statements claiming that a person is anti-gay or homophobic to be actionable"); *Doe v. Syracuse Univ.*, 468 F. Supp. 3d 489, 512 (N.D.N.Y. 2020) ("'[a] reasonable reader could not conclude that [defendant's]

statements that the videos were racist, anti-Semitic, homophobic, sexist, and ableist conveyed facts about Plaintiffs, rather than his opinion about what the videos depicted"); *Schumacher v. Argosy Educ. Grp., Inc.*, No. 05-531 (DWF/AJB), 2006 U.S. Dist. LEXIS 88608, at 45 (D. Minn. Dec. 6, 2006) ("referring to [plaintiff] as 'homophobic' does not constitute defamation as a matter of law"); *Lester v. Powers*, 596 A.2d 65, 71 (Me. 1991) (letter to editor asserting that professor was homophobic was protected opinion); *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St. 3d 279, 1995 Ohio 187, 649 N.E.2d 182, 186 (Ohio 1995) (article stating that candidate had "engag[ed] in an 'antihomosexual diatribe' and foster[ed] 'homophobia'" was protected opinion); *Waterson v. Cleveland State Univ.*, 93 Ohio App. 3d 792, 639 N.E.2d 1236, 1237-40 (Ohio Ct. App. 1994) (letter to editor alleging police officer was homophobic not defamatory as matter of law).

10. Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Courts have consistently deemed contentions of this nature inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss.

11. Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as unduly burdensome, not proportional to the needs of this case, failing to identify any statement of fact, failing to relate to any party in this case, and being generally unhinged from any potentially actionable allegation in the case. Defendants also again note this request is patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations. Specifically, during the

January 6, 2023 conference, the Court *sua sponte* informed Plaintiffs' counsel that assertions like and including the January 8, January 9, February 18, and March 17, 2022 statements referenced in the original complaint did not appear to be defamatory (to the extent they are capable of being understood or connected to any Plaintiff), and specifically advised Plaintiffs to narrow their claims, also *sua sponte* informing Plaintiffs' counsel that the use of terms such as "jackass" are not defamatory. Notwithstanding the foregoing, Defendants respond inactionable opinion. *See also* Defs' May 8, 2023 Reply Br. in further support of their pending 12(b) motion to dismiss at 14 n.45 (reminding Plaintiffs that "Lanasa's failure to claim he is the 'jackass' to whom Mr. Stiene refers, FAC ¶ 22, or known generally as a 'jackass,' also render this claim inactionable.").

12. A) Twitter handle; B) Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, failing to establish a nexus to any party(ies) in this case, and failing to constitute a potentially actionable assertion or heed the Court's clear directives to narrow the scope of their inactionable allegations. Notwithstanding all of the foregoing objections, all incorporated herein, Defendants state inactionable opinion.

13. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion.

14. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not

proportional to the needs of this case and failing to identify any potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion.

15.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss.

16.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion.

17.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference.  Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion.  Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail (i.e., providing an overwhelming basis for deeming this cold read of another individual's post online inactionable as a matter of law).

18.     Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is

referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion.

19. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion, Plaintiffs' extensive business relationship and/or work with Dave Johnson, and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail. Defendants further direct Plaintiffs to Lanasa's own communications as a courtesy:



Page 15 of 18

["B"]

20. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and/or the fact that Defendants simply have not engaged in any publications, e.g., of an address or phone number, that could be actionable or constitute doxing.

21. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail.

22. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case.

23. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case.

Defendants also object to this request to the extent it constitutes yet another fishing expedition designed to harass, unfairly prejudice, and unduly burden Defendants.

24. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, along with Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived). Defendants also object to this request to the extent it constitutes a premature fishing expedition for bases establishing the objectively false and impeachable nature of Plaintiffs' assertions. Notwithstanding the foregoing, Defendants direct Plaintiffs to the communications produced supra.

25. Defendants object to this and each of the foregoing requests to the extent Plaintiffs have not indicated whether they constitute Interrogatories, Requests for Production, or impermissible combinations of the foregoing (which again appears to be the case in this instance). Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of searching for "all documents, emails, records, and Communications" with no less than one dozen individuals without any temporal or subject matter limitations. Accordingly, in view of the aforementioned objections and enormous burden these improper compound requests would impose (to the extent they could even be complied with), Defendants reiterate their objection to searching for materials with no cognizable connection to the Amended Complaint's operative claims.

Dated: New York, NY
       June 1, 2023

By: ____/Robert B. Lower/_____
Robert B. Lower
Daniel Schneider
Farber Schneider Ferrari LLP
*Counsel for Defendants*
261 Madison Ave, 26th Floor
New York, New York 10016
(212) 972-7040
rlower@fsfllp.com