

**FARBER
SCHNEIDER
FERRARI
LLP**

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**ROBERT B. LOWER, COUNSEL**
**RLOWER@FSFLLP.COM**

October 10, 2023

<u>Via ECF</u>
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court, E.D.N.Y.
Brooklyn, New York 11201

    **Re:**     **Plaintiffs' October 4, 2023 Letter Motion to Compel Discovery**
               **Case No. 1:22-cv-05686-KAM-VMS —** *Justin Lanasa et al. v. Erik Stiene et al.*

Dear Judge Scanlon:

    This office represents Defendants and writes in response to Plaintiffs' October 4 submission.

    Although it may sound unbelievable, we still have not actually received Interrogatories or Requests for Production from Plaintiffs — instead, we received a list of crazy sounding and often-impossible things Plaintiffs apparently want, which, in several cases, lack any nexus to this action or the rules governing discovery in this District. Plaintiffs' demands are labeled "INITIAL INTERROGATORIES & DEMAND FOR PRODUCTION," but never distinguish between or identify a single Interrogatory or Request for Production.

    This is not an issue that we "saved" to raise in this letter or surprise Plaintiffs with — it is literally the first thing I said in response to Plaintiffs' Request No. 1 (at ECF No. 45-2), which Defendants also answered to the best of their abilities. Defendants specifically and repeatedly objected to "every request to the extent Plaintiffs have not indicated whether it is an Interrogatory, Request for Production, or apparent impermissible combination of the foregoing types of requests," which is one of several serious problems we have politely and repeatedly brought to Plaintiffs' attention and invited Plaintiffs' counsel to meet and confer regarding, but Plaintiffs have refused to acknowledge or address. That is in addition to Defendants' general objection "R," which redundantly reminded Plaintiffs that "the portion of" their dozens of hybrid requests that also "constitute written interrogatories … exceed the limitations set forth in the Local Rules for this District and Fed. R. Civ. P. 33," *i.e.,* Plaintiffs cannot use chameleon no-label requests to propound 35+ interrogatories.

    Our communications have also notably never said or suggested we would refuse to consider supplemental or corrected discovery requests. Instead, we have politely and repeatedly explained why Plaintiffs' requests are obviously unenforceable and offered to meet and confer to discuss the same (which was never accepted).

# FARBER SCHNEIDER FERRARI LLP

June 14, 2023
Page 2 of 3

In view of Plaintiffs' standing refusal to even attempt to serve FRCP-compliant requests, it is simply not possible to determine if Plaintiffs have complied with, *e.g.*, the 25 Interrogatory limit (including all subparts thereof), as Plaintiffs refuse to tell me which of their requests are interrogatories. For example, Plaintiffs' Request No. 1 clearly includes elements of an interrogatory and request for production. On the other hand, fifteen of Plaintiffs' other requests command Defendants to "[p]rovide the basis" for something, *e.g.*, characterizing a non-party as a "Nazi." That could be either an interrogatory or request for production, but I need to know which to provide an FRCP-compliant response, objection, production, and/or answer (which I have told Plaintiffs' counsel repeatedly).

Plaintiffs' letter is also replete with misrepresentation that I can only partially address within these pages limitations. For example, we obviously did not refuse to answer 12+ requests "based upon an 'inactionable opinion.'" Instead, we provided responses indicating, *e.g.*, the "basis upon which" a Defendant "referred to a party as a 'jackass'" *is* "inactionable opinion," *i.e.*, the right to opine another party is definitely a jackass.

Plaintiffs claim our responses do "not comply with the Rules," yet refuse to state what types of requests they even are (making it impossible to determine what rules apply). Moreover, Plaintiffs claim that none of their requests "are outside the scope of reasonable and acceptable Discovery" is facially incorrect. For instance, Plaintiffs' Request No. 23 requests all information "related to" Mr. Stiene's employment with "the New York City Police Department," without ever indicating how in the world that could possibly relate to *any* aspect of this case.

Plaintiffs appear to claim our use of the term "fishing expedition" renders Answer No. 24 defective because "the Supreme Court … stated '[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case," citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), which clearly confirms the Supreme Court has *not* blessed fishing expeditions for facts *unrelated to the case* (like Plaintiffs' Request No. 24).

We answered Request No. 24 as both an interrogatory and request for production as a courtesy. Although Plaintiffs have identified no authority that would require us to do so, Answer No. 24 already informed Plaintiffs of the obvious fact that we have not yet propounded claims against Lanasa that would be capable of admitting (hence the "premature"), while contemporaneously directing Plaintiffs to a message in which Lanasa casually acknowledges his business partner is "a Nazi lover."

Plaintiffs claim that "not a single one of the Interrogatories or Demands was answered" is also false, and so disconnected from reality that we simply cannot refute it within the page limitations applicable to this submission, although Defendants' answers continue to speak for themselves.

Plaintiffs aver "not proportional to the needs of this case" objections are "completely indecipherable," but Fed. R. Civ. P. 26(b)(1) quite clearly limits the scope of discovery to "nonprivileged matter[s]" that are "relevant to any party's claim or defense *and proportional to the needs of the case*." It is difficult to imagine how, *e.g.*, NYPD's records or a Defendants' decision whether to possess a firearm could be proportional to the needs of a defamation action.

**FARBER SCHNEIDER FERRARI LLP**

June 14, 2023
Page 3 of 3

"Seventh," Request No. 20 is unenforceable and outside the permissible scope of discovery (as discussed *supra*), and especially absurd in view of the fact that Defendants have never published anything resembling another party's address or phone number, although Lanasa is literally doing so on this Court's public docket.

With respect to Plaintiffs' "Eighth" contention that "the Interrogatories are clear," Plaintiffs' also refer to that request as "Interrogatory/*Demand* 25" and acknowledge it is seeking "*documents*." Even if that request were related to this case or capable of being understood, it would still be the patently "impermissible combination of" multiple types of requests that we've objected to *ad nauseam* (and specifically in connection with this request – No. 25).

"Ninth" refers to unspecified "meaningless comments and statements" in our responses. Our responses, which Plaintiffs provided at ECF No. 45-2 (Ex. B), speak for themselves.

"Tenth" claims "[t]o date no response has been received, nor any attempt to comply with the Interrogatories as served upon you as counsel for the Defendants, nor any follow-up to avoid motion practice." Although we've responded in painstaking detail, we still haven't received anything resembling a set of interrogatories from Plaintiffs (which we have repeatedly told them).

The fact that Lanasa is a Nazi sympathizer and criminal continues to be supported by the uncontested record. In bringing this action making formal allegations to the contrary, and wasting the Court's time with this letter motion, Lanasa is doing everything in his power to make a mockery of this Court and ruin Defendants' lives for merely commenting on his vile conduct in a permissible manner. In view of the foregoing, Defendants would appreciate any steps the Court can take to incentivize all parties to comply with the rules governing litigants, discovery, and objectively false representations in this District. On its face, Plaintiff's discovery document is improper, and we hope the Court agrees that a response in more granular detail is unnecessary.

Respectfully submitted,

FARBER SCHNEIDER FERRARI LLP

By: _____
Robert B. Lower

cc:     Counsel of record; Hon. Kiyo A. Matsumoto, U.S.D.J. (via ECF)