

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**FARBER
SCHNEIDER
FERRARI
LLP**

ROBERT B. LOWER, COUNSEL
RLOWER@FSFLLP.COM

October 20, 2023

<u>Via ECF</u>
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court, E.D.N.Y.

> **Re:** **Request for Perjury-Related Relief**
> **Case No. 1:22-cv-05686-KAM-VMS —** *Justin Lanasa et al. v. Erik Stiene et al.*

Dear Judge Matsumoto:[1]

    This office represents Defendants in this action and writes to respectfully request relief, or at least leave to move for relief,[2] related to Plaintiff Lanasa's perjury and fraud on this Court, including without limitation costs, fees, and dismissal with prejudice pursuant to, inter alia, Fed. R. Civ. P. 37, 41, and the doctrines of unclean hands and fraud on the court.

    Since the onset of this litigation, Lanasa's flagship claim has been defamation per se, based on his contention that Erik Stiene falsely accused him of having unspecified "criminal history." After undertaking an extensive investigation (for which Defendants now seek reimbursement), we determined Lanasa is, among other thing, a convicted criminal. With this confirmation, we specifically informed Lanasa and the Court that Lanasa would perjure himself were he to repeat his complaint's false allegations in a sworn statement, which he remarkably proceeded to do.

    More specifically, on March 8, 2023, we reminded Lanasa that his complaint appeared to characterize Mr. Stiene's "statements…about…a criminal conviction" as "false," even though Lanasa "is a convicted criminal."[3] We also invited Lanasa to clarify his position, while explicitly reminding Lanasa that he would "commit perjury" if he submitted a sworn statement averring the fact that he is a criminal is "false."[4] At that time, we conceded the presence of ambiguity because Lanasa had (wisely) refrained from denying his status as "a convicted criminal" in a "sworn statement."[5] Since then, whatever modicum of restraint had been preventing Lanasa from consciously perjuring himself lapsed.

---

[1] We addressed this dispositive relief request to Hon. Matsumoto based upon Hon. Matsumoto and Scanlon's Individual Practices, but are happy to proceed however the Court deems appropriate.

[2] To the extent the Court seeks formal motion papers, Defendants propose the following briefing schedule: Principal Br. by Nov. 15, Opposition by Nov. 29, and Reply by Dec. 13, 2023.

[3] ECF No. 34 at 5 ("12 of 21").

[4] May 8, 2023 Reply ISO Defs.' 12(b) MTD (ECF No. 34 at 5).

[5] May 8, 2023 Reply ISO Defs.' 12(b) MTD (ECF No. 34 at 5). At this time, "Lanasa (understandably) refused to make a perjurious sworn representation that he is not a criminal," but continued to specifically tell the Court "it is false" to describe Lanasa as "a convicted criminal." Pls.' Apr. 18, 2023 Opp'n to Defs.' 12(b) MTD at 23-24.

# FARBER SCHNEIDER FERRARI LLP

On May 4, 2023, we issued an interrogatory directing Lanasa to "Describe each instance in which you have been convicted of a crime."[6] On May 8, 2023, not exactly hiding the ball, we sent Lanasa (and Your Honor) a certified record of a Lanasa criminal conviction,[7] foreclosing any remarkably remote possibility that Lanasa somehow forgot he is a criminal.

On June 16, 2023, we received Lanasa's weeks-late answer to that interrogatory, which remarkably states: "Plaintiff <u>LANASA has no criminal history</u> other than an incident that happened in 1989 while on leave from the Army," which he claims was "dismissed on the basis of self-defense," continuing to suggest the source of these delusional statements was "*the FBI*," attaching and attempting to mislead the Court with a FBI "Identity History Summary (IdHS)" dated September 30, 2021. As we suspected, that IdHS does not support *any* aspect of any proposition for which it was offered. Shocked by Lanasa's seemingly limitless willingness to make false statements and defraud the Court, we swiftly asked Lanasa to verify his absurd interrogatory answers under penalties of perjury. I reiterated that request July 26, 2023.

On July 28, 2023, without making a single correction or revision, Lanasa provided a sworn verification of his June 16, 2023 interrogatory answers stating "Pursuant to 28 U.S.C. § 1746 … I verify under the penalty of perjury that the foregoing is true and correct,"[8] *i.e.*, that "LANASA has no criminal history" (aside from two conceded and "dismissed" terroristic threat and assault charges).

Although small mistakes warranting sympathy from the Court can happen in certain instances, we have methodically eliminated any possibility of this being one of them. After Lanasa received explicit notice of and multiple opportunities to curb his propensity for making pathological perjurious misrepresentations, Lanasa confirmed he remains unwilling to issue corrections or utilize this Court for anything other than a circus and/or campaign to harass Defendants.[9]

After more than ten years of litigation, 250 million pages of discovery, and hundreds of hours deposing patently dishonest witnesses, I have not observed a propensity to perjure that holds a candle to Lanasa's or felt the need to seek the admittedly atypical relief requested herein. Although instances of litigants engaged in misconduct this severe are rare, we have identified a surprising amount of case law addressing similar conduct and concluding it warrants (if not requires) dismissal, even in instances when perjuring parties deviated from Lanasa's demeanor and came clean.

Examples of outright dismissals for the precise conduct at issue here include each of the following: 1) efforts to prevent the defense from learning of a plaintiff's criminal record,[10] 2) suppression of evidence,[11] and 3) dishonest interrogatory or deposition answers.[12]

---

[6] Defs.' First Set of Interrogatories, Interrogatory No. 2.

[7] ECF No. 35 (filed May 8, 2023), cited throughout Defs.' May 8, 2023 Reply ISO 12(b) MTD (ECF No. 34 at 6), noting "Lanasa (understandably) refused to make a perjurious sworn representation that he is not a criminal."

[8] Ex. A at 16 (Lanasa's Jul. 28, 2023 verification of his Jun. 16, 2023 interrogatory answers).

[9] 50% of whom are Erik's mother, a retired grandmother who has *zero* connection to this absurd case and *literally has not been accused of anything* (to the extent any more evidence of Plaintiffs' patently sanctionable misconduct is needed).

[10] *Dotson v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001), *aff'd*, 321 F.3d 663 (7th Cir. Ill. 2003).

[11] *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003) (suppressed an important medical report in ADA case); *see also* Ex. A, e.g., at 19 (Lanasa attempting to gaslight the Court regarding his criminal record).

[12] *Vargas v. Peltz*, 901 F.Supp. 1572 (S.D. Fla. 1995); *Hull v. Municipality of San Juan*, 356 F.3d 98 (1st Cir. 2004); *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001); *Grant v. Kmart Corp.*, No. 2000-CA-01367-COA, 2001 Miss. App. LEXIS 547 (Dec. 18, 2001).

The Southern District has also provided a helpful summary of Rule 37's role in this context: [13]

> Courts may impose, inter alia, the following sanctions under Rule 37(c)(1) for violation of Rule 26(e): imposition of attorneys' **fees and costs** expended, preclusion of the information at trial, or **dismissal** of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii)–(v); 37(c)(1)(A). Rule 37 sanctions **must** be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.

"Either a declaration pursuant to 28 U.S.C.S. § 1746 or a statement under oath is sufficient to sustain a conviction for perjury."[14] "Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as…fraud," ultimately awarding "sanction of dismissal" based on plaintiff's "perjury" and "pattern of deception."[15] "[P]roviding misleading affidavits, and failure to correct false information" establish "willful and bad faith noncompliance with the discovery process, and warrant dismissal."[16] "A district court may use its inherent power to sanction a plaintiff by dismissing her case with prejudice."[17]

Here, Lanasa's false statements are willful, integral to his claims, and sufficiently egregious fraud on the court to warrant: dismissal with prejudice, an award of Defendants' costs and fees,[18] and any referral(s) the Court deems appropriate for criminal prosecution. We thank the Court for its time and consideration and remain willing to proceed as directed.

Respectfully submitted,

FARBER SCHNEIDER FERRARI LLP

By: _____
Robert B. Lower

cc:     Counsel of record; Hon. Vera M. Scanlon, U.S.M.J. (via ECF)

---

[13] *Vanceah v. Nat'l R.R. Passenger Corp.*, 2022 U.S. Dist. LEXIS 136500, at 1 (S.D.N.Y. Aug. 1, 2022).

[14] *Zanowic v. Reno*, 2000 U.S. Dist. LEXIS 13845, at 1 (S.D.N.Y. Sep. 22, 2000), citing 18 U.S.C.S. § 1621; *see also Int'l Techs. Mktg. v. Verint Sys.*, 991 F.3d 361, 363 (2d Cir. 2021) (district court erred in *denying* monetary sanctions related to plaintiff's misrepresentations, which judicial precedent permits for even a single bad-faith filing, regardless of whether that conduct actually misled the court).

[15] *Pas v. Bd. of Regents of the Univ. of Wis. Sys.*, No. 21-CV-1148-JPS, 2023 U.S. Dist. LEXIS 104865, at 8 (E.D. Wis. Jun. 16, 2023).

[16] *Vanceah*, 2022 U.S. Dist. LEXIS 136500, at 36 (S.D.N.Y. Aug. 1, 2022); *see also Anderson v. Credit One Bank, N.A.*, No. 14-22147 (RDD), 641 B.R. 1, 2022 Bankr. LEXIS 1530, 2022 WL 1926608, at 2 (Bankr. S.D.N.Y. June 3, 2022) (imposing sanction of a default judgment under Rule 37, citing a party's "submission of false affidavits").

[17] *Vanceah*, 2022 U.S. Dist. LEXIS 136500, at 33 (S.D.N.Y. 2022), citing *Shepherd v. Annucci*, 921 F.3d 89, 98 (2d Cir. 2019).

[18] *See, e.g., Sanchez v. Litzenberger*, 2011 U.S. Dist. LEXIS 18528, at 20 (S.D.N.Y. Feb. 24, 2011) (awarding expenses and fees incurred to disprove lie in complaint).