# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305
TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

October 25, 2023

Hon. Kiyo A. Matsumoto, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C-S
Brooklyn, New York 11201

   Re: *LaNasa, et al. v. Stiene*, 22-cv-5686

Your Honor:

 This law firm represents the Plaintiffs in the above-captioned action.

 By this letter I respond, as per Rule III.B.1. of the Courts Practice Rules, to the Defendants' request for a Pre-Motion Conference. (As Defendants are the "part[y] requesting [the] pre-motion conference" presumably they will be providing the Court with the requisite courtesy copies.)

 Once again, the Defendants come before the Court and engage in motion practice designed to do anything except move this case forward on Discovery or to the merits. Rather than seeking to depose the Plaintiff (Plaintiffs' counsel has repeatedly sought to get a date for the Mr. Lanasa's ebt, but had no response from the Defendants), or respond substantively to the Interrogatories of the Plaintiffs, the Defendants waste the Court's time, the time of Plaintiffs' counsel, and the expense imposed on the Plaintiffs, with the only achievable result of billing fees for the Defendants (having engaged <u>two</u> attorneys in this matter).

 Nevertheless, this shall serve as a Response to the Pre-Motion Request, and a request that the Court deny the Defendants' request whose only purpose will be to further delay the final adjudication of the Plaintiffs' factually and legally justified causes of action.

 The Defendants' Pre-Motion request is based upon the claim that "[s]ince the onset of this litigation, Lanasa's flagship claim has been defamation per se, based on his contention that Erik Stiene falsely accused him of having unspecified 'criminal history.'" Defs' Ltr. at p. 1. This is just not the case, and clearly misrepresents the Plaintiffs' Amended Complaint. While the defamatory claims of criminal conduct are a part of the defamation claim, they are but one, and not the "flagship claim" (whatever that may be). For example, ¶ 28 of the Amended Complaint enumerates numerous defamatory statements, not just the ones about "criminal conduct, *viz*.,

> the Defendants, both individually, and collectively, knew, or should have known, that the above stated actions were frivolous, outrageous and hurtful, including, but not limited to, accusations of criminal conduct, affiliation with Nazis, posting photographs of the Plaintiff's minor child, threatening the Plaintiff with physical harm, and could easily cause emotional and psychological trauma to the named targets, i.e., the Plaintiffs.

Hon. Kiyo Matsumoto, U.S.D.J.
Re: *Lanasa, et al. v. Stiene, et al.*, 22-cv-5686
25 October 2023 — page two

See also ¶¶ 40, 47 and 59.

Paragraph 22 of the Amended Complaint, which lists more than a dozen bases for the Plaintiffs' defamation claims, does not even mention the "criminal conduct" statements of the Defendants. Thus, the Defendants have clearly mis-represented [or mis-read] the Complaint.

Throughout, Attorney Lower engages in hyperbole and overstatement in order to avoid the merits of this case. Attorney Lower states the following,

> After more than ten years of litigation, 250 million pages of discovery, and hundreds of hours deposing patently dishonest witnesses, I have not observed a propensity to perjure that holds a candle to Lanasa's or felt the need to seek the admittedly atypical relief requested herein.

What Attorney Lower has observed in the past or his alleged experiences as an attorney has nothing to do with this case. Furthermore, Plaintiffs' counsel would seek proof that Attorney Lower has reviewed "250 million pages of discovery" in his ten years of practicing law. With an average of 25,000,000 pages per annum, and working 24 hours a day, seven days a week, 52 weeks a year, this results in his ability to review more than 45 pages per second. Even the top graduate of the Evelyn Wood speed reading course would be challenged to achieve such a feat. More to the point is that this is an absurd statement, with no basis in fact, that only serves one purpose — avoid the issues in this case at all expense and do anything but address the facts and law. Yet this is not the first time that Attorney Lower has made unsupported and absurd statements. In the Scheduling Conference before Magistrate Judge Scanlon he made the absurd and unsupported statement (having nothing to do with the issues of discovery) that Mr. LaNasa had mailed feces to Defendant Stiene. However, when Her Honor inquired if Stiene had ever filed a criminal complaint based on this action against Mr. Lanasa, he had no meaningful response — the reason being, of course, that this was an entirely fabricated claim. Further examples, include the *personal* statements of Defendants' several counsel (as opposed to their clients') that Mr. Lanasa is responsible for the "distribution of reprehensible racist materials, open affiliation with individuals who publicly disseminate vile pro-Nazi and white supremacist materials, . . ." See Defs' Pre-Motion Ltr. for a Rule 12 Motion, ECF No. 14 (Nov. 21, 2022). Beyond a thinly veiled attempt to prejudice the bench against the Plaintiffs, these actions serve no purpose whatsoever. (Indeed, if they are the personal beliefs of the Defendants' counsel, they clearly have transformed themselves into witnesses in this matter, and should be disqualified as Defendants' counsel. See Rule 3.7 of the N.Y. Rules of Professional Conduct.)

The Defendants' further clutter up their Pre-Motion Letter with matters completely irrelevant to the subject matter that they presume to present. For example, they state, regarding the interrogatory that supposedly forms the basis for their argument, that Defendants "received Lanasa's weeks-late answer to that interrogatory . . ." Defs' Ltr. at p. 2. On June 6, 2023 Plaintiffs' counsel advised Defendants' counsel that they would "be forthcoming by end of next week . . ." They were emailed on June 16, 2023: "the end of [the] next week". At no time, save now, did they object — although now they choose to make an issue of it. Furthermore, Defendants' counsel, once again complains about the caption of the complaint. See Defs' Ltr. at p. 2, n. 9. As the

Hon. Kiyo Matsumoto, U.S.D.J.
Re: *Lanasa, et al. v. Stiene, et al.*, 22-cv-5686
25 October 2023 — page three

Defendants have been notified, if they object to the caption (which they themselves have used) they need to file a motion to "correct" it — not continue to whine about it and do nothing.

The Defendants dismiss the Identity History Summary ("IdHS") that was relied upon by Plaintiffs to show that Mr. Lanasa does not have the criminal record that they claim he has. See Defs' Exhibit at pp. 19-22. (Though, the Defendants do not specifically mention what crimes Mr. Lanasa was charged with, when they took place, and what the final disposition was.) The IdHS is a database established by the Federal Bureau of Investigation, that relies upon fingerprint identification. According to the IdHS website, maintained by the FBI,

> As information, <u>most court authorities take judicial notice of the FBI's IdHS information</u> and/or copy of the fingerprint card(s) as maintained by the CJIS Division as a valid criminal history of the record subject without requiring a certification.

Emphasis added. See *https://le.fbi.gov/informational-tools/identity-history-summary-checks*.

Furthermore, as the FBI described the IdHS system, in an unrelated case,
> According to the letter the FBI's Criminal Justice Information Services Division sent to plaintiff on October 13, 2017 (Docket No. 61, Pl. Reply, Ex. G), that Division
>> "serves as <u>the nation's central repository and custodian</u> for fingerprint identification and related [FBI Identity History Summary, or "IdHS"] information submitted by duly authorized local, state, tribal, federal, foreign and international criminal justice agencies. . . .

*Aljarah v. Citigroup Global Markets, Inc.*, 2018 WL 6592103 at *4 (W.D.N.Y. Dec. 14, 2018). Emphasis added.

Such a system is clearly much more reliable than a search based solely upon a party's name and state of residence.

Finally, if the Court does wish for this matter to be litigated and the parties to engage in extended and time-consuming motion practice, Plaintiffs' counsel has no objection to the dates set forth by Defendants' counsel (see Defs' Ltr. at n. 2), save that the Plaintiffs be granted the same amount of days to submit any Response, subject to any reasonable and necessary request for additional time.

                    Respectfully submitted,

                    /s/ *Bernard V. Kleinman*
                    Bernard V. Kleinman, Esq.
                    Attorney for Plaintiffs

cc: All counsel of record by ECF