

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**ROBERT B. LOWER, COUNSEL**
**RLOWER@FSFLLP.COM**

October 31, 2023

<u>Via ECF</u>
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court, E.D.N.Y.
Brooklyn, New York 11201

      Re:    Defendants' First Letter Motion to Compel Discovery
                Case No. 1:22-cv-05686-KAM-VMS — *Justin Lanasa et al. v. Erik Stiene et al.*

Dear Judge Scanlon:

      This office represents Defendants and writes regarding Plaintiffs' standing refusal to retract improper objections and/or provide discovery. Each and every one of Plaintiffs' 28 responses and objections to Defendants' discovery requests continue to include, without limitation, every one of the following three improper objections. On July 27, 2023, I first exhaustively memorialized the improper nature of the following three defects in a five-page letter to Plaintiffs and proposed no less than three dates to meet and confer, which Plaintiffs neither accepted nor proposed alternate dates to address. Today, Plaintiffs again confirmed their refusal to remediate any of the following three defects.

      First, every one of Plaintiffs' responses includes an objection averring Defendants' requests are not "reasonably calculated to lead to the discovery of admissible evidence." That particular language was categorically removed from the Fed. R. Civ. P. nearly a decade ago, as part of those Rules' 2015 amendments, and each of those purported bases for withholding discovery needs to be retracted promptly.

      Second, each of Plaintiffs' responses also include an objection predicated upon Local Civil Rule 33.3. Local Civil Rule 33.3 doesn't apply in the Eastern District of New York. Accordingly, all of Plaintiffs' responses and refusals to provide discovery are also defective for this reason, and each of these purported bases for withholding discovery need to be retracted promptly.

      Third, each of Plaintiffs' responses also reflect a systemic practice of incorporating all of Plaintiffs' general objections into every one of its responses. Courts have consistently concluded the Fed. R. Civ. P. prohibit this precise practice, i.e., systemic incorporation of all general objections into every one of Plaintiffs' responses. Accordingly, all of Plaintiffs' responses and refusals to provide discovery are also independently defective for this reason, and all of the foregoing grounds for Plaintiffs' decision to wrongfully withhold discovery need to be retracted promptly.

**FARBER SCHNEIDER FERRARI LLP**

October 31, 2023
Page 2 of 2

Finally, six of Plaintiffs' responses continue to include an objection predicated upon "the absence of a Protective Order." Although Defendants have already specifically consented to be bound by the terms of the joint motion for a Protective Order, which remains pending, that was filed September 11, 2023 at ECF No. 43 (albeit inadvertently addressed to Judge Matsumoto).[1]

Because all parties now appear to have discovery-related motions pending before Your Honor, for the convenience of the Court, Defendants have prepared and enclosed spreadsheets memorializing all 28 of Defendants' requests, all 25 of Plaintiffs' requests, and both parties' responses and objections to each of those 53 requests.

With respect to the enclosed spreadsheets:
- Blue cells represent separate assertions solely by counsel for Defendants.
- Orange cells represent, as of today, all discovery requests that the parties have moved to compel compliance with. For clarity, while Plaintiffs have moved to compel compliance with literally every one of their discovery requests, Defendants have narrowed the scope of requests for which they seek the Court's assistance (*i.e.*, to those highlighted).

The unreasonable nature of Plaintiffs' refusal to provide basic information and records that would be required to substantiate their own meritless claims underscores the unfortunate need for judicial intervention. I know this Court's caseload is likely incapable of having all facts thoroughly examined in ordinary workdays, and tread carefully in asking for anything further, however, Plaintiffs' contention that they genuinely do not understand my simple RFP No. 12, regarding their casual use of the term "n****r" a/k/a "the 'N-word,'" underscores the need for a an inquiry into the veracity of representations from Plaintiffs and their representative. In this instance, I sought discovery about Plaintiffs reprehensible use of that term, redundantly stating I was referring to "the 'N-word,'" and specifically requesting "prompt notice" if "Plaintiff's counsel or any Plaintiff is unsure what word is being referenced." **Never was any such notice received.** Yet, Plaintiffs' counsel actually has the audacity to maintain a claim that this RFP is "not possible to answer" because it is "unclear and confusing," while continuing to ask this Court to run cover for a flagrant white supremacist and harass Defendants — including a grandmother with *zero* connection to this case (a fact that remains undisputed).

For the foregoing reasons, Defendants respectfully request an order compelling Plaintiffs to provide the discovery reasonably sought by Defendants, awarding costs and fees associated with this motion, and providing any extension to the operative October 31, 2023 discovery deadline reasonably required for Plaintiffs' compliance.

Respectfully submitted,

By: _____
Robert B. Lower
FARBER SCHNEIDER FERRARI LLP

cc:   Counsel of record; Hon. Kiyo A. Matsumoto, U.S.D.J. (via ECF)

---

[1] We are happy to refile another version of this request addressed to Your Honor upon request, and do hereby retroactively direct that request to Your Honor.