| | Dfs' Request | Pls' Response |
|---|---|---|
| Dfs' Interrogatories (Nos. 1-7) | | All seven of Plaintiffs' Interrogatory Answers begin (and sometimes end) with the following generic preamble, which we have excluded from Pls' Answer Nos. 1-7 below for clarity:<br>***ANSWER: OBJECTION. Plaintiffs incorporate by reference the General Objections stated above. Plaintiffs further object to the extent this Interrogatory is vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiffs object as the subject interrogatory demands information which is outside the scope of interrogatories permitted by Local Civil Rule 33.3 and all communications with counsel are protected by attorney-client privilege.*** |
| Dfs' Rog1 | Identify the primary user and type of each electronic device that has been identified as a potential source of information relevant to this litigation. | [Nothing further.] |
| Dfs' Rog2 | Describe each instance in which you have been convicted of a crime with a description of the specific charge, court(s) that presided over each crime, and all forms of punishment, retribution, or other penalties imposed in connection with each. | Notwithstanding the above, Plaintiff LANASA has no criminal history other than an incident that happened in 1989 while on leave from the Army. The charges were ultimately dismissed on the basis of self-defense. See attached Fingerprint Report from the FBI, dated Sep. 30, 2021. |
| Dfs' Rog3 | Provide a complete accounting of all "lost income, litigation expenses, and other costs directly associated with and attributable to Defendants' actions," as alleged in FAC ¶ 55. | Included in this is the bankruptcy filing for Matter of TSR, LLC., 21-1577 (Bankr. Ct. E.D.N.C.). See attached Notice of Chapter 7 Bankruptcy, litigation costs in the matter of TSR, LLC v. Wizards of the Coast, 21-cv-1705 (W.D. Wash.), and litigation costs in the current litigation. See also Documents produce below[.] |
| Dfs' Rog4 | Provide a complete list of each and every one of the "creators, publishers, artists, and customers" who "stat[ed]" or "vow[ed] not to work with Plaintiff due to due to the false, fabricated statements made by Defendant E. Stiene," as alleged in FAC ¶ 75. | This information has been provided previously in the Rule 26(a) list of potential witnesses. |
| Dfs' Rog5 | Any and all names, usernames, handles, or other unique identifiers that Dave Johnson [and] any Plaintiff has and/or continues to use for social media and/or third-party communications applications from 2018 to present, including, without limitation, WhatsApp, Viber, Snapchat, Reddit, Tumblr, Pinterest, TikTok, YouTube, Twitter, Instagram, and Facebook. | Plaintiffs further object to this Interrogatory as it requests information prior to the dates set forth in the Amended Complaint. And, further Objects as this Interrogatory requests information regarding "Dave Johnson"; not a Plaintiff in this action. |

| | Dfs' Request | Pls' Response |
|---|---|---|
| Dfs' Rog6 | State whether any Plaintiff has deleted, archived, and/or otherwise hidden or failed to preserve any text messages, video messages, picture messages, paper documents, social media posts, direct messages, emails, and/or documents from any device, profile, email account, messaging system, social media system, hardware, software, cloud-based storage, provider, and/or other source (the "Deleted Sources") which relate, concern, evidence and/or refer to any Defendant, relationship between parties to this action, and/or allegation contained in the FAC, regardless of whether such communication was with any Defendant or not.  If the answer is yes, state with specificity the content of those deletions and provide the legal name, account number, username, and any and all identifying information about such Deleted Sources. | Plaintiffs further object to this Interrogatory as it contains no time limitations at all and, is therefore, unnecessarily overbroad. Plaintiff has not destroyed or otherwise hidden or failed to preserve any documents or records relevant to this case in any relevant and material period of time. |
| Dfs' Rog7 | Provide an itemized accounting for each of the following seven (7) FAC paragraphs in which Plaintiffs allege damages in an "amount of no less than $1,000,000":<br>　　i. 56:<br>　　ii. 67:<br>　　iii. 82:<br>　　iv. 94:<br>　　v. 94(a):<br>　　vi. 94(b):<br>　　vii. 94(c): | [Nothing further.] |

|  | Dfs' Request | Pls' Response |
|---|---|---|
| Dfs' RFPs (Nos. 1-21) | Defendants first served the following 21 Requests for Production on May 4, 2023 | Every one of Plaintiffs' 21 RFP responses and objections also begins (and often ends) with the exact same generic preamble referenced above, having been changed only by replacing the phrase "Interrogatory" with "Demand for Production" in the second sentence.  We have once again excluded this preamble from Pls' RFP Response Nos. 1-21 below for for clarity:<br><br>**ANSWER: OBJECTION. Plaintiffs incorporate by reference the General Objections stated above. Plaintiffs further object to the extent this  Demand for Production  is vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiffs object as the subject interrogatory demands information which is outside the scope of interrogatories permitted by Local Civil Rule 33.3 and all communications with counsel are protected by attorney-client privilege.** |
| RFP1 | 1.All documents which relate, concern, evidence, and/or refer to any damages and/or harm Plaintiffs' claim to have been caused by any Defendant, including without limitation any alleged injury to any Plaintiff in their trade, business, profession, financial interests, reputation. | [Nothing further.] |
| RFP2 | 2.All documents which relate, concern, evidence, and/or refer to criminal charges, history, or convictions of any Plaintiff. | [Nothing further.] |
| RFP3 | 3.Any and all Communications between Defendant and any third-party, which, in any way, relate, concern, evidence, and/or refer to any Defendant, event, and/or allegation of damage n Plaintiffs' First Amended Complaint ("FAC"). | In addition, thereto, such documents and records are in the possession, custody and control of the named Defendants, and, despite having made a Demand for their production, none has been forthcoming to date. |
| RFP4 | 4.Any and all Communications between any third parties, to which at least one Plaintiff was a party (carbon copied, on the thread, on the DM, text message, or otherwise), which, in any way, relate to, concern, evidence, and/or refer to any Defendant, event complained of in the FAC, and/or harm, damage, and/or abuse of any kind claimed to be suffered by any Plaintiff as a result of any Defendant. | Plaintiffs further object tot his [sic] Demand as it contains no time frame, and is therefore overbroad and unduly burdensome. |
| RFP5 | 5.All documents and communications that memorialize, for each Plaintiff from 2019 to present, all income, revenue, costs, and profits (whether or not declared with any government or tax authority). | Plaintiffs further object to this Demand as it seeks documents not related to this litigation, such as personal financial information, and other sources of income unrelated to this litigation. Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court. |
| RFP6 | 6.All communications and documents exchanged between Plaintiff Lanasa and Dave Johnson from 2018 to present that relate to or reference any non-Lanasa party to this action, event alleged in the FAC, and/or claim in this action. | [Nothing further.] |
| RFP7 | 7.All documents, communications, records, and/or receipts from, regarding, referencing, or otherwise relating to poopsender, poopsender.com, shitsenders.com, and/or the sending of any actual or artificial feces to any person or entity from 2018 to present. | [Nothing further.] |

|       | Dfs' Request | Pls' Response |
|-------|--------------|---------------|
| RFP8  | 8.All documents, communications, and/or records which relate to or otherwise substantiate any purported basis for adding Lois Stiene as a Defendant in this matter and/or establish any cognizable nexus between Lois Stiene and any claim in this action. | See Amended Complaint at ¶ 22: Jan. 8, 2022, Mar. 17, 2022, Dec. 17, 2022, Nov. 27, 2022; ¶ 92. |
| RFP9  | 9.All documents and/or communications relating to Lois Stiene and/or any form of claimed or potentially actionable conduct attributable to Lois Stiene. | See Response to No. 8 above. |
| RFP10 | 10.All documents, communications, and/or records related to any military service by Plaintiff Lanasa and/or discharge from any such military service at any time. | [Nothing further.] |
| RFP11 | 11.All documents, communications, and/or records related to the grits wrestling incident[1] at any time.<br><br>[n.1] *See* https://www.newsobserver.com/news/state/north-carolina/article240600416.html. | [Nothing further.] |
| RFP12 | 12.All documents, communications, and/or records from 2018 to present related to or containing the phrase "nazi", "neo-nazi", "gay", "homo", "homosexual", "nordic", "negro", "n****r"[n.2], "dark skin", "skin color", "coon", "raccoon" "BLM", "ANTIFA", "eugenics", "racist", "racism", and/or "white supremacy".[2]<br><br>[n.2] This redacted phrase refers to the "N-word." To the extent Plainitff's counsel or any Plaintiff is unsure what word is being referenced by this quote, please provide prompt notice to that effect. | Further, this Demand contains a footnote that is unclear and confusing, and hence renders it further not possible to answer. |
| RFP13 | 13.All documents, communications, and/or records related to any business relationship or agreement between any Plaintiff and Geek Nation®, any agreement(s) between any Plaintiff and Geek Nation® to tour, any cancellation of any tour by Geek Nation®, any contracts between any Plaintiff and Geek Nation®, any alleged financial damages suffered by any Plaintiff as a result of the Geek Nation® "cancel[lation]" (as alleged throughout the FAC), and any "financial damages in payments to the Plaintiffs TSR and DUNGEON HOBBY" as a result of any Defendant (as alleged in FAC ¶ 24). | Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court. See attached. |
| RFP14 | 14.All non-privileged documents, communications, and/or records regarding, establishing, or otherwise relating to any "damages in the form of litigation and trial expenses," "loss of income," and or "damages as set forth" in the FAC. | Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court. |
| RFP15 | 15.All non-privileged documents, communications, and/or records regarding, establishing, or otherwise relating to any "failure to pay debts" by any Plaintiff (as stated in FAC ¶ 40). | [Nothing further.] |
| RFP16 | 16.All documents, communications, and/or records regarding, establishing, or otherwise relating to "damages in the form of litigation and trial expenses," "loss of income," and "damages" alleged in FAC ¶ 36. | [Nothing further.] |

|  | Dfs' Request | Pls' Response |
|---|---|---|
| RFP17 | 17. All materials and communications regarding and/or reflecting any appointment, treatment, and/or consultation that was sought, scheduled, and/or received for actual, suspected, and/or alleged injuries, emotional distress, embarrassment, humiliation, and/or emotional injury that any Plaintiff claims to have suffered as a result of any Defendant. | [Nothing further.] |
| RFP18 | 18. All materials and communications that relate to, reflect, and/or depict any suspected, actual, and/or alleged damages, distress, injuries, or other form of harm any Plaintiff claims to have suffered as a result of any Defendant, including without limitation any loss of standing in the community, loss of self-esteem, emotional injury, humiliation, public disgrace, severe embarrassment, loss of standing and respect within [Lanasa's] own family, and/or severe and extreme emotional distress (as claimed in the FAC). | [Nothing further.] |
| RFP19 | 19. HIPPA approved release forms executed by Plaintiffs for every medical provider, medical professional, hospital, medical center, medical doctor, physician assistant, nurse, psychotherapist, social worker, therapist, counselor, psychiatrist, and/or psychologist who has consulted, treated, and/or assessed any Plaintiff as a result of any Defendant. | [Nothing further.] |
| RFP20 | 20. All materials and communications regarding and/or substantiating Plaintiffs' allegation that "Defendant E. STIENE has encouraged others to distribute … images of the Plaintiff's minor child," as alleged in FAC ¶ 79. | [Nothing further.] |
| RFP21 | 21. All materials and communications that establish "creators, publishers, artists, and customers" "stat[ed]" or "vow[ed] not to work with Plaintiff due to due to the false, fabricated statements made by Defendant E. Stiene," as alleged in FAC ¶ 75. | [Nothing further.] |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 1. Identify all persons with knowledge of the facts enumerated in the AMENDED COMPLAINT, their current address, and the knowledge held by each and every person, and identify and attach hereto a copy of any writing relating, regarding, referring to, or reflecting these facts. | 1. Defendants object to this and every request to the extent Plaintiffs have not indicated whether it is an Interrogatory, Request for Production, or apparent impermissible combination of the foregoing types of requests, which appears to be the case in this instance (e.g., demanding both the "identif[ication]" of persons, as well as "cop[ies]" of "any writing relating, regarding, referring to, or reflecting" the subject matter of this request). Defendants also object to this request to the extent the Amended Complaint is replete with opinions, objectively false statements, and misrepresentations of fact and law that are apparently being characterized as facts by this request. Accordingly, this response reflects Defendants' reasonable attempt, provided as a courtesy, to address individuals whom, upon information and belief, possess knowledge regarding one or more topics addressed in the Amended Complaint, which include Erik Stiene and all individuals identified in Defendants' Initial Disclosures. Defendants further object to the overly broad nature of this request, which seeks "knowledge held by" non-parties, which is naturally outside of Defendants' possession, custody, and control. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Accordingly, in view of the aforementioned objections and enormous burden that this improper compound request (with no limitation upon temporal scope or subject matter), would impose upon Defendants, Defendants will limit the scope of any production to non-privileged materials identified by a reasonable search regarding the Amended Complaint's operative claims. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 2. Identify any and all lawsuits, administrative adjudications, or any other legal or regulatory proceeding in which any of the named Defendants, ERIK STIENE, LOIS STIENE and RACHEL STIENE, were named as a Defendant, Respondent, Plaintiff, Petitioner, or in any other capacity, including that as a Witness, whether work related or not including: the parties or entities that brought said lawsuit; the nature of the claims; the attorneys (including said attorney's name, address, and telephone number) representing each of the parties to said lawsuit; the dates and dispositions of each lawsuit; the court in which such lawsuit was brought; and docket numbers for each action. | 2. Defendants object to this request as not being within the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1), which is limited to materials that are "relevant to any party's claim or defense and proportional to the needs of the case." Since this request is directed to at least one non-party and seeks information that is wholly irrelevant to any claim or defense of any party, discovery of such irrelevant information, to the extent any exists, is of no value in resolving any of the parties' disputes and is not proportional to the needs of the case. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden not only Defendants, but anyone they are related to or affiliated with, and to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendant further objects to this request on the basis that Rule (26)(g)(1)(b) requires that requests are neither "unreasonable nor unduly burdensome" nor "interposed for an improper purpose," and because this and several other of Plaintiffs' requests are both, they fail to comply with Fed. R. Civ. P. 26(g)(1)(B). |
| 3. State the names, addresses, and telephone numbers of any eyewitnesses to any event or occurrence complained of and state the relationship to you of any such eyewitness. Included herein are the names of the parties present at the time of any of the events set forth in the Amended Complaint, and their addresses, telephone numbers, and email addresses. | 3. Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' possession, custody, and/or control (such as private information, e.g., for anonymous YouTube users) and knowledge or memories of non-party individuals. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of interrogating and obtaining summaries of non-parties' personal knowledge regarding myriad topics represents a scope of discovery that outweighs the likely benefit of any information it would yield. Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures. |
| 4. With regard to Tenkars Tavern:<br>a. Provide the income and sources thereof for Tenkars Tavern for the years 2017 through 2023.<br>b. Provide the names of any parties or entities with which Tenkars Tavern has a contractual relationship.<br>c. State the names, and addresses, of any parties or entities with a pecuniary or financial or possessory interest in Tenkars Tavern. | 4. Defendants repeat their general objections, which are incorporated into this and each of their responses by reference. To the extent Plaintiffs believe discovery of income and sources thereof generated by any party or entity from 2017 to present would be proportional or bear relevance to any claim or defense in this action, as opposed to yet another fishing expedition designed to unduly and asymmetrically burden Defendants with broad searches for irrelevant materials that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, we are happy to meet and confer to discuss any purported ground Plaintiffs may be able to articulate for discovery of such information. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 5. Identify the names of any parties, other than ERIK STIENE, who appear in, or whose voice is recorded and broadcast, in any of the following Youtube® videos. Provide the date stamp location of said individual's appearance, either by video appearance, or voice:<br>January 08, 2022:<br>https:llwww.youtube.com/watch?v=wD!J Wo6WTuU<br>January 09, 2022:<br>https://www.youtube.com/watch?v=AbpJ-djtNkO<br>February 08, 2022:<br>https .//www.youtube. com/watch?v= ZJDA tBIR6vc<br>February 18, 2022:<br>https.llwWYv.youtube.com/watch?v=hxsDOlDPkDc<br>March 17, 2022:<br>https.llwww.youtube.com/watch?v=pSbVzLby3 7w<br>May 10, 2022:<br>https ./ lwww.youtube.com/watch ?v=YtFIlq hJQRA<br>May 28,2022:<br>https.llwww.youtube.com/watch?v=qkpDy7DJhKw<br>June 15, 2022:<br>https.llwww.youtube.com/watch?v=djYL3joFZqQ | 5.Defendants object to this request to the extent it is vague and duplicative of Plaintiffs' prior discovery requests (e.g., regarding anyone with knowledge), to the extent it seeks materials outside of Defendants' knowledge, possession, custody, and/or control. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of reviewing reams of YouTube videos and investigating and/or speculating as to the identities of any individual whose likeness appears therein, with no nexus to any claim, defense, or allegedly actionable assertion represents a scope of discovery that outweighs the likely benefit of any information it would yield.  Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Notwithstanding the foregoing, Defendants direct Plaintiffs to the individuals identified in Defendants' Initial Disclosures. |
| 6.Provide the basis upon which you published and stated the following:<br>accusing Plaintiff LANASA of dishonesty<br>"inadvertently honest, I don't think that was your intention"<br>https.llwww.youtube.com/watch?v=wDI3Wo6WTuU | 6.Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action.  Notwithstanding the foregoing, Defendants respond inactionable opinion. |
| 7. Provide the basis upon which you published and stated the following:<br>Accusing Plaintiff LANASA of not paying his employees and hires:<br>"the new artist got paid for it, but Greg Bell did not"<br>https.l/www.youtube.com/watch?v=wDI3Wo6WTuU | 7.Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case, and proposing a scope of discovery that lacks any cognizable benefit to any claim or defense in this action.  Notwithstanding |
| 8. Provide the basis upon which you published and stated the following:<br>Publishing that the Plaintiff DUNGEON HOBBY, having the purpose of accepting garners donations:<br>"wasn't a not for profit, was for profit"<br>https://www.youtube.com/watch?v=AbpJ-djtNkO | 8.Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference.  Defendants further object to this request as silly, unduly burdensome, not proportional to the needs of this case.  Defendants also object to this and myriad of Plaintiffs' other requests to the extent they are patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 9. Provide the basis upon which you published and stated the following: postings on the internet that stated that the Plaintiff LANASA: "does not like homos and their type; will not work with folks that support them" https:I/www.youtube.com/watch?v=ZJDAtB!R6vc | 9. Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Courts have consistently deemed contentions of homophobia inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here. See, e.g., McCaskill v. Gallaudet Univ., 36 F. Supp. 3d 145, 160 (D.D.C. 2014) ("to the Court's knowledge no decision has found statements claiming that a person is anti-gay or homophobic to be actionable"); Doe v. Syracuse Univ., 468 F. Supp. 3d 489, 512 (N.D.N.Y. 2020) ("[a] reasonable reader could not conclude that [defendant's] statements that the videos were racist, anti-Semitic, homophobic, sexist, and ableist conveyed facts about Plaintiffs, rather than his opinion about what the videos depicted"); Schumacher v. Argosy Educ. Grp., Inc., No. 05-531 (DWF/AJB), 2006 U.S. Dist. LEXIS 88608, at 45 (D. Minn. Dec. 6, 2006) ("referring to [plaintiff] as 'homophobic' does not constitute defamation as a matter of law"); Lester v. Powers, 596 A.2d 65, 71 (Me. 1991) (letter to editor asserting that professor was homophobic was protected opinion); Vail v. Plain Dealer Publishing Co., 72 Ohio St. 3d 279, 1995 Ohio 187, 649 N.E.2d 182, 186 (Ohio 1995) (article stating that candidate had "engag[ed] in an 'antihomosexual diatribe' and foster[ed] 'homophobia'" was protected opinion); Waterson v. Cleveland State Univ., 93 Ohio App. 3d 792, 639 N.E.2d 1236, 1237-40 (Ohio Ct. App. 1994) (letter to editor alleging police officer was homophobic not defamatory as matter of law). |
| 10. Provide the basis upon which you published and stated the following: With regard to Plaintiffs TSR and DUNGEON HOBBY, made postings on the internet that stated, as to Plaintiff LANASA: "he thinks he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen" https:I/www.youtube.com/watch?v=ZJDAtB!R6vc | 10. Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Courts have consistently deemed contentions of this nature inactionable opinion, and there exists no cognizable basis for deviating from established precedent or otherwise warranting discovery here. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 11. Provide the basis upon which you published and stated the following:<br>Defendant ERJK STIENE, stated the following:<br>"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"<br>https://www.youtube.com/watch?v=hxsDO!DPkDc<br>a. To whom were speaking of when you referred to a party as a "jackass"?<br>b. What did you mean by the phrase "I hope they like lead"? | 11. Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as unduly burdensome, not proportional to the needs of this case, failing to identify any statement of fact, failing to relate to any party in this case, and being generally unhinged from any potentially actionable allegation in the case. Defendants also again note this request is patently designed to buttress assertions of a nature that the Court has already explicitly informed Plaintiffs are inactionable while directing Plaintiffs to narrow the scope of their inactionable shotgun allegations. Specifically, during the January 6, 2023 conference, the Court sua sponte informed Plaintiffs' counsel that assertions like and including the January 8, January 9, February 18, and March 17, 2022 statements referenced in the original complaint did not appear to be defamatory (to the extent they are capable of being understood or connected to any Plaintiff), and specifically advised Plaintiffs to narrow their claims, also sua sponte informing Plaintiffs' counsel that the use of terms such as "jackass" are not defamatory. Notwithstanding the foregoing, Defendants respond inactionable opinion. See also Defs' May 8, 2023 Reply Br. in further support of their pending 12(b) motion to dismiss at 14 n.45 (reminding Plaintiffs that "Lanasa's failure to claim he is the 'jackass' to whom Mr. Stiene refers, FAC ¶ 22, or known generally as a 'jackass,' also render this claim inactionable."). |
| 12. Provide the basis upon which the following statement was published on Youtube®:<br>ERIK STEINE stating:<br>"Mario77, aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin"<br>https://www.youtube.corn/watch?v=pSbVzLby37w<br>a. Who is "Mario77" referenced above?<br>b. What was meant by the following statement:<br>"aka Justin I fuck ignorant cocks" | 12. A) Twitter handle; B) Defendants repeat their general and the foregoing objections, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, failing to establish a nexus to any party(ies) in this case, and failing to constitute a potentially actionable assertion or heed the Court's clear directives to narrow the scope of their inactionable allegations. Notwithstanding all of the foregoing objections, all incorporated herein, Defendants state inactionable opinion. |
| 13. Provide the basis upon which you published and stated the following:<br>"You doxed me, you little shit."<br>https://www.youtube.com/watch?v=pSb VzLby37w | 13. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and |
| 14. Provide the basis upon which you published and stated the following:<br>"Justin is Trying to dox My Wife Rachel"<br>https://www.youtube.com/watch?v=pSb VzLby37w | 14. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case and failing to identify any potentially actionable |
| 15. Provide the basis upon which you published and stated the following:<br>"your criminal history; that's certainly public knowledge"<br>https://www.youtube.com/watch?v=pSbVzLby37w<br>a. Provide any proof or documentation that Plaintiff JUSTIN LANASA has been convicted of a misdemeanor or felony.<br>b. Provide the basis for the statement that the "criminal history" is "public knowledge". | 15. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 16. Provide the basis upon which you published and stated the following:<br>"TSR ... they are scraping the bottom of the privy, okay, you can't get more shit than this shit. So that's your customer base and you're appealing to it."<br>https://www.youtube.com/watch?v=YtF!Iqh!QRA | 16. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, |
| 17. Provide the basis upon which you published and stated the following:<br>"he himself was kicked out of the military for lack of leadership potential"<br>https:lwww.youtube.com/watch?v=qkpDy7DJhKw | 17. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail (i.e., providing an overwhelming basis for deeming this cold read of another individual's post online inactionable as a matter of law). |
| 18. Provide the basis upon which you published and stated the following:<br>"you fucked over your prior business partners to get the TSR trademark"<br>https:1/www.youtube.com/watch?v=djYL3joFZqQ<br>a. Provide the names and contact information for the "business partners" referenced above.<br>b. State how the Plaintiff "fucked over your prior business partners".<br>c. To what "trademark" are you referring: | 18. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion. |
| 19. Provide the basis upon which you published and stated the following:<br>"you included a Nazi in the company"<br>https://www.youtube.com/watch?v=djYL3joFZqQ<br>a. To whom and why do you refer to the un-named party as a "Nazi", and the basis upon which you make this claim? | 19. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion, Plaintiffs' extensive business relationship and/or work with Dave Johnson, and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail. Defendants further direct Plaintiffs to Lanasa's own communications as a courtesy: |
| 20. Provide the basis and reason which you published the following statement:<br>"I already know your address; I already know your fucking phone number; I know your wife's phone number."<br>https:1!www.youtube.com/watch?v=pSbVzLby37w | 20. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and/or the fact that Defendants simply have not engaged in any publications, e.g., of an address or phone number, that could be actionable or constitute doxing. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 21. Explain the purpose upon which the following was published on Tenkars Tavern, in which the identity of the Plaintiff LANASA's spouse and minor child and their photographic images were disclosed:<br>[PICTURE/SCREENSHOT OMITTED FROM THIS CHART] | 21. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, and further object on the ground that no party is referenced within the statement proffered in this request. Defendants further object to this request as not proportional to the needs of this case and failing to constitute a potentially actionable assertion. Notwithstanding the foregoing, Defendants state inactionable opinion and direct Plaintiffs to Defendants' papers in support of their pending Fed. R. Civ. P. 12(b) motion to dismiss, which address this issue and its inactionable nature in extensive detail. |
| 22. Do any of the named Defendants own or possess a firearm? If so, provide the name, type, and manufacturer thereof. Provide a copy of all licenses upon which possession of said firearm is held or possessed. | 22. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case. |
| 23. Provide any information related to any claim that the named Defendant, ERIK STIENE, was or is an employee, member or worker of the New York City Police Department, including dates of service, any records related to any investigations of same for misbehavior or any administrative actions taken by the N.Y.P.D. as against Defendant ERIK STIENE, any judicial or administrative or agency proceedings in which Defendant ERIK STIENE was a party, respondent, or witness. | 23. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference. Defendants further object to this request as not proportional to the needs of this case, failing to identify any statement of fact, claims or defenses in this case, or nexus to any claim, defense, or allegedly actionable assertion in this case. Defendants also object to this request to the extent it constitutes yet another fishing expedition designed to harass, unfairly prejudice, and unduly burden Defendants. |
| 24. If you claim that Plaintiff LANASA made any admissions as to the subject matter of this lawsuit, state: the date made; the time and address for each person to whom any such admission was made; where made; the name and address for each person present at the time any such admission was made; the contents of the admission; and if in writing, attach a copy. | 24. Defendants repeat their general and all pertinent objections included herein, which are incorporated into this response by reference, along with Defendants' assertion that, at this time, they have elected to maintain a tolerant demeanor and refrain from levying any of myriad patently actionable claims against Plaintiffs (and no such rights are being waived). Defendants also object to this request to the extent it constitutes a premature fishing expedition for bases establishing the objectively false and impeachable nature of Plaintiffs' assertions. Notwithstanding the foregoing, Defendants direct Plaintiffs to the communications produced supra. |

| Pls' "INITIAL INTERROGATORIES & DOCUMENT DEMANDS" (i.e., hybrid demands) | Dfs' Response |
|---|---|
| 25. For the below named individuals, provide all documents, emails, records, and communications in which any of the named Defendants had any contact with the name party below regarding the matters and causes of action set forth in the Amended Complaint, and/or in the matter of TSR, LLC v. Wizards of the Coast, 21-cv-1705 (W.D. Wash.):<br>a. Michael Hovermale<br>b. Thomas Verreault, Jr.<br>c. Donald O. Semora<br>d. Jayson Eliot<br>e. Ernie Gygax<br>f. Jeff Leason<br>g. Lucion "Luke" Gygax<br>h. David Flo<br>I. Peter Adkinson<br>J. Victor Dorso<br>k. Tim Kask<br>l. Charlie Hall | 25. Defendants object to this and each of the foregoing requests to the extent Plaintiffs have not indicated whether they constitute Interrogatories, Requests for Production, or impermissible combinations of the foregoing (which again appears to be the case in this instance). Defendant also objects to this request to the extent it constitutes a fishing expedition designed to unfairly prejudice and unduly burden Defendants. Defendants also object to this request to the extent it seeks information that is protected by attorney-client privilege and/or work-product doctrine. Defendants further object to this request as not proportional to the needs of this case because the burden and expense of searching for "all documents, emails, records, and Communications" with no less than one dozen individuals without any temporal or subject matter limitations. Accordingly, in view of the aforementioned objections and enormous burden these improper compound requests would impose (to the extent they could even be complied with), Defendants reiterate their objection to searching for materials with no cognizable connection to the Amended Complaint's operative claims. |