LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
108 Village Square, Suite 313
Somers, NY 10589-2305
Tel. 914.644.6660     Email: attrnylwyr@yahoo.com     Fax. 9+14.694.1647

November 6, 2023

Hon. Vera Scanlon
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re: Lanasa v. Stiene, et al. 22-cv-5686</u>

Your Honor:

This letter shall serve as the Plaintiffs' response to the Defendants' letter motion to compel.

First of all, it is essential to set forth that the Plaintiffs have been available, at all times, to meet and confer. Plaintiffs' records show that Defendants only once sought to meet and confer, and this was by email dated July 25, 2023, and that there was a subsequent telecon on July 26, 2023 at approximately 11:00 a.m., in which the parties did "meet and confer" (*i.e.*, Defendants' offer was, in fact, accepted). Further, Plaintiffs' daily diary shows that we did have a telecon in which we discussed both Plaintiffs' discovery demands, and those of Defendants, at which no satisfactory resolution was reached. While the letter of July 27 referenced several dates for meeting and conferring, this was the <u>only and last time</u> that Defendants' counsel made any effort to so meet and confer. In fact, the Defendants were totally silent regarding their Discovery demands until their filing on the last day of Discovery (October 31) – a period of more than three months from their letter of July 27.

On November 4, 2023, Plaintiffs' counsel emailed a letter to Defendants' counsel in which he stated the following:
> I would propose that we meet and confer regarding any objections regarding Discovery. I am away in Denver and Colorado Springs all next week on other client matters, but would propose sometime the week of November 13; specifically, either November 14, 16 (in the a.m.), or 17 (in the p.m.).

Hopefully Defendants' counsel will avail themselves of this opportunity so as to avoid any further pre-motion to motion practice.

As to the Plaintiffs' responses to the Defendants' Interrogatories and Document Demands. As the Court can see, the Plaintiffs made a concerted effort to provide the discovery that was demanded, and included a number of documents in response to the Document Demands. (This was in direct contravention to the Defendants' Responses to the Plaintiffs' Demands, in which the Defendants provided no genuine responses at all, and objected to every demand made.)

Many of the Responses were perfectly satisfactory. These were , in Summary, as follows:

Interrog. 2: Notwithstanding the above, Plaintiff LANASA has no criminal history other than an incident that happened in 1989 while on leave from the Army. The charges were ultimately dismissed on the basis of self-defense. See attached Fingerprint Report from the FBI, dated Sep. 30, 2021.

Interrog. 3: Included in this is the bankruptcy filing for *Matter of TSR, LLC.*, 21-1577 (Bankr. Ct. E.D.N.C.). See attached Notice of Chapter 7 Bankruptcy, litigation costs in the matter of *TSR, LLC v. Wizards of the Coast*, 21-cv-1705 (W.D. Wash.), and litigation costs in the current litigation. See also Documents produce.

Interrog 4: This information has been provided previously in the Rule 26(a) list of potential witnesses.

Interrog 5: Plaintiffs further object to this Interrogatory as it requests information prior to the dates set forth in the Amended Complaint. And, further Objects as this Interrogatory requests information regarding "Dave Johnson"; not a Plaintiff in this action.

Interrog 6: Plaintiff has not destroyed or otherwise hidden or failed to preserve any documents or records relevant to this case in any relevant and material period of time.

Doc Demand 3: In addition, thereto, such documents and records are in the possession, custody and control of the named Defendants, and, despite having made a Demand for their production, none has been forthcoming to date.

Doc Demand 4: Plaintiffs further object to this Demand as it contains no time frame, and is therefore overbroad and unduly burdensome.

Doc Demand 5: Plaintiffs further object to this Demand as it seeks documents not related to this litigation, such as personal financial information, and other sources of income unrelated to this litigation. Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court. [Defendants state that the parties agreed to the proposed Protective Order, and hence, it should have been applied. As the Court is well aware the Court did amend the proposed Protective Order, and hence, waiting for the fully executed Protective Order was perfectly reasonable.

Doc Demand 8: See Amended Complaint at ¶ 22: Jan. 8, 2022, Mar. 17, 2022, Dec. 17, 2022, Nov. 27, 2022; ¶ 92.

Doc Demand 13: Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court. [Nevertheless, Plaintiffs provided documents in response thereto.]

Doc Demand 14: Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature, or otherwise privileged, in the absence of a Protective Order from the Court.

Doc Demand 15: See Amended Complaint at ¶ 22: Jan. 8, 2022.

Doc Demand 19: Plaintiffs further object to the disclosure of confidential financial, medical, and other information of a proprietary or personal nature in the absence of a Protective Order from the Court.

Doc Demand 21: This information has been previously provided as part of Plaintiffs' initial disclosure under Rule 26.

It should be noted that while it is accurate that L.Civ.R. 33.3 is designated for the Southern District of New York, Courts on this District have adopted in principal, in the interest of moving discovery forward, and as a matter of judicial discretion. *See, e.g., DiStefano v. Law Offices of Barbara A. Katsos, PC*, 2013 WL 1339536 at *3 (E.D.N.Y. Mar. 29, 2013); *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 64-65 (E.D.N.Y. 2007); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233-34 (E.D.N.Y. 2007).

          Respectfully submitted,

          /s/ Bernard V. Kleinman
          Bernard V. Kleinman
          Attorney for Plaintiffs

cc: All counsel of record by ECF