1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
    - - - - - - - - - - - - - - - X
 3
                                   :
 4  JUSTIN LANASA, ET AL,          :22CV5686 (KAM)
                                   :
 5           Plaintiff,            :
                                   :
 6                                 :United States Courthouse
        -against-                  :Brooklyn, New York
 7                                 :
                                   :
 8  ERIK STIENE,                   :January 6, 2023
                                   :2:00 p.m.
 9           Defendant.
                                    
10  - - - - - - - - - - - - - - - X

11      TRANSCRIPT OF CIVIL CAUSE FOR A PREMOTION CONFERENCE
                BEFORE THE HONORABLE KIYO A. MATSUMOTO
12                  UNITED STATES DISTRICT JUDGE

13                    A P P E A R A N C E S:

14  FOR THE PLAINTIFF:    LAW OFFICE OF BERNARD V. KLEINMAN
                          108 VILLAGE SQUARE
15                        SUITE 313
                          SOMERS, NY 10589
16                        BY:BERNARD V. KLEINMAN
    For the Defendant:    Farber Schneider Ferrari LLP
17                        261 Madison Avenue, Ste 26th Floor
                          New York, NY 10016
18                        BY:DANIEL SCHNEIDER, ESQ.

19                        LOWER LAW, PLLC
                          535 5th Ave., 4th Floor
20                        New York, NY 10017
                          BY:ROBERT B. LOWER, ESQ.
21

22
    Court Reporter:  SOPHIE NOLAN
23             225 Cadman Plaza East/Brooklyn, NY 11201
                     NolanEDNY@aol.com
24  Proceedings recorded by mechanical stenography, transcript
    produced by Computer-Aided Transcription
25
```

SN         OCR         RPR

1              (Via teleconference.)

2              THE COURT:  This is a pre-motion conference in the

3    case, *Lanasa, et al versus Stiene*, *22cv5686*.

4              Will plaintiff's counsel please state his

5    appearance?

6              MR. KLEINMAN:  Good afternoon, judge.  Barnard

7    Kleinman for Lanasa, et al.

8              THE COURT:  Thank you.

9              And who do we have for the defendant?

10             MR. SCHNEIDER:  We have Daniel Schneider from the

11   firm of Farber Schneider Ferrari LLP for defendant and also my

12   co-counsel Robert Lower.

13             MR. LOWER:  Good afternoon, Your Honor.

14             THE COURT:  I do not think your co-counsel has

15   entered a notice of appearance on the docket yet, but if he

16   wants to appear he needs to enter his appearance.

17             THE COURT:  I would just ask that both counsel

18   identify themselves before speaking.  I have read the

19   pre-motion conference letter submitted by the defendant and

20   they're nearly identical letters to their November 28 and

21   December 1st objecting basically on grounds that there was a

22   stipulation that was violated by the defendants.

23             I would say that we can put that one to rest right

24   away.  My motion practices provide that a party who want to

25   bring a motion does so via a premotion conference request,

1   which I construe the November 21st letter to be, and I think
2   that what we should do is, for the purposes of today's
3   conference, figure out the best way to proceed in a way that
4   would be briefed fully for the client and most efficient for
5   the parties.
6              So let me start by saying I believe the defendant
7   wants to bring a motion pursuant to Federal Rule of Civil
8   Procedure 12(b)(6) although he doesn't specify and 12(b)(1).
9   Is that correct, counsel?  Mr. Schneider?
10             MR. SCHNEIDER:  That is correct, Your Honor.
11             MR. KLEINMAN:  That is correct, Your Honor.
12             THE COURT:  So what I am concerned about,
13  Mr. Schneider, is that in your pre-motion conference request,
14  you assert certain facts that are not set forth in the
15  pleadings.  And I don't know whether or not you would instead
16  have to bring a summary judgment motion.  So, for example,
17  there's no specific facts in the pleadings regarding the fact
18  that Mr. Lanasa is a public figure and has run for public
19  office.  In addition, you state that Mr. Lanasa has
20  distributed reprehensible racist materials and has had an
21  affiliation with individuals who publicly disseminate pro-nazi
22  and white supremacist materials.  That's not in the complaint.
23             You also make the point that other companies or
24  other entities besides the plaintiff have been critical of the
25  defendant -- have been critical of the plaintiff.  I will say

1  that you make a very good point and I'm going to put
2  Mr. Kleinman on notice that simply assigning me to links and
3  asking me to watch those videos and decide me whether or not
4  they have defamatory material.  That is not something the
5  Court is going to do nor should be requested to do.
6        Instead, the plaintiff has a pleading burden to set
7  forth sufficient factual materials to establish the defamation
8  claim and I would say that that is an issue.  The defendant
9  also raises in footnote one of its letter that certain
10 statements are time barred without reference to what those are
11 and I'm certainly not going to go through and figure out what
12 statements are time barred or not because I don't know what
13 statements are allegedly defamatory.
14        The other good point that defendant makes is that
15 there are no real allegations showing how the other
16 plaintiffs, TSR LLC, and Dungeon Hobby Shop Museum LLC have
17 been harmed by any act or omission by the defendant and I
18 think those facts are insufficient.  There is just nothing
19 there.  I don't believe that there are sufficient facts pled
20 to establish actual malice on the part of the defendant
21 consistent with the amended Anti-SLAPP law in New York and I'm
22 not sure whether the defense of truth, meaning the defamatory
23 statements, is going to be applicable.  The department claims
24 that the passing reference to criminal history is, in fact, a
25 true statement there's nothing in the complaint and if I'm

1  constrained by things alleged in the complaint these are
2  outside the pleadings.
3           The other point is that I think that the plaintiff
4  will have to more specifically establish non-conclusory facts
5  for the intentional infliction of emotional distress claim.  I
6  think the plaintiff needs to identify what the act or
7  omissions the defendants caused in that caused IIED or the
8  purported IIED claim.  The case law that defendant cites seems
9  to suggest that the allegations in the complaint are not going
10 to be sufficient to sustain the IIED claim.  That's separate
11 and apart from whether or not it's duplicative of the
12 defamation claim.
13          And then finally we have an issue regarding subject
14 matter jurisdiction based on diversity.  I agree with you that
15 the complaint does not state any jurisdictional amount but
16 $75,000 or more.  There is no way an allegation that the
17 claims satisfy the amounts in controversy.  I'm not sure what
18 the basis for that statement is.  It is vague and conclusory,
19 but I have another issue which is that we have LLCs, two
20 plaintiff LLCs, two plaintiff LLCs, in addition to the
21 plaintiff.
22          According to the complaint, the plaintiff is a
23 citizen of the state of North Carolina.  Plaintiff TSR LLC
24 says that it is a limited liability corporation existing under
25 the laws of Wisconsin and has an office in North Carolina.  It

1   doesn't disclose members of the LLC.  The membership of the
2   LLC, in terms of their citizenship, is important to
3   determining whether there is, in fact, diversity.  And the
4   same is true for the Dungeon Hobby Shop Museum LLC.  Although
5   it alleges that this limited liability corporation exists
6   under the laws of the State of Wisconsin and operates in
7   Wisconsin, there is nothing that reveals who the members of
8   the Dungeon Hobby Shop Museum LLC are.  So, with that, I
9   cannot conclude or find that there is subject matter
10  jurisdiction.  The burden is on the plaintiff to establish the
11  burden of subject matter jurisdiction and I don't think this
12  complaint sufficiently establishes who the members of the LLCs
13  are and what their citizenship is.  So, assuming they are all
14  residents of or citizens of states other than New York, I
15  think to perhaps the $75,000 jurisdictional amount is not
16  flagged sufficiently.
17          What I'm going to suggest, Mr. Kleinman, is that you
18  be given an opportunity to file an amended complaint that
19  addresses the deficiencies in the pleadings so that once you
20  have done, that the defendants can then review the amended
21  pleading and decide whether or not it makes sense to bring
22  motions under 12(b)(6) or 12(b)(1) and, if not, then the
23  Magistrate Judge will supervise your discovery.
24          Does anyone have an objection to that approach?
25          MR. KLEINMAN:  Your Honor, Bernard Kleinman for the

1  plaintiff.  Actually -- I was actually going to make a request
2  even before you had begun your discussions to file an amended
3  complaint under Rule 15.  So your statements were somewhat
4  prescient.  I obviously have no objection to that, to address
5  the issues you referenced along with some other issues to
6  allow me to amend my complaint and file that on whatever
7  agreed-upon time the Court imposes.
8            THE COURT:  Mr. Schneider, do you want to be heard
9  on this?
10           MR. SCHNEIDER:  No need to be heard.  I think that
11 given the standards of the amendment, it would be foolhardy to
12 object, so we enter no objection.
13           THE COURT:  And another good reason is that if you
14 do proceed with a motion to dismiss and if you do prevail,
15 usually under Second Circuit law I would give the plaintiff an
16 opportunity to replead acts of futility.  So, for example,
17 those claims that are stale, he's not going to be able to
18 replead because there's nothing we're going to be able to do
19 to save them.  But I think it would make sense to have one
20 iteration of the plaintiff's claim and I think that we should,
21 once that is filed, the defendant can then decide how it wants
22 to proceed.
23           One thing -- and also, Mr. Schneider, whether it
24 makes sense to engage in some discovery or at least, you know,
25 find a way to present facts that would support your motion to

1 dismiss because right now it seems like you are grasping
2 outside the scope of the complaint in order to support your
3 motions. So whether that's an answer that you would file
4 raising some of these defenses, alleging some of the facts
5 that support your motion to dismiss or whether or not the
6 parties engage in some discovery and then engage in motion
7 practice, that's something we can discuss. But to the extent
8 you've written asking that the initial causes before the
9 magistrate judge not take place, I'm going to deny that
10 application. I think you should discuss some of these issues
11 with the magistrate judge.
12       Let me first address the date by which Mr. Kleinman
13 will file an amended complaint. Mr. Kleinman, can you do this
14 within two weeks?
15       MR. KLEINMAN: Are you talking about -- today is the
16 6th. If you could give me, Judge, until Monday the 23rd, I
17 would appreciate it. Two weeks would be Friday, the 20th so
18 the 23rd would be appreciated.
19       THE COURT: Then what I would like to do is once
20 Mr. Schneider receives your complaint, I would like to give
21 him a little time to digest it and then inform on how he wants
22 to proceed. So if the amended complaint is filed on the
23 23rd --
24       MR. KLEINMAN: I have had communication with my
25 client regarding Mr. Stiene's spouse who participates in all

1 of these YouTube videos.

2 THE COURT: Then you're going to have to get an
3 amended --

4 MR. KLEINMAN: Exactly, exactly.

5 THE COURT: I do not know whether Mr. Schneider will
6 be representing both or whether she'll have to get her own
7 counsel.

8 Mr. Schneider, how much time do you think you would
9 need in order to review the amended complaint and figure out
10 how you want to proceed?

11 MR. SCHNEIDER: Your Honor, just as a -- before I
12 answer that question, I just wanted to clarify and I
13 understand that the Court denied our application to stay the
14 conference. However, will it be adjourned until after we've
15 received a new complaint?

16 THE COURT: Are you talking about a conference
17 scheduled by the magistrate judge?

18 MR. SCHNEIDER: Correct.

19 MR. KLEINMAN: If I may judge, I have on my
20 calendar, and correct me if I'm wrong, Counsel, for Tuesday
21 the 10th, there is something scheduled?

22 MR. SCHNEIDER: That is true. If the Court would
23 prefer us to go through the magistrate we can write a letter.

24 THE COURT: I am not going to make any decisions
25 about the magistrate judge's calendar.

1  Mr. Schneider, how much time do you need to allow to
2  consult with your client or clients and decide how you want to
3  proceed?
4         MR. SCHNEIDER:  I guess we would ask for 21 days.  I
5  mean the original complaint within 21 days, correct, Your
6  Honor?
7         THE COURT:  I think you should -- I'm not going to
8  tell you right now.  You've made a pre-motion conference
9  request, so you're timely on that.  I don't know when
10 Mr. Kleinman is going to serve.  I don't know how he will
11 serve.  Service is in New York, but I'm not sure how soon
12 after the amended complaint -- you'll have to get an amended
13 summons, Mr. Kleinman.
14        MR. SCHNEIDER:  Your Honor, I was measuring from the
15 date of service.  I apologize if that wasn't clear.
16        THE COURT:  Well, whatever rules provide.  I think,
17 Mr. Kleinman, you should think of dropping the videos --
18        MR. KLEINMAN:  Judge, if I may, the only reason and
19 I think that the -- obviously, I don't expect the Court to
20 review all of those videos.  I mean that's clearly not what I
21 would do.  I did in paragraph 17, I think, of my complaint
22 list specific statements made during those videos that were
23 posted online and tried to set forth the time within the
24 video.  All of those videos listed, there were times within
25 those where my client's position is that there were defamatory

1  statements made, okay, and those specific defamatory
2  statements which are in further -- go along further with what
3  I specifically cite in my complaint, would come out during the
4  course of discovery.  I think I try to make it clear in my
5  complaint that the defendant was -- at least from my
6  perspective, it was almost an obsession where all he would
7  ever talk about was my client, the plaintiff.  So I just
8  wanted to set forth that this was a rolling thing.  I didn't
9  want to write a complaint that was 300 pages long because I
10 cited every statement that was made.
11             THE COURT:  Let me just say you talk about a January
12 8, 2022 and a January 9, 2022 statement.  I don't think per se
13 I would find that those are defamatory.  There's no context.
14 There's just no context.  There's no link between the
15 statement and the plaintiff.  The January 9th is
16 misrepresenting that the plaintiff -- or Dungeon Hobby Shop
17 Museum LLC which was a not-for-profit, was for profit.  I
18 don't know why that's defamatory, but you need to be a little
19 more selective, honestly.
20             MR. KLEINMAN:  Okay.
21             THE COURT:  And you need to discern between if your
22 client is, in fact, a public figure who is running for public
23 office or who is an internet character or who has a blog or
24 who is a quasi public figure, whether these are opinions or
25 whether they are facts about actual plaintiffs that are, in

1  fact, defamatory.  The fact that he called your client a name
2  like jabarat (phonetic) doesn't really rise to a defamatory
3  statement.  The March 17th comment, I don't even know what
4  that is.  It's just so out of context.
5              MR. KLEINMAN:  Okay.
6              THE COURT:  All right.  You need to actually focus
7  on statements that he made about your client that are
8  defamatory as opposed to --
9              MR. KLEINMAN:  I understand, I understand.  If I can
10 just make one observation, that the issue of the Anti-SLAPP
11 statute, at least from my perspective, is an open one.  As
12 Your Honor probably knows there's a lot of litigation about
13 what constitutes a public figure and what does not.  I'm
14 litigating another case in Kings Supreme where that whole
15 issue has been litigated in multiple motions in front of a
16 Supreme Court judge and he struck down all the claims by the
17 defendant that my client was a public figure.  And as you well
18 know -- as you probably know because there's a case in front
19 of the Second Circuit dealing with how extensive that public
20 figure should be considered where you have to prove actual
21 malice.
22             I don't want to make my complaint a legal brief as
23 to what constitutes -- what is subject to the Anti-SLAPP
24 statute and what is not.  That would seem to be more a matter
25 that would be subject to a motion to dismiss, let's say, or

1  some other substantive motion; whether my client is, in fact,
2  a public figure or not -- I don't think that that is something
3  from my perspective that the defendant should have to
4  establish.  I shouldn't have to establish that he is not a
5  public figure.  At least that's my understanding.
6          THE COURT:  Well, that may be true but if, in fact,
7  your client is a public figure meaning, I don't know, has he
8  run for public office before?  If he's known publicly that
9  he's the subject of many other internet remarks by others,
10 then, you know, I think it's something that the defendant can
11 present in an appropriate motion; maybe not one directly in
12 the pleading but I'm just thinking if we're going to go
13 through the time and expense of litigation and multiple
14 motions, just be sure you're grounded --
15         MR. KLEINMAN:  I understand.
16         THE COURT:  -- on the facts consistent with Rule 11.
17         MR. KLEINMAN:  I understand, Judge.  Thank you.
18         THE COURT:  All right.
19         MR. LOWER:  Your Honor, would you mind if Robert
20 Lower makes one statement on the record even though that
21 notice of appearance has not yet been filed?
22         THE COURT:  Go ahead.
23         MR. LOWER:  Thank you, Your Honor.  We just simply
24 wanted to note that with respect to all the factors that Your
25 Honor cited at the beginning of the conference; running for

1 public office, a criminal record issue, those types of things,
2 well, they're definitely not contained in the pleadings
3 because 100 percent of pleadings to date are, of course, just
4 plaintiff's and also by complying with the strict page limits
5 of the Court, in stark contrast to opposing counsel's
6 submissions, it simply would be impossible for us to, in such
7 short form, establish all of those points which we do know
8 have not been contested.
9 So, with respect to issues such as the criminal
10 record and public records indicating that, if we're forced to
11 spend tens of thousands of dollars and several months to
12 assert a completely clear affirmative defense like that, we
13 certainly would respectfully request leave to move for costs
14 and fees for, you know, all of that time and money spent on
15 such a frivolous action.
16 MR. KLEINMAN: Judge, if I may make an observation.
17 THE COURT: Counsel, I'm not going to get into costs
18 and fees right now. There are rules, there are cases that
19 dictate whether fees are appropriate and the Civil Rules of
20 Civil Procedure provides for recovering costs, but unless
21 you're talking about a Rule 11 motion which is a completely
22 different kind of motion, but there are strict procedural
23 prerequisites for bringing such a motion. So, I don't want to
24 get sidetracked.
25 What we're figuring out now, and I still haven't

1   gotten an answer when the defendants, but we're figuring out
2   when are the defendants going to be able to tell me and
3   Mr. Kleinman how they intend to proceed with regards to the
4   amended complaint.
5           And I haven't yet gotten a date from you so please
6   give me a date.
7           MR. SCHNEIDER:  So we have January 23rd?
8           THE COURT:  Yes.
9           MR. SCHNEIDER:  With regard to Mr. Stiene, since he
10  has appeared, we were proposing -- we were proposing February
11  13th for him -- since, now, in all likelihood as a practical
12  matter if we are indeed representing Ms. Stiene, Mrs. Stiene
13  -- I don't even know what this person's name is, we were then
14  proposing, you know, 21 days after service.  Whenever service
15  is, that's harder to gauge.  So perhaps if we did, March 6th
16  for both, that would give -- that would give plaintiff enough
17  time to serve the complaint and for us to digest.
18          THE COURT:  All right, March 6th.  If you do -- we
19  can have another pre-motion conference, I suppose.  I suggest
20  the lawyers set their own dates for the exchange of briefs.
21  I'm not interested in two months here, another two months
22  there.  It's going to be a pretty tight schedule, but I would
23  urge Mr. Kleinman, as I said, to please put some meat on these
24  bones.  You've got a lot of conclusions here, but very little
25  facts and if you're going to enjoin yet another defendant, you

1  need to do the same for her.
2          I would also say that you need to state better facts
3  or some facts, not better, some, because you have none
4  regarding the LLC plaintiffs and I'm going to order that
5  Mr. Kleinman provide the identities and the citizenship of all
6  members of the plaintiff's LLC a week from today.
7          So, today, is January 6th, by January 13th.  Just
8  let me know if we have jurisdiction.  By January 13th
9  Mr. Kleinman will identify all the members of the LLC.
10         MR. KLEINMAN:  Judge, can you just tell me how you
11 want me to do that; just by a letter?  Is that sufficient?
12         THE COURT:  Yes.  You'll show me -- you'll tell me
13 who the members are and where their domicile is.
14         MR. KLEINMAN:  That's fine, what state.  That's not
15 a problem.
16         THE COURT:  Are any of them in New York?
17         MR. KLEINMAN:  No.
18         MR. SCHNEIDER:  Your Honor, on behalf of defendant,
19 if we could simply respectfully request that those membership
20 identities and citizenship be as of today and not in two
21 weeks, just in the event that there's any changes.
22         THE COURT:  Yes, as of the date the complaint was
23 filed.
24         MR. KLEINMAN:  Yes, obviously.  I don't understand
25 why it would be any other date.

1    THE COURT:  December 22, 2022.
2    MR. SCHNEIDER:  They can be changed at any time, but
3 I want to be sure that it's an accurate reflection of the
4 jurisdictional basis.
5    THE COURT:  Right it's at the time the complaint was
6 filed.  All right.  Let's move forward.  We have a plan by
7 March 6th the Defendants will advise us how they intend to
8 proceed and then we'll either schedule briefings or I'll refer
9 you to the magistrate judge for discovery.  And if you have
10 any issues with the magistrate judge's schedule, you need to
11 resolve those with her.  All right?
12    Is there anything else I need to address?
13    MR. SCHNEIDER:  I don't believe so, Your Honor.
14    MR. KLEINMAN:  Nothing from plaintiff's perspective,
15 Your Honor.
16    THE COURT:  All right.  And nothing from
17 defendant's?  I'm assuming nothing from defendant's.
18    MR. SCHNEIDER:  Yes, nothing further.
19    THE COURT:  So, Would that second defense lawyer
20 please enter an appearance.
21    MR. LOWER:  That will be in today.  Thank you, Your
22 Honor.
23    THE COURT:  Have a good weekend, everybody.
24    (Matter adjourned.)
25                          - ooOoo -