

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**ROBERT B. LOWER, COUNSEL**
**RLOWER@FSFLLP.COM**

November 30, 2023

**Via ECF**
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court, E.D.N.Y.

      Re:    Case No. 1:22-cv-05686-KAM-VMS — *Justin Lanasa et al. v. Erik Stiene et al.*

Dear Judge Matsumoto:

      This office represents Defendants, and writes in opposition to Plaintiffs' November 26, 2023 letters, submitted hours before the filing of a Rule 11 motion[1] in an attempt to claw back **four** separate filings[2] that confirm Plaintiffs have been lying to Your Honor for every minute of this litigation. Both of Plaintiffs November 26 letters also failed to "set[] forth the basis for th[eir proposed] motion and a proposed briefing schedule," as required by Your Honor's Individual Practices. The basis for Plaintiffs' motion, understandably omitted from their letters, is: caught lying. Although Defendants will submit briefing if directed, we do not believe briefing is needed to deem Plaintiffs' use of this Court to harass a retired grandmother and pathologically lie to Your Honor about material facts no less than **nine** times in **four** separate signed filings is an inadequate basis for leave to amend (again).

      Plaintiffs filed this frivolous action in 2022. Nearly immediately, on November 21, 2022, we informed opposing counsel that "Plaintiff Lanasa has been convicted of at least one crime."[3] *After* receiving that notice, Plaintiffs' counsel not only refiled that false allegation in their January 21, 2023 first amended complaint ("FAC"), but continued to *add* new objectively false and meritless claims, *e.g.*, harassing a retired grandmother with zero connection to this action by naming her as a Defendant.

      A cursory review of the transcript from the January 6, 2023 conference further confirms Plaintiffs' request to amend the FAC would constitute the epitome of futility for several additional reasons. On January 6, the Court gave Plaintiffs the "opportunity to file an amended complaint" to address myriad "deficiencies,"[4] which the FAC completely failed to address. Although the number of Court-identified deficiencies ignored by Plaintiffs cannot be recited within the page limitations governing this opposition, such examples include Your Honor's observations that:

---

[1] On Nov. 6, 2023, Plaintiffs received our Rule 11 motion (available upon request) with notice it would be filed Nov. 27.
[2] ECF Nos. 20 (Jan. 23, 2023 FAC), 33 (Pls.' Apr. 18, 2023 12(b) MTD Opp'n), 48 (Pls.' Oct. 25, 2023 perjury MTD Opp'n), and 53 (Pls.' Nov. 6, 2023 Opp'n to Defs.' MTC discovery).
[3] ECF No. 14 at 2 (Defs.' Nov. 21, 2022 Fed. R. Civ. P. 12(b) letter motion).
[4] Jan. 6, 2023 conference transcript at 6:17-19 (all page:line citations herein refer to this transcript).

- "assigning me to links and asking me to watch those videos and decide…whether or not they have defamatory material… is not something the Court…should be requested to do" 4:2-5,
- "there are no real allegations showing how the other plaintiffs, TSR LLC, and Dungeon Hobby Shop Museum LLC have been harmed" 4:14-17,
- "I don't believe that there are sufficient facts pled to establish actual malice on the part of the defendant consistent with the amended Anti-SLAPP law in New York" 4:19-21,
- Plaintiffs "vague and conclusory" allegations do "not state any jurisdictional amount" of "$75,000 or more" 5:15-16,
- Plaintiffs need "to more specifically establish non-conclusory facts for the intentional infliction of emotional distress claim" 5:3-5,
- "I don't think" the "January 8…and…January 9, 2022 statement…are defamatory" 11:11-13,
- "you need to discern…if your client is, in fact, a public figure" 11:21-22, and
- "[jackass] doesn't really rise to a defamatory statement" 12:2-3.

Accordingly, separate and apart from the fact that perjury and fraud upon this Court are clearly inadequate grounds for leave to amend *four* separate filings, such leave would also be improper because the FAC now comprises the type of "stale" claims the Court averred Plaintiffs should "not…be able to replead." 7:15-19. We also informed the Court of Mr. Lanasa's "criminal record" during the January 6 conference and indicated, "if we're forced to spend tens of thousands of dollars and several months to" prove Mr. Lanasa is a criminal, we "would respectfully request leave to move for costs and fees for…all of that time and money spent." 14:9-15. This is *precisely* what has transpired since, and accordingly, we respectfully request leave to move for such costs and fees.

During the November 2, 2023 conference on Defendants' October 20, 2023 motion, the Court *again* reminded Plaintiffs' counsel that "truth is an absolute defense," noting if Mr. Lanasa was indeed "convicted of a crime," it would present the question of whether this case needs to be "**dismissed**," concluding by reminding Plaintiffs' counsel that "sanctions" *would* apply if they "pursue that claim" despite being provided with evidence establishing Mr. Lanasa was "convicted" of a criminal offense, *i.e.*, evidence provided to Plaintiffs in *May* (ECF No. 35). In response, Plaintiffs' counsel informed Your Honor he had "shown these documents to [his] client" (*i.e.*, ECF No. 35), and continued to inform the Court that Mr. Lanasa's "position" was **"that *that* Justin Lanasa is not him,"** *i.e.*, November 2, 2023 was the first time we learned of the remarkable new claim that Plaintiff and convicted criminal Lanasa were *completely different people*, despite sharing the same first name, middle name, last name, DOB, race, sex, *and* city of residence. That required substantial and further investigation to obtain Ex. A, a Certified North Carolina Department of Motor Vehicles Report confirming Plaintiff and convicted criminal Lanasa also share the same N.C. driver's license number *and* the same home address (as provided in Plaintiffs' Initial Disclosures).

"This Court has 'the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants' … In the case of a fraud on the court, that power includes the 'powerful sanction' of **dismissal with prejudice** without reaching the merits." *DAG Jewish Directories, Inc. v. Y&R Media, Ltd.* Liab. Co., 2010 U.S. Dist. LEXIS 82388, at 9 (S.D.N.Y. Aug. 12, 2010); *see also Shangold v. Walt Disney Co.*, No. 03-9522, 2006 U.S. Dist. LEXIS 748, 2006 WL 71672, at 4 (S.D.N.Y. Jan. 12, 2006) (case **dismissed with prejudice** and attorneys' **fees** because plaintiffs misrepresented timing of crucial communication); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (filing of complaint based on bogus agreement constituted fraud on the court warranting **dismissal**); *McMunn v. Memorial Sloan-Kettering Cancer Center*, 191 F.Supp.2d 440, 461 (S.D.N.Y. 2002) (employment discrimination claim **dismissed** with prejudice, costs, **fees, and $20,000 fine** to sanction plaintiff, who committed fraud on the court by suppressing credit card

records that were inconsistent with her claims); *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2013 U.S. Dist. LEXIS 45500, at 25-26 (W.D.N.Y. Mar. 26, 2013) (citing *McMunn*). Accordingly, without more, the fact that Mr. Lanasa wrongfully withheld his (specifically requested) criminal record from his productions and pathologically lied to the Court about it warrants dismissal. "[W]hen a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process, it can fairly be said that he has forfeited his rights to have his claim decided on the merits." *DAG*, 2010 U.S. Dist. LEXIS 82388, at 10, citing *McMunn*, 191 F. Supp. 2d 445.

> Courts in this district typically weigh five factors in determining the appropriate sanction for a fraud on the court: "(1) whether the misconduct was the product of intentional bad faith [clearly]; (2) whether and to what extent the misconduct prejudiced the other party [extensively]; (3) whether there is a pattern of misbehavior, rather than an isolated instance [*four* signed filings]; (4) whether and when the misconduct was corrected [429 days later, hours before a Rule 11 motion]; and (5) whether further misconduct is likely to continue" [addressed *infra*].

*DAG*, 2010 U.S. Dist. LEXIS 82388, at 10-11, quoting *McMunn*, 191 F. Supp. 2d 446. The fifth *McMunn* factor was comfortably established by, *inter alia*, Plaintiffs' October 25, 2023 Opposition, which intentionally mislead[5] the Court by directing it[6] to a fingerprint report that related in no way to the misdemeanor conviction cited by Defendants' counsel,[7] falsely telling the Court that **the FBI** confirmed Mr. Lanasa does not have a criminal record. ECF No. 48 at 3. Accordingly, Plaintiffs' repeated certification of these lies for over one year with specific knowledge of their falsity confirms this misconduct is likely to continue.

Mr. Lanasa and his counsel's fraud upon this Court has been willful, material to Plaintiffs' claims, and sufficiently egregious to warrant denial of any requested leave to amend, as well as dismissal with prejudice,[8] costs, fees,[9] sanctions, and any criminal referrals the Court deems appropriate. In the event this case is permitted to continue any further, we respectfully submit Mr. Lanasa should be compelled to appear in person to explain the circus he has been conducting in this Court.

Respectfully submitted,

By: _____

Robert B. Lower
FARBER SCHNEIDER FERRARI LLP

cc: Counsel of record; Hon. Vera M. Scanlon, U.S.M.J. (via ECF)

---

[5] This understanding was formed at the beginning of the November 2, 2023 conference, which the Court opened by warning Defendants' counsel that their representations regarding Mr. Lanasa's criminal conviction did not appear to be supported by fact, citing the FBI Identity History Summary as the basis for the Court's initial understanding, which appeared to change only following citation and discussion of the certified conviction at ECF No. 35 with the Court.

[6] ECF No. 48, citing ECF No. 47-1 at 19-22 (FBI Identity History Summary).

[7] The FBI fingerprint report likely omits Lanasa's conviction because N.C. does not require fingerprints for property damage misdemeanors. https://www.nccourts.gov/assets/documents/local-rules-forms/1331.pdf; N.C.G.S. § 15A-502.

[8] "Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *James v. Kuhnle*, No. 19-CV-1175 (KAM)(JMW), 2022 U.S. Dist. LEXIS 87042, at 6 (E.D.N.Y. May 13, 2022), quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "Dismissal as a sanction is recognized as a harsh remedy to be imposed in only 'extreme situations,' so adequate warning must first be given." *James* at 6-7, quoting *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014). Here, Plaintiffs have been explicitly and repeatedly warned that "dismissal" would be on the table if Mr. Lanasa's core claims were indeed predicated upon objectively false representations (now conceded).

[9] *See, e.g., Sanchez v. Litzenberger*, 2011 U.S. Dist. LEXIS 18528, at 20 (S.D.N.Y. Feb. 24, 2011) (awarding expenses and **fees** incurred to disprove lie in complaint).

# EXHIBIT A

The first page of this Exhibit was prepared and annotated by Defendants' counsel for context, and does *not* constitute the Certified North Carolina Department of Motor Vehicles Record cited in Defendants' Nov. 30, 2023 opposition. A true, accurate, and <u>unaltered</u> version of the Certified North Carolina Department of Motor Vehicles Record cited therein begins *infra* at 2.

(Save one redaction.)

Excerpt of ECF No. 35 (Lanasa Misdemeanor Conviction) annotated by Defendants' counsel:

```
640 NEW HANOVER            ICA INQUIRY 01  02CR 015745    FILM:
DISPOSED                   R  S DOB/AGE        CR    FILING DATE: 080202
WARRANT                    W  M 11061970 DL#: 9886008                 NC
LANASA,JUSTIN,WILLIAM                    CIT#:         TRIAL DATE: 101702
4802 LONG BRANCH RD                  CSLR:     CSLRC:              AM
WILMINGTON        NC       DEF ATTY: WAIVED            TYP: W    VRA:
CHG/ARRN OFFN: M INJURY TO REAL PROPERTY       14-127
COMPLAINANT: VERZAAL,P             CPD ISSUED: 073002   SERVED: 080102
OFFN DATE: 051802    ARRN DATE:      MOTIONS DATE:      DISP DATE: 101702
CONT. D: 00 S: 00 C: 00 NR: 00 INT?:  FRM:  RSONCO:    GANG REL:  DV CV: N

PLEA  VER MOD     FINE       COSTS     WCC    REST     JUDGE   PAID   TO-BE-PAID
 NG   GU  JU   $          $ 100.00       $   20.00     EGT     YES
```

Excerpt from Lanasa N.C. DMV Record (in full below) annotated by Defendants' counsel:



```
              NORTH CAROLINA DIVISION OF MOTOR VEHICLES
                        DRIVING RECORD       Westlaw also confirms Pennsylvania is the state where
                                             Plaintiff Lanasa's Social Security Number was issued.

REPORT TYPE: CERTIFIED REPORT                              PAGE NO: 1
NAME: LANASA  JUSTIN  WILLIAM        (Redacted by Defendants' counsel as a courtesy.)   DATE: 11-02-2023
ADDRESS: 533
CITY: WILMINGTON          STATE: NC    ZIP: 28409 3928     TOTAL POINTS: 0
DOB: 11-06-1970   HEIGHT: 5 FT. 10 IN.  SEX: M  EYES: HAZ  HAIR: BLK   RACE: W
PRIMARY LICENSE NO: 00000 9886008
SECONDARY LICENSE NO:              NON-RESIDENT MILITARY: N    REAL ID: N
ORG. ISS.DT: 07-07-1993  OS DL NO: 23388040             OS STATE: PA
```



## NORTH CAROLINA DIVISION OF MOTOR VEHICLES
## DRIVING RECORD

**REPORT TYPE:** CERTIFIED REPORT     **PAGE NO:** 1
**NAME:** LANASA JUSTIN WILLIAM     **DATE:** 11-02-2023
**ADDRESS:** 533 REDACTED BY FSF
**CITY:** WILMINGTON     **STATE:** NC     **ZIP:** 284093928     **TOTAL POINTS:** 0
**DOB:** 11-06-1970     **HEIGHT:** 5 FT. 10 IN.     **SEX:** M     **EYES:** HAZ     **HAIR:** BLK     **RACE:** W
**PRIMARY LICENSE NO:** 000009886008
**SECONDARY LICENSE NO:**     **NON-RESIDENT MILITARY:** N     **REAL ID:** N
**ORG. ISS.DT:** 07-07-1993     **OS DL NO:** 23388040     **OS STATE:** PA

*** DRIVER LICENSE STATUS: CLS C ACTIVE ***

| CLASS | GRP | LIC TYP | ISSUE DT | EXPIR DT | CDL | DISQ | PROB | LMT PRIV | COND RESTR | STATUS |
|---|---|---|---|---|---|---|---|---|---|---|
| C | | R | 06-21-2018 | 11-06-2026 | N | N | N | N | N | ACTIVE |

**ENDORSEMENTS:** M
**RESTRICTIONS:** 0    NONE
**CRD TRNS:** 0022157701

| OCCUR/ BEGIN DATE | CONV/ END DATE | NATURE OF RECORD OR DIVISION ACTION | POINTS |
|---|---|---|---|
| 03-20-2020 | | ACDNT: NEW HANOVER COUNTY, NC<br>ACDNT: CASE ID:106193729 | |
| 07-25-2012 | 09-18-2012 | CONV: (202) IMPROPER EQUIPMENT - SPEEDOMETER<br>COURT: WILKES COUNTY COURT, NC<br>COURT: AOC #: 2012IF 703970    CITATION ID: 0F744107 | |
| 06-19-2011 | | ACDNT: NEW HANOVER COUNTY, NC<br>ACDNT: CASE ID:103198656 | |
| 09-15-2010 | 11-06-2018 | REN ISS: CLS C    EN:M<br>RSTR:0   NONE | |
| 02-17-2008 | | ACDNT: NEW HANOVER COUNTY, NC<br>ACDNT: CASE ID:102265190 | |
| 04-11-2007 | 11-06-2010 | DUP ISS: CLS C    EN:M<br>RSTR:0   NONE | |
| 02-10-2006 | 11-06-2010 | REN ISS: CLS C    EN:M<br>RSTR:0   NONE | |
| 07-23-2002 | | ACDNT: NEW HANOVER COUNTY, NC<br>ACDNT: CASE ID:100669919 | |
| 05-24-2002 | 11-06-2005 | DUP ISS: CLS C    EN:M<br>RSTR:0   NONE | |
| 12-06-2001 | | ACDNT: NEW HANOVER COUNTY, NC<br>ACDNT: CASE ID:100506701 | |
| 11-17-1997 | 11-06-2005 | REN ISS: CLS C    EN:M<br>RSTR:0   NONE | |

PAGE 1 of 2

I certify that the foregoing is a true copy of the driver's license record of the within named person on the file in the Driver License Section of the N.C. Division of Motor Vehicles

*Signed* _Wayne Goodwin_
Commissioner, Division of Motor Vehicles



# NORTH CAROLINA DIVISION OF MOTOR VEHICLES
# DRIVING RECORD

CUST ID 000009886008

PAGE NO: 2
DATE: 11-02-2023

| OCCUR/ BEGIN DATE | CONV/ END DATE | NATURE OF RECORD OR DIVISION ACTION | POINTS |
|---|---|---|---|
| 02-21-1997 | 11-06-1997 | DUP ISS: CLS C          EN:M<br>RSTR:0   NONE | |
| 12-25-1995 | 03-06-1996 | CONV:  (313)SPEEDING ( 64 MPH IN A 55)<br>COURT: COLUMBUS COUNTY COURT, NC<br>COURT: AOC #: 96CR 000141       CITATION ID: 06640487 | 3 |
| 07-07-1993 | 11-06-1997 | ORG ISS: CLS C          EN:M | |

**ACCIDENTS NOTED ON THIS DOCUMENT SHALL NOT BE
CONSIDERED DETERMINATIVE OF FAULT OR NEGLIGENCE
ON THE PART OF THE INDIVIDUAL**

**OUT-OF-STATE**

**WITHDRAWALS**
NO WITHDRAWAL DATA TO REPORT

**CONVICTIONS**
NO CONVICTION DATA TO REPORT

**ACCIDENTS**
NO ACCIDENT DATA TO REPORT

* * END OF DRIVING RECORD * *

PAGE 2 of 2
I certify that the foregoing is a true copy of the driver's license record of the within named person on the file in the Driver License Section of the N.C. Division of Motor Vehicles

Signed _____
Commissioner, Division of Motor Vehicles