Admitted
U.S. Supreme Court
U.S. Courts of Appeals
2nd, 3rd, 4th 5th, 9th & 10th
U.S. District Courts
S.D.N.Y., W.D.N.Y.
E.D.N.Y., N.D.N.Y.
D. Maryland, W.D. Texas
D. Colorado
State Courts
New York   Colorado

# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305
TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

December 22, 2023

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C-S
Brooklyn, New York 11201

Re: *LaNasa, et al.  v. Stiene*, 22-cv-5686

Your Honor:

This law firm represents the Plaintiffs in the above-captioned action.

By this letter I respectfully request that the Plaintiff be granted until January 31, 2024 to complete its fact discovery, including the deposition of the Defendant Erik Stiene that has not yet taken place.

On December 21, 2023, Attorney Lower deposed Mr. Lanasa.  Following the deposition, Mr. Lower indicated that he would not have an issue with my deposing Mr. Stiene, and would contact him regarding possible dates in January 2024, but he had an obligation to consult with his client. (It was made clear to Mr. Lower that, among the named Defendants, Plaintiff only sought to depose Defendant Erik Stiene, and no other named Defendant.)  As such, logically, I drafted a letter for Your Honor, containing the below language:

> This law firm represents the Plaintiffs in the above-captioned action.
> As per the Court's Order of December 20, 2023, this shall serve as a Joint Letter regarding any outstanding discovery issues as agreed to by both Counsel.
> Defendant ERIK STIENE, who has not been deposed, will be deposed on or before January 31, 2024.  Any other depositions to take place, and all fact discovery, will be completed by that date.

This was forward to Mr. Lower, by email, at 307 p.m. yesterday.  At 4:19 p.m. I received an email from Mr. Lower stating that "he [*i.e.*, Mr. Stiene] categorically declined to consent to being deposed (whether in January or otherwise) absent a Court order to that effect or identification of authority requiring him appear for a deposition (which he said he would of course comply with, were that to be the case)." Emphasis added.  The reasons given by Mr. Lower's client had nothing to do with issues of discovery.  While Attorney Lower has stated he "remain[s] open to conferring

Hon. Vera Scanlon, USMJ
Re: *Lanasa v. Stiene*, 22-cv-5686
22 December 2023 — page two

and cooperating in any capacity", his client's "categorical" refusal, makes any such conference, after the email exchange, pointless, as clearly Attorney Lower's hands are tied by Mr. Stiene's "categorical" refusal. Further discussion would have been clearly futile serving only to add additional billable time to the respective clients, hence the Plaintiffs are forced to proceed by motion.

Clearly the Plaintiff should have the opportunity to depose Mr. Stiene. Under the existing Order, all discovery was to be completed by October 31, 2023 (a date set in July 2023), yet the Court, recognizing the need to depose the parties, granted Mr. Lower's almost two-month later request (submitted December 18th) to depose Mr. Lanasa; a request to which neither myself nor my client raised any objections whatsoever. In addition, my client fully agreed to a number of additional conditions requested by Mr. Lower, that went well beyond those of the Rules — all in the interest of completing fact discovery so as to move on to the merits of the case.

There is no prejudice to the Defendants by the Court granting this request, and none has been raised by Defense counsel.

                                                  Respectfully submitted,

                                                  /s/ *Bernard V. Kleinman*
                                                  Bernard V. Kleinman, Esq.
                                                  Attorney for Plaintiffs

cc: All Counsel of Record by ECF