Admitted
U.S. Supreme Court
U.S. Courts of Appeals
2nd, 3rd, 4th 5th, 9th & 10th
U.S. District Courts
S.D.N.Y., W.D.N.Y.
E.D.N.Y., N.D.N.Y.
D. Maryland, W.D. Texas
D. Colorado
State Courts
New York   Colorado

**LAW OFFICE OF BERNARD V. KLEINMAN, PLLC**
**ATTORNEY - AT - LAW**

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305
TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

December 25, 2023

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C-S
Brooklyn, New York 11201

      Re: *LaNasa, et al. v. Stiene*, 22-cv-5686

Your Honor:

    This law firm represents the Plaintiffs in the above-captioned action, and shall serve as its Reply to the "Response" of the Defendants' counsel.

    A number of things should be brought to the Court's attention:
    a. At no time in Attorney Lower's Response does he refute Plaintiffs' counsel's claims, made in the Motion, more specifically that "On December 21, 2023, Attorney Lower deposed Mr. Lanasa. Following the deposition, <u>Mr. Lower indicated that he would not have an issue with my deposing Mr. Stiene</u>, and would contact him regarding possible dates in January 2024, but he had an obligation to consult with his client." Emphasis added.
    b. The prejudice asserted of attorney fees is in no way a factor over which Plaintiffs' counsel has any control. Perhaps the burdensomeness of so-called fees would have been alleviated if rather than two attorneys billing the Defendants only one had. Indeed, it is difficult to understand why the Defendants required two attorneys to defend them when, at least according to the Defendants, the issues, facts and law were clear cut and should have been disposed of quickly.
    c. Furthermore, Attorney Lower claims that there has been "an already-six-figure defense". Notwithstanding that this has nothing to do with discovery, Attorney Lower has (a) failed to provide any proof of these billings, (b) that they have been billed at all, and (c) that they have been paid (by either Mr. Stiene or some other third party).
    d. At the commencement of Mr. Lanasa's deposition it was stipulated and agreed to by all parties that the entire deposition would be deemed Confidential under the Protective Order. Yet now, in a clear violation of the agreement, Attorney Lower has chosen to make the following statement (in a publicly available forum, *i.e.*,

Hon. Vera Scanlon, USMJ
Re: *Lanasa v. Stiene*, 22-cv-5686
24 December 2023 — page two

        PACER): "This was corroborated by Mr. Lanasa on Thursday, when he acknowledged, inter alia, mailing feces to Mr. Stiene's residence . . ."  Plaintiffs' counsel will not seek to ask the Court to sanction Attorney Lower for this breach, however, it is requested that Attorney Lower, in the future, avoid such clear indiscretions.\*

e. Were the Court to accept the argument about the expense of deposing Mr. Stiene, then this would have been a similar complaint if he had been deposed <u>before</u> October 31, 2023.  In other words, Attorney Lower is basically objecting to any deposition of Mr. Stiene.

f. As the deposition of Mr. Stiene is one that it is at the expense of the Plaintiffs, any addition expense or cost to Mr. Stiene could be removed if he appears without counsel being present.

    The Response of the Defendants' counsel raises no legitimate reason, factually or under applicable law, as to why this Motion should not be granted.

                          Respectfully submitted,

                          /s/ *Bernard V. Kleinman*
                        Bernard V. Kleinman, Esq.

---

====================

\* This relates to Attorney Lower's apparent obsession with the word "feces" (having raised this matter repeatedly), and certain allegations made against Mr. Lanasa.  These issues, however, have absolutely nothing to do with the Plaintiffs' defamation and IIED claims, and, as the Defendants have yet to file an Answer and any Counter-Claims, are totally irrelevant to the issues before this Court, and would be inadmissible at any trial under FRE Rule 403.