LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:     Bernard V. Kleinman, Esq.
        108 Village Square
        Suite 313
        Somers, NY 10589-2305
        Tel. 914.644.6660
        Fax 914.694.1647
        Email: *attrnylwyr@yahoo.com*
        <u>Attorney for Plaintiffs</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
==========================================  :
**JUSTIN LANASA, TSR, LLC,  and**                      :
**DUNGEON HOBBY SHOP MUSEUM, LLC,**        :    **Case No. 22-cv-5686-KAM-VMS**
                                                      :
                       **Plaintiffs,**                :
                                                      : **SECOND AMENDED**
               — *versus* —                           : **VERIFIED COMPLAINT**
                                                      :
**ERIK STIENE, and RACHEL STIENE,**                   :
                                                      :
               **Jointly and Severally,**             :
                                                      :
                       **Defendants.**                :
==========================================  :

The Plaintiffs, JUSTIN LANASA, TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC, by and through their attorney of record, Bernard V. Kleinman, Esq., for their Amended Verified Complaint against the named Defendants, do hereby allege the following,

                       **THE PARTIES**

1. Plaintiff JUSTIN LANASA (hereinafter referred to as "LANASA") is a resident of the State of North Carolina, residing in the County of New Hanover, City of Wilmington.

2. Plaintiff TSR, LLC (hereinafter referred to as "TSR") is a limited liability corporation existing under the laws of the State of Wisconsin has an office located in the State of North Carolina. TSR maintains and conducts business from an office in Wilmington, North Carolina. The sole Member is Plaintiff LANASA.

3. Plaintiff DUNGEON HOBBY SHOP MUSEUM, LLC (hereinafter referred to as "DUNGEON HOBBY"), is a limited liability corporation existing under the laws of the State of Wisconsin and operates as a business in the State of Wisconsin. The sole Member is Plaintiff LANASA.

4. Plaintiff LANASA is the principal officer and member of Plaintiffs TSR and DUNGEON HOBBY.

5. Defendant ERIK STIENE (hereinafter referred to as "E. STIENE") is a private individual residing at 5209 Haspel Street, # 2, Elmhurst, NY 11373-4344.

6. Defendant RACHEL STIENE (hereinafter referred to as "R. STIENE") is a private individual residing at 5209 Haspel Street, # 2, Elmhurst, NY 11373-4344.

7. Upon information and belief, Defendants ERIK STIENE and RACHEL STIENE, are married to one another.

8. Plaintiff TSR is a limited liability company and a creator, manufacturer, and distributor of tabletop role

playing games, as well as other products and services. Plaintiff distributes its products throughout the country and on the internet.

**JURISDICTION & VENUE**

9. Plaintiffs repeat and re-iterate ¶¶ 1 through 8 inclusive as if set forth herein.

10. Each and all acts of Defendants E. STIENE and R. STIENE were performed individually and collectively, and by their own respective design and intent as set forth *infra*.

11. The incidents which give rise to this cause of action occurred within this jurisdiction, the Eastern District of New York, and within one year of the action itself or within one year of the named Plaintiffs having discovered the publication of the alleged defamatory statements, and other tortious conduct.

12. In addition, thereto, such acts of tortious conduct occurred well before the dates of statutory mandate, and continue through this date, demonstrating the requisite malice and aforethought to establish an intent to harm the named Plaintiffs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2), (c)(2) as amended by Section 311 of the Judicial Improvement Act of 1990, by reason of it being the

1    location where all, or substantially all, of the events or
2    omissions giving rise to the claims occurred, and where the
3    Defendants reside.

4    14. Jurisdiction is proper pursuant to federal diversity
5    jurisdiction and the amount of damages is in excess of the
6    jurisdictional amount laid out therein, *viz.*, 28 U.S.C. §
7    1332. Plaintiffs further invoke the pendent and supplemental
8    jurisdiction of this Court to hear and Decide claims arising
9    under state law pursuant to 28 U.S.C. § 1367.

10                          **ALLEGATIONS**

11   15. Plaintiffs repeat and re-iterate ¶¶ 1 through 14 as
12   if set forth herein.

13   16. Defendants, both jointly, and individually, maintain
14   and actively participate in an online presence designated as
15   "Tenkar's Tavern".

16   17. This online presence, designated as "Tenkar's
17   Tavern", is almost solely and exclusively devoted to an
18   obsession with the named Plaintiffs, and includes weekly, if
19   not daily, diatribes, insults, threats, false statements, and
20   profane language directed at the named Plaintiffs, and other
21   postings and re-postings designed to harass, annoy and aggra-
22   vate the named Plaintiffs, causing them both personal and
23   professional financial and other harm.

18. Upon information and belief, the Defendant E. STIENE maintains this sight as a commercial site, selling subscriptions and products through Amazon® (see *https://www.amazon.com/stores/page/9D7E0086-7547-4726-B258-E086D36914C3/r/ref=as_li_ss_tl?ie=UTF8&linkCode=sl2&tag=tenkstav-20&linkId=e9bf1f6a2d0efff40078ff9d99f64282&language=en_US* (among other Internet sites).

19. Such tortious conduct has occurred on innumerable occasions, without letup in an obsessive and compulsive manner, and can be demonstrated by multiple Youtube® videos. On an all but daily basis the Defendant E. STIENE, in an obsessive, compulsive and fixated manner posted scurrilous and false statements about the named Plaintiffs. These postings, numbering in the scores demonstrate, merely based upon their frequency, the malice and intent to harm the Plaintiffs.

20. The Defendant were, however, not satisfied with merely posting on Youtube®, but the named Defendants have utilized multiple other locations on the Internet to distribute and publish their defamatory and libelous statements; all demonstrating the malice and intent to harm the named Plaintiffs. These locations include, but are not limited to,

1     https://www.tenkarstavern.com/

2     https://www.facebook.com/tenkarstaverncommunity/

3     https://www.patreon.com/tenkarstavern

4     https://discord.me/tenkars-tavern

5     https://twitter.com/tenkarstavern?lang=en

6     https://podcasts.apple.com/us/podcast/tavern-

7     chat/id1386740882

8     https://anchor.fm/tavernchat

9  21. Through this online presence Defendants, knowingly

10 and willfully, with the intent to harm and cause financial

11 damage to the Plaintiffs, as set forth below, have made

12 fraudulent and defamatory statements specifically accusing

13 the named Plaintiffs of various scurrilous and damaging

14 behavior, as set forth in detail below, all actionable under

15 the New York tort law.

16  22. Among, but not limited to, the knowingly, malicious,

17 and intentional and false and defamatory statements, and

18 other tortious conduct, published online by the Defendants

19 were the following:

20 **January 08, 2022:**
21 In accusing Plaintiff LANASA of dishonesty, E. STIENE
22 (and R. STIENE @ 07:58) stated that Plaintiff LANASA was
23 "<u>inadvertently</u> honest, I don't think that was your
24 intention" 04:57  Emphasis added.

25

Accusing Plaintiff LANASA of not paying his employees and hires:
"the new artist got paid for it, but <u>Greg Bell did not</u>" 07:05  Emphasis added.

*https://www.youtube.com/watch?v=wDl3Wo6WTuU*

**January 09, 2022:**
E. STIENE knowingly mis-represented the Plaintiff DUNGEON HOBBY, having the purpose of accepting gamers donations:
"wasn't a not for profit, was for profit" 03:16
https://www.youtube.com/watch?v=AbpJ-djtNk0

**February 08, 2022:**
E. STIENE, in an attempt to alienate prospective customers, and financially damage the Plaintiffs, made repeated postings on the internet that stated that the Plaintiff LANASA:
"does not like homos and their type; will not work with folks that support them" 12:29

*https://www.youtube.com/watch?v=ZJDAtBlR6vc*

**February 08, 2022:**
E. STIENE, in an attempt to alienate prospective customers, and cause financial harm to Plaintiffs TSR and DUNGEON HOBBY, including trade libel, made repeated postings on the internet that stated the following false statements as to Plaintiff LANASA:
"he thinks he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen" 12:29

*https://www.youtube.com/watch?v=ZJDAtBlR6vc*

**February 18, 2022:**
E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case" 01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

**March 17, 2022:**
E. STEINE asserting Plaintiff LANASA of engaging in
violent sexual conduct demonstrating actionable
malice on Defendant E. STIENE's part:
"Mario77 [a name that the Defendant ascribed to
Plaintiff LANASA], aka ignorant cunt, aka Justin I
fuck ignorant cocks; we know this is Justin"  0:28

Accusing Plaintiff LANASA of doxing, searching for
and publish private or identifying information
about a particular individual on the internet, with
malicious intent to harm the Plaintiff, as *prima
facie* tort:
"You doxed me, you little shit."  03:09

The "title" of this Internet Youtube® posting
being:
"Justin is Trying to dox My Wife Rachel - Go F'
Yourself LaNasa!"

E. STIENE and R. STIENE making violent sexual
misconduct statements as to the Plaintiff LANASA,
as *prima facie* tort:
"my wife just told you that she would grow a cock
so you could eat that cock" 09:31

*https://www.youtube.com/watch?v=pSbVzLby37w*

**May 10, 2022:**
E. STIENE intentionally describing Plaintiff TSR's
customers in a defamatory and scurrilous manner as
to cause financial harm to the named Plaintiff:
"TSR . . . they are scraping the bottom of the
privy, okay, you can't get more shit than this shit.
So that's your customer base and you're appealing
to it." 04:10 - 04:22

*https://www.youtube.com/watch?v=YtFIIqhJQRA*

**May 28, 2022:**
E. STIENE making knowingly false statements about
the Plaintiff LANASA's military service:
"he himself was kicked out of the military for lack
of leadership potential" 15:09

*https://www.youtube.com/watch?v=qkpDy7DJhKw*

**June 15, 2022:**
E. STIENE knowingly falsely describing Plaintiff
LANASA's business practices with an intent to cause
financial harm to Plaintiffs, both as to customers
and potential investors:
"you fucked over your prior business partners to
get the TSR trademark" 05:23

E. STIENE knowing the statement to be a false trade
libel, alleged association of the Plaintiff with "a
Nazi":
"you included a Nazi in the company" 09:19

*https://www.youtube.com/watch?v=djYL3joFZqQ*

**Dec. 17, 2022:**
*https://www.youtube.com/watch?v=-J8Du-fjbpo*
@ 0:57.00, Defendant R. STIENE referring to Plaintiff
as an on-line entity which he is not

**Nov. 27, 2022:**
*https://www.youtube.com/watch?v=7SsZPY7qqMk*
R. STIENE and E. STIENE making clear that Plaintiff
has 30 used anonymous emails. 0:30:10 thru 0:47.10

R. STIENE and E. STIENE accusing the Plaintiff of
Substance abuse;
Describing the Plaintiff, in clear terms as sending
anonymous emails on the weekend, because that is the
"time to get into a bottle of Jack" 0:59:15 –
1:02:00

23. Further, in an attempt to intimidate, harass, and
threaten, causing fear and emotional distress, the Defendant
E. STIENE engaging in *prima facie* tort, posted a video in
which he stated: "I already know your address; I already know
your fucking phone number; I know your wife's phone number."

**March 17, 2022:** *https://www.youtube.com/watch?v=pSbVzLby37w* @ 05:26.

24.    After Defendant posted this on Youtube® (*https://youtu.be/-sDfkispM9w*), Geek Nation® canceled a tour with the Plaintiffs, causing financial damages in payments to the hobby shop and attacking any one that supports TSR.

25. The Defendant also posted, online, in a continuing attempt to intimidate, harass, and threaten the Plaintiff LANASA, the Defendant E. STIENE, engaging in *prima facie* tort, posted images of LANASA's wife and minor child, without prior authorization or permission, in violation of N.Y. Civil Rights L. §§ 50, 51.   While the posting spoke about the Plaintiff LANASA's spouse, the Defendant E. STIENE, chose to post images of the Plaintiff LANASA'a minor child.

26. This was further exacerbated by the fact that Defendant E. STIENE made no attempt to blur or otherwise distort the image of the minor child.   See[1]

---

[1] It should be noted that the image actually posted by the Defendant is a clear and identifiable image of Plaintiff LANASA'a minor child.  It has been redacted out here, to avoid any further posting of said image.



This posting lasted the entire length of the Youtube® video, for more than thirteen minutes, and included such statements as:

"Erika is the new face of TSR", 5:17

**June 18, 2022:** *https://www.youtube.com/watch?v=hjOSwJd6ZXM*

27. This purposeful and intentional posting of the Plaintiff's minor child is a direct and knowing violation of the Terms of Service of Google and Youtube®.  According to said Terms of Service:

Anyone posting content with minors must do the following:

- **Respect privacy.** Secure consent from the minor's parent or legal guardian before featuring them in your video. Make sure their participation in your video is voluntary.

See

*https://support.google.com/youtube/answer/9229229?hl=en*

It, furthermore, it is a direct violation of Google's Community Guidelines.  *Ibid.*

28. At all times relevant hereto, the Defendants, both individually, and collectively, knew, or should have known, that the above stated actions were frivolous, outrageous and hurtful, including, but not limited to, affiliation with Nazis, accusations of criminal conduct, posting photographs of the Plaintiff's minor child, threatening the Plaintiff with physical harm, and could easily cause emotional and psychological trauma to the named targets, *i.e.*, the Plaintiffs.

29. The scandalous and salacious details in the published statements of the Defendants are complete fabrications and any reasonable investigation by Defendants would have and should have led to that conclusion. Accordingly, the false statements contained in the posted on-line statements are not protected or recognized by any judicial or litigation privilege.

1     30. The use of the Internet is particularly devastating
2  due to its instantaneous ability to spread false and malicious
3  statements such as those made by the Defendants.  Indeed, as
4  one Court has succinctly put it, "Online commentary is just
5  as capable as print or broadcast media of inflicting the kinds
6  of harm the defamation laws are designed to protect against.
7  Indeed, online communications can spread more quickly, and to
8  all corners of the world, than can print or broadcast media
9  statements." *Eros Int'l PLC v. Mangrove Partners*, 2019 N.Y.
10  Slip Op. 30604(U) at p. 17 (S. Ct. N.Y. Co. Mar. 8, 2019),
11  *aff'd* 191 A.D.3d 465 (1st Dep't 2021).

12     31. Private social media platform companies such as
13  Facebook®, Twitter®, Youtube®, and Instagram® were founded
14  and gained rapid popularity in the early 2000s. While each
15  platform has a slightly different target audience and
16  strategic objectives, the basic user experience is the same:
17  users can either publicly post (a message, photo, or video)
18  to their followers or privately send a direct message to other
19  users of that social media platform. Thus, the era of private
20  companies operating mass communication social networks began.
21  Many eyes shifted from the front pages of curated, edited,
22  and source-checked newspapers to these unregulated social
23  media platforms. These social media platforms provide certain

1  well-known communication benefits to individuals, businesses,

2  and society as a whole. But these social media platforms also

3  allow wrongdoers like the STIENEs to make false, defamatory,

4  and/or harassing statements to single-handedly designed to

5  destroy a person's reputation and the reputation and

6  commercial viability of carefully built businesses.

7       32. The emotional trauma caused by the actions of the

8  Defendants was further demonstrated by what can only be

9  described as a concerted campaign of repeatedly posting

10 false, damaging and threatening statements on the Internet

11 directed at the Plaintiffs.  See ¶¶ 17 thru 20, *supra*.

12      33. In an attempt to resolve this behavior without the

13 necessity of judicial intervention, the Plaintiffs had

14 counsel send a Cease and Desist Letter to the Defendant E.

15 STIENE on July 29, 2022.  See Exhibit A.

16      34. In a further example of the Defendant's rank and

17 tortious behavior, and clear malicious intent to continue to

18 harm the Plaintiffs, the response of the Defendant was to

19 post the letter online, and ridicule it; with no actions taken

20 to comply with the letter.  This posted response alleged that

21 the Cease and Desist Letter was an attempt to "Intimidate

22 Witnesses", in ongoing litigation unrelated to this action:

"Was My C&D Letter From LaNasa TSR an Attempt to ID &
Intimidate Witnesses in the WotC Legal Action?"

See *https://www.youtube.com/watch?v=A6B-LmnEedwXX*, Aug. 30,
2022.

35.  In  further  attempts  to  harass,  intimidate,  and
threaten the named Plaintiffs, the Defendant E. STIENE has
made repeated, unsubstantiated, and uncorroborated statements
alleging some former position in law enforcement specifically
alleging the following:

"It was my job when I was an investigator in internal
affairs"
*See, e.g.*, **September 6, 2021:**

*https://www.youtube.com/watch?v=JKWf-tBI1Hg* @ 11:56.

36. As a direct and indirect result of the Defendants'
actions, the Plaintiffs both individually and collectively
have suffered damages in the form of litigation and trial
expenses, and loss of income, and damages as set forth herein.

**CAUSE OF ACTION FIRST**

**AS AGAINST DEFENDANTS — DEFAMATION & LIBEL *PER SE***

37.  Plaintiffs  repeat,  re-iterate,  and  incorporate
herein ¶¶ 1 through 36 as if set forth herein.

38. The above-stated defamatory and libelous statements,
as set forth in ¶ 22 described above, have had a devastating

1  and irreparable effect on the Plaintiffs personal and

2  professional reputations.

3      39. Furthermore, upon information and belief, said

4  defamatory statements have been repeated and re-posted by

5  third parties causing further and lasting harm to the named

6  Plaintiffs. See ¶ 44 *infra*.

7      40. The Defendant either published, or cause to be

8  published, numerous false and defamatory statements about the

9  Plaintiffs. These include claims of association and

10 sympathies with Nazis and white supremacists, anti-homosexual

11 conduct, failure to pay debts, and other statements as laid

12 out above.

13     41. Each of these aforesaid defamatory statements were

14 untrue and defamatory in that they falsely reported and

15 mischaracterized the Plaintiffs' character and actions, and

16 the Defendant knew, or should have known, that such statements

17 were false.

18     42. The Defendant published these false and defamatory

19 statements with malice.

20     43. The Defendant published these false and defamatory

21 statements with knowledge of their falsity and/or with a

22 reckless disregard for the truth or falsity of these state-

23 ments.

44. Without regard to the falsity and defamatory nature of these statements, among others, the Defendant (in an attempt to make the named Plaintiffs into some kind of public persona) allowed and encouraged other parties to re-publish these statements, causing further harm to the Plaintiffs. *See, e.g.,*

*https://youtu.be/KRDUFHbV8N4* (July 20, 2022)

*https://youtu.be/AKPn7fM1YwA* (July 20, 2022)

*https://youtu.be/wtlHA2O3GYs* (July 20, 2022)

*https://youtu.be/ibqG4AlcyNk* (July 25, 2022)

*https://youtu.be/rkPURc5cqTU* (July 21, 2022)

*https://youtu.be/OUjK132rx-Y* (July 27, 2022)

*https://youtu.be/KRDUFHbV8N4* (July 20, 2022)

*https://www.tiktok.com/@nightshade_386/video/712263332
1754037550?is_from_webapp=v1&item_id=71226333217540375
50*

45. The Defendant, among other things, as set forth above, accused the Plaintiff LANASA of "he's some kind of warrior for the old ways; you know racism, gay bashing, women in the kitchen"; "you included a Nazi in the company"; "you fucked over your prior business partners to get the TSR trademark". See ¶ 22 above. All of which the Defendant knew to be false.

46. The effect of these accusations has been to seriously and irrevocably harm not only Plaintiff LANASA, but also Plaintiffs TSR, and DUNGEON HOBBY.  See ¶ 75 *infra*.

47.  These aforesaid statements constitute defamation and/or libel *per se* because they falsely impugn the Plaintiffs' honesty, trustworthiness, dependability, and professional fitness and abilities, and falsely charged him with engaging in criminal conduct, fraud, dishonesty and/or other conduct that would tend to injure the Plaintiffs in their trade or business, and any trade, business, or profession which Plaintiffs may seek to pursue.

48. These aforesaid false and defamatory statements have caused the Plaintiff LANASA (as well as his family members) severe embarrassment, humiliation and emotional injury.

49. Upon information and belief, the Defendants have made, and continues to make or cause to be made, these and similarly false and defamatory statements about the Plaintiffs to third parties.

50. As a result of said defamation, the Plaintiff LANASA continues to suffer from severe humiliation, loss of standing in the community, loss of self-esteem, public disgrace, loss of standing and respect within his own family, and severe and extreme emotional distress.

51. The defamatory acts committed against the Plaintiffs by Defendant were intentional, willful, wanton, malicious and oppressive and were motivated, solely by a desire to permanently harm the name, reputation, and financial and business interests of the Plaintiffs without regard for the truth or the Plaintiffs' well-being and were based on a lack of concern and ill-will toward the Plaintiffs and/or a malicious, deliberate, and/or reckless disregard for their rights, for which the Plaintiffs are entitled to an award of punitive damages.

52. At all material times, Defendants defamed Plaintiff LANASA by — as stated above — making false statements which tended to expose Plaintiff to public contempt, ridicule, aversion or disgrace, and induced an evil opinion of him in the minds of right-thinking persons, and deprived him (and continues to deprive him) of their friendly intercourse in society.

53. The Plaintiff LANASA has suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish, and the statements were defamatory and libelous *per se*.

54. As a direct and proximate result of the aforesaid actions of the Defendant, inclusive of all the claims herein,

1  the Plaintiff LANASA and his family have been forced to seek

2  therapy and other professional health care assistance.

3      55. As a result of Defendants' conduct, the Plaintiffs

4  are entitled to compensatory (due to lost income, litigation

5  7 expenses, and other costs directly associated with and

6  attributable to Defendants' actions) and punitive damages, as

7  well as injunctive and Declaratory relief.

8      56. That as a result of the foregoing, Plaintiffs have

9  been damaged in a sum exceeding the jurisdictional limits of

10 all lower courts that would otherwise have jurisdiction over

11 this matter, in an amount of no less than $1,000,000.

12                    **CAUSE OF ACTION SECOND**

13         **AS AGAINST DEFENDANTS — SLANDER *PER SE***

14     57. Plaintiffs repeat, re-iterate, and incorporate

15 herein ¶¶ 1 through 56 as if set forth herein.

16     58. As set forth above, Defendant, on numerous

17 occasions, with full knowledge that said statements were

18 false and made with malice, did publish to third parties that

19 Plaintiff LANASA, among other things, that Plaintiff LANASA

20 was a "warrior for the old ways; you know racism, gay bashing,

21 women in the kitchen"; and "you included a Nazi in the

22 company".  See above, ¶ 22.

59. These aforesaid statements constitute defamation and/or libel *per se* because they falsely impugn the Plaintiffs' honesty, trustworthiness, dependability, and professional fitness and abilities, and falsely charged him with engaging in fraud, dishonesty and/or other conduct that would tend to injure the Plaintiffs in their trade or business, and any trade, business, or profession which Plaintiffs may seek to pursue.

60. These aforesaid false and defamatory statements have caused the Plaintiff LANASA (as well as his family members) severe embarrassment, humiliation and emotional injury.

61. Upon information and belief, the Defendant has made, and continues to make or cause to be made, these and similarly false and defamatory statements about the Plaintiffs to third parties.

62. As a result of said slander, the Plaintiff continues to suffer from severe humiliation, loss of standing in the community, loss of self-esteem, public disgrace, loss of standing and respect within his own family, and severe and extreme emotional distress.

63. The defamatory acts committed against the Plaintiffs by Defendant were intentional, willful, wanton, malicious and oppressive and were motivated, solely by a desire to

1   permanently harm the name, reputation, and financial and

2   business interests of the Plaintiffs without regard for the

3   truth or the Plaintiffs' well-being and were based on a lack

4   of concern and ill-will toward the Plaintiffs and/or a

5   malicious, deliberate, and/or reckless disregard for their

6   rights, for which the Plaintiffs are entitled to an award of

7   punitive damages.

8       64. At all material times, Defendants slandered

9   Plaintiff LANASA by — as stated above — making false

10  statements which tended to expose Plaintiffs to public

11  contempt, ridicule, aversion or disgrace, and induced an evil

12  opinion of him in the minds of right-thinking persons, and

13  deprived him (and continues to deprive him) of their friendly

14  intercourse in society.

15      65. The Plaintiff LANASA has suffered harm as a result

16  of the defamatory statements including, but not limited to,

17  reputational harm, emotional distress and mental anguish,

18  financial losses, and the statements were slanderous,

19  defamatory and libelous *per se*. *See, e.g.*, ¶¶ 24, 75.

20      66. As a result of Defendant's conduct, the Plaintiffs

21  are entitled to compensatory and punitive damages, as well as

22  injunctive and Declaratory relief.

1    67. That as a result of the foregoing, Plaintiffs have

2  been damaged in a sum exceeding the jurisdictional limits of

3  all lower courts that would otherwise have jurisdiction over

4  this matter, in an amount of no less than $1,000,000

5

## CAUSE OF ACTION THIRD

## AS AGAINST DEFENDANTS —

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff LANASA repeats, re-iterates, and incorporates herein ¶¶ 1 through 67 as if set forth herein.

69. The Defendants' conduct (as set forth herein) toward Plaintiff LANASA was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that Defendants' conduct caused severe emotional distress to Plaintiff LANASA and, third, that Defendants clearly acted with the desire to cause such distress to Plaintiff LANASA; under circumstances known to any reasonable person which made it substantially certain that the result would follow; and, furthermore, as laid out herein (*see, e.g.,* ¶ 60), acted recklessly and with utter disregard of the consequences that might follow, causing severe emotional distress to the named Plaintiff LANASA.

70. The Defendant also posted, online, in a continuing attempt to intimidate, harass, and threaten the Plaintiff, images of Plaintiff's wife and minor child. This posting lasted the entire length of the Youtube® video, for more than thirteen minutes. See ¶¶ 25 thru 27, *supra*.

**June 18, 2022:** *https://www.youtube.com/watch?v=hjOSwJd6ZXM*

71. The actions, as set forth above, were conducted by the Defendant for the sole and exclusive purpose of causing severe emotional distress; such actions of the Defendants, towards the Plaintiff were, and are, so shocking and outrageous that it exceeds all reasonable bounds of decency.

72. The Defendant's conduct toward Plaintiff, in posting not only the images of Plaintiff's spouse and minor female child, combined with threats of violence, and stating the Defendant knew where the Plaintiff resides (see ¶ 23), was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, secondly, the Defendants' conduct caused severe emotional distress to Plaintiff and, thirdly, that Defendant acted, solely and exclusively with the desire to cause such distress to Plaintiff, intentionally and recklessly and with utter disregard of the consequences that might follow.

73. For example:

**February 18, 2022:**
E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case"
01:51

1    *https://www.youtube.com/watch?v=hxsDOlDPkDc*

2    **March 17, 2022:**
3    *https://www.youtube.com/watch?v=pSbVzLby37w*          @
4    05:26.Posted a video in which he stated: "I already know
5    your address; I already know your fucking phone number;
6    I know your wife's phone number."
7
8    **February 18, 2022:**
9    E. STIENE, as a *prima facie* tort, threatening the
10   Plaintiff with physical violence:
11   "jackass comes to my house; I hope they like lead
12   because I have plenty to offer if that is the case"
13   01:51
14
15   *https://www.youtube.com/watch?v=hxsDOlDPkDc*

16       74. As a direct result of this outrageous conduct on

17   Defendants' part, Plaintiff has suffered serious and

18   continuous psychological trauma.  Plaintiff is in fear that

19   if he ever confronts the Defendant, E. STIENE, the Defendant

20   will, without cause or provocation, seek to harm him, his

21   wife, and his minor daughter.  By publicly posting images of

22   the Plaintiff's wife and minor daughter, and making no attempt

23   to conceal, obscure or otherwise blur his minor daughter, the

24   Plaintiff fears that that the Defendant, or one of the many

25   followers of his Youtube®, and other postings, will take it

26   upon themselves to harm his minor child.

27       75. Plaintiff has had creators, publishers, artists, and

28   customers turn away from Plaintiff LANASA, and Plaintiffs TSR

29   and DUNGEON HOBBY, stating that they are scared and angry,

vowing not to work with Plaintiff due to the false, fabricated statements made by Defendant E. STIENE, and his followers.

76. According to the posted Youtube® video, which remains available to this date, 473 individuals have viewed it, with multiple comments, some of which reference the minor child.

77. These actions caused severe and possibly irremediable emotional and psychological strain within Plaintiff LANASA's family by these attacks. A result of which, has been that the Plaintiff, and his family, have been compelled to seek outside counseling.

78. Plaintiff, and his family members, have had trouble sleeping, suffer from anxiety, and nervous-ness, and other trauma due to Defendant's outrageous, and intentional conduct.

79. Such outrageous conduct is further demon-strated by the fact that Defendant E. STIENE has encouraged others to distribute the subject con-tent, including the images of the Plaintiff's minor child, *viz.*,

> "You are free to:
> "Share — copy and redistribute the material in any medium or format
> "Adapt — remix, transform, and build upon the material for any purpose, even commercially."

80. The complete disregard for the harm to the Plaintiff and the outrageous posting of the Plaintiff's minor child is further demonstrated by the fact that the notice of this was made to the Defendant at the time of the filing of the original Complaint in September 2022.  See Complaint at ¶ 56. Yet, now, more than four months later, the Defendant has still not removed it, nor made any attempt to obscure or otherwise distort the image of Plaintiff's minor daughter.

81. As a result of Defendant's conduct, the Plaintiff is entitled to compensatory and punitive damages, as well as injunctive and Declaratory relief.

82. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000.

**CAUSE OF ACTION FOURTH**

**AS AGAINST DEFENDANTS —**

**PRIMA FACIE TORTIOUS CONDUCT**

83. Plaintiff LANASA repeats, re-iterates, and incorporates herein ¶¶ 1 through 82 as if set forth herein.

83. The Defendants committed prima facie tort, as against the Plaintiffs LASNASA, TSR and DUNGEON HOBBY with their (i) intentional infliction of harm; (ii) causing

1  special damages; (iii) without excuse or justification; (iv)

2  by an act or series of acts that would otherwise be lawful.

3      84. The Defendants, acting in an outrageous, malicious

4  and intentional manner, not only spread defamatory statements

5  harmful to both the Plaintiff LANASA, individually, but also

6  to the named Plaintiffs TSR and DUNGEON HOBBY, as harming

7  their trade.  See ¶¶ 24, 75.

8      85. The Plaintiff LANASA suffered emotional and

9  psychological trauma, as a result of these actions.  See ¶¶

10  77, 78 *supra*.

11      86. The Plaintiffs TSR and DUNGEON HOBBY suffered

12  serious trade and special damages and adverse actions due to

13  the subject postings of the Defendants (see ¶¶ 24, 75), along

14  with irremediable damage within the gaming community.

15      87. In addition, thereto, the postings have resulted in

16  Plaintiff LANASA expending assets for medical and other

17  support services such as counseling due to the posting of the

18  Plaintiff's minor daughter.

19      88. These damages were "special damages", in the sense

20  that they resulted in a direct pecuniary loss of income and

21  business. See ¶¶ 24, 75 *supra*.

22      88. The postings of the named Defendants were

23  unjustified and inexcusable, as they were solely prompted by

a malevolent desire to harm the Plaintiffs.  This is demon-
strated by the posting of a video containing the image of the
Plaintiff LANASA'a minor child, without authorization, and
resultant, to be expected, damage to the Plaintiff LANASA and
his family.  See ¶¶ 23 thru 27, *supra*.

89.  Such actions on Defendants' part constituted a
direct and knowing violation of New York Civil Rights L. §§
50, 51, and the Youtube® Terms of Service. See ¶ 27.

90.  The subject posting of the Plaintiff's minor child
caused further damage and harm to the Plaintiff as it is
recognized that child pornography sites often, through
morphing, and deep fake technology, sexualize innocent
photographs of minor children — a fact that is well-known to
the general public.

See "How innocent photos of children have been exploited
on Twitter," Nat'l Center on Sexual Exploitation (Feb. 2017).
*https://endsexualexploitation.org/articles/article-
innocent-photos-children-exploited-twitter/*

91.  Such postings would otherwise be lawful and
justified, in the absence of such outrageous conduct, and if
done with the requisite permission, that was never granted.

92. Such postings include, but are not limited to:

E. STIENE, as a *prima facie* tort, threatening the Plaintiff with physical violence:
"jackass comes to my house; I hope they like lead because I have plenty to offer if that is the case" 01:51

*https://www.youtube.com/watch?v=hxsDOlDPkDc*

**March 17, 2022:**
E. STEINE asserting Plaintiff LANASA of engaging in violent sexual conduct demonstrating actionable malice on Defendant E. STIENE's part:
"Mario77 [a name that the Defendant ascribed to Plaintiff LANASA], aka ignorant cunt, aka Justin I fuck ignorant cocks; we know this is Justin"  0:28

Accusing Plaintiff LANASA of doxing, searching for and publish private or identifying information about a particular individual on the internet, with malicious intent to harm the Plaintiff, as *prima facie* tort:
"You doxed me, you little shit."  03:09

E. STIENE making violent sexual misconduct state-ments as to the Plaintiff LANASA, as *prima facie* tort:
"my wife just told you that she would grow a cock so you could eat that cock" 09:31

*https://www.youtube.com/watch?v=pSbVzLby37w*

Defendant E. STIENE engaging in *prima facie* tort, posted a video in which he stated: "I already know your address; I already know your fucking phone number; I know your wife's phone number."

*https://www.youtube.com/watch?v=pSbVzLby37w* @ 05:26.

93. As a result of Defendant's conduct, the Plaintiff is entitled to compensatory and punitive damages, as well as injunctive and Declaratory relief.

94. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000.

WHEREFORE, Plaintiffs demand judgment against the Defendant, as follows:

    a. On the First Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

    b. On the Second Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

    c. On the Third Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

    d. On the Fourth Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, in an amount of no less than $1,000,000;

e. An Order from this Court permanently enjoining the Defendant from posting anything on any social media platform, private or public, making any statement or reference to the named Plaintiffs herein;

f. The issuance of a retraction of all defamatory, libelous and false claims;

g. Interest, costs, and disbursements of this action;

h. Punitive damages, in an amount to be determined at trial;

i. Both Pre-judgement and Post-Judgment Interest at the statutory rate;

j. For all legal fees and costs and disbursements of this Action; and

k. For such other further relief as this Court shall deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury on all issues. F.R.Civ.P. Rule 38.

Dated: January 16, 2024
        Somers, NY

*/s/ Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
LAW OFFICE OF
    BERNARD V. KLEINMAN, PLLC
108 Village Square

```
1                              Suite 313
2                              Somers, NY 10589
3                              Tel. (914) 644-6660
4                              Fax: (914) 694-1647
5                              Email:attrnylwyr@yahoo.com

6    To:
7         Daniel J. Schneider , Esq.
8         Robt. Lower, Esq.
9         Farber Schneider Ferrari LLP
10        261 Madison Avenue
11        26th Floor
12        New York , NY 10016
13        Attorneys for Defendants ERIK STIENE, RACHEL STIENE
14
15
16
17
18
19
```

<u>VERIFICATION</u>

STATE OF <u>North Carolina</u>
COUNTY OF <u>New Hanover</u>  }      s.s.:

I am JUSTIN LANASA, the named Plaintiff herein, and a principal in the named Plaintiffs TSR, LLC, and DUNGEON HOBBY SHOP MUSEUM, LLC:

I have read the foregoing Verified Complaint and know the contents thereof.   I know the same is true to my own knowledge, except as to matters based upon information and belief, and to those matters I believe them to be true.

_____
JUSTIN LANASA

_____     (on Behalf of Trustee in Bankruptcy)
TSR, LLC
By: Justin Lanasa

_____
DUNGEON HOBBY SHOP MUSEUM, LLC
By: Justin Lanasa

Sworn to Before Me
this <u>16</u> day of <u>January</u> 2024

_____
Notary Public
State of <u>North Carolina</u>

AMBER B VAUGHN
NOTARY
PUBLIC
My Comm. Exp.
10-12-2028
NEW HANOVER COUNTY NC